

FILED
7/28/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



**UNITED STATES DISTRICT COURT**  )
**FOR THE NORTHERN DISTRICT OF ILLINOIS**  )
**EASTERN DIVISION**  )

**CHARLES LECLERC,**  )  Case No. 1:26-cv-07715
)  Judge Sharon Johnson Coleman
**Plaintiff,**  )
**v.**  )
**RED BULL NORTH AMERICA, INC.;**  )
**OGLETREE, DEAKINS, NASH,**  )
**SMOAK & STEWART, P.C.;**  )
**KIM BROOKS; and**  )
**JUAN CASTANEDA,**  )
**Defendants.**  )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT

Plaintiff Charles Leclerc, proceeding pro se, respectfully opposes the Motion for Extension of Time filed by Defendants Red Bull North America, Inc., Kim Brooks, and Juan C. Castaneda (Dkt. 25). The motion should be denied because Defendants have not demonstrated good cause for any extension.

### 1. Counsel Was Not Recently Retained

The motion states that "counsel was recently retained to represent the Defendants in this matter." Dkt. 25 ¶ 4. That is not accurate.

Red Bull and Kim Brooks were informed of Plaintiff's intent to file this action no later than June 4, 2026—nearly two months ago. This Complaint was not a surprise. Greenberg Traurig appeared in the underlying JAMS arbitration on behalf of Red Bull no later than June 22, 2026—more than five weeks before the filing of this motion. On June 29, 2026, the firm sent Plaintiff an email to schedule a meet-and-confer.  On July 1, the firm sent Plaintiff a calendar invitation for that meet-and-confer held on July 10, 2026. At that meet-and-confer, counsel stated directly to Plaintiff that they had already accessed the Complaint from the Court's docket.

Because counsel downloaded the Complaint before formal service on July 10, 2026, counsel has actually possessed the Complaint for longer than the 21-day response period provided by the Federal Rules. Draft versions of the Complaint were also provided to Red Bull's counsel and Kim Brooks throughout June 2026.

Despite this extended period of awareness and access, the motion was not filed until July 28, 2026—the eighteenth day of the twenty-one-day response period, and just three days before the July 31 deadline. Counsel's delay in seeking relief, combined with the asserted grounds, does not demonstrate the diligence that good cause requires.

Counsel has been involved in this matter for over five weeks and has possessed the Complaint in some form for approximately a month—longer than the standard response period. This is not "recently retained."

## 2. Incomplete Review Is Not Good Cause

The motion states that counsel "has yet to receive and review the entire file or meet with their clients to discuss the full nature and extent of the case." Dkt. 25 ¶ 5.

The motion does not identify what materials remain unreviewed or what client meetings remain outstanding. It does not explain why these tasks could not be completed within the 21-day response period—a period during which counsel already possessed the Complaint. Three attorneys have entered appearances for Defendants: David J. Stein, Kara E. Angeletti, and Addison Schlatter. A party's failure to complete its own preparation is not good cause for an extension.

**3. An Associate's Vacation Is Not Good Cause**

The motion states that Ms. Schlatter has pre-planned travel from August 9 through August 21, 2026, which "further necessitat[es]" a thirty-day extension. Dkt. 25 ¶ 6.

Ms. Schlatter's travel is scheduled for August—after the current response deadlines of July 31 and August 3 have already passed. The motion does not explain why an associate's future vacation prevented counsel from preparing a response during the 21-day period provided by the Federal Rules. Two other attorneys—David J. Stein and Kara E. Angeletti—remain available. The temporary unavailability of one attorney does not constitute good cause for any extension.

**4. The Motion Is Noticed for Presentment After the Existing Deadlines**

The current response deadlines are July 31, 2026 for Red Bull and Castaneda, and August 3, 2026 for Brooks. Dkt. 25 ¶¶ 2-3. The motion is noticed for presentment on August 4, 2026—after both deadlines will have passed. Judge Coleman's motion procedures state that motions for extension of time "must be presented prior to the expiration of the deadline or demonstrate excusable neglect." The motion does not attempt to demonstrate excusable neglect. This provides an independent ground for denial.

**5. The Requested Extension Would Prejudice Plaintiff**

The motion asserts that the requested extension "will not cause undue delay and will not result in any prejudice to any of the parties involved." Dkt. 25 ¶ 9. That is incorrect.

Plaintiff is proceeding pro se. The requested extension would push Defendants' response deadline to September 2, 2026—after the joint status-report deadline and after the September 1, 2026 status hearing. Plaintiff would be forced to prepare a joint status report and appear at the initial status conference without knowing Defendants' position on the pleadings. The parties cannot meaningfully confer about the posture of the case when Defendants have not yet responded to the Complaint.

The prejudice is not speculative. The underlying JAMS arbitration, referenced throughout the Complaint, has been pending for over two years. Throughout that proceeding, Defendant Red Bull has repeatedly delayed the proceedings through extensions, missed deadlines, willful contempt, and deferred discovery obligations. Critical discovery remains outstanding after more than a year and a half in that proceeding which is extremely unusual, unfair, and unreasonable. Plaintiff respectfully submits that this pattern of delay should not be imported into this federal action at its inception.

**CONCLUSION**

Defendants have not demonstrated good cause for an extension. Counsel has been involved in this matter for over five weeks, possessed the Complaint for longer than the 21-day response period, and has two attorneys available. The motion was filed on the eighteenth day of the response period and is noticed for presentment after the existing deadlines without any showing of excusable neglect. The motion should be denied.

Dated: July 29, 2026

Respectfully submitted,

/s/ Charles Leclerc

Charles Leclerc

Plaintiff, Pro Se

400 W. Ontario St., #603

Chicago, IL 60654

(612) 600-4044

charles_leclerc@outlook.com


**EXHIBIT A: Email string for "Notice of Intent to File Civil Fraud Action" starting June 4, 2026**

**EXHIBIT B: Greenberg Traurig's first appearance in the controversy on June 22, 2026**

**EXHIBIT C: Meet-and-confer Arrangement and Federal Action Representation Inquiry for Kim Brooks Post meet-and-confer on July 10, 2026**

**EXHIBIT D: July 1, 2026 calendar invitation from Greenberg Traurig for July 10, 2026 meet-and-confer**

**EXHIBIT E: Email string following-up on July 10, 2026 Kim Brooks Federal Action Representation Inquiry and Extension Request Email Exchange**

# EXHIBIT A

 **Outlook**

## Re: URGENT: Notice of Intent to File Civil Fraud Action

**From** Robert Essertier <essertier@verticalpowersystems.com>

**Date** Fri 6/26/2026 2:09 AM

**To** michelle.chung@redbull.com <michelle.chung@redbull.com>

**Cc** kim.brooks@redbull.com <kim.brooks@redbull.com>; Charles Leclerc <charles_leclerc@outlook.com>

📎 1 attachment (529 KB)
COURT DRAFT 6.26.26 v5.pdf;

Dear Ms. Chung,

We have made more substantial changes, and once again offer this complaint as a preview of what we will be filing on or about July 1.

And as usual Charles and I remain open to discussing a global resolution before that date.

Sincerely,

Robert Essertier

On 6/24/26 05:39, Robert Essertier wrote:

> Re: Advance Notice of Intent to File Civil Fraud Action – Leclerc Arbitration
>
> Dear Ms. Chung,
>
> We have substantially updated our Federal Complaint, and offer you as a courtesy what we intend to file on or about July 1.
> It is attached herein.
>
> I remain open to discussing a global resolution before that date.
>
> Sincerely,
>
> Robert Essertier

On 6/22/26 00:31, Robert Essertier wrote:

Re: Advance Notice of Intent to File Civil Fraud Action – Leclerc Arbitration

Dear Ms. Chung,

We have substantially updated our Federal Complaint, and offer you what we intend to file on July 1.


This is a courtesy update regarding our prospective civil fraud action in the United States District Court for the Northern District of Illinois.

The complaint has been substantially revised since my last correspondence. The revised version is attached. We wanted to give you an opportunity to review it before the filing.

The complaint will be filed on or about July 1, 2026, as previously stated.

I remain open to discussing a global resolution before that date.

Sincerely,

Robert Essertier

----------------------------------------------------------------------------------------
----------------------------------------

On 6/4/26 16:51, Robert Essertier wrote:

Robert Essertier

3424 Knoll Dr

Twentynine Palms, CA 92277

essertier@verticalpowersystems.com

June 4, 2026


VIA EMAIL


Michelle Chung

Employment Counsel

Red Bull North America, Inc.

michelle.chung@redbull.com

Re: Advance Notice of Intent to File Civil Fraud Action – Leclerc Arbitration

**Dear Ms. Chung:**

It was meaningful that you attended the May 12, 2026 Zoom hearing in the Leclerc arbitration. You saw firsthand the state of the proceeding. We had asked five times through JAMS what the purpose of the hearing would be. Your outside counsel was similarly uncertain. The arbitrator himself appeared not to know. What should have been a routine discovery conference instead became a session in which a material false statement was made on the record—a statement we have since proven false with facts that are now incontestably part of the record.

We are writing to give Red Bull advance notice of our intention to file a new civil complaint in the United States District Court for the Northern District of Illinois, Eastern Division, on or about July 1, 2026. A draft of that complaint is enclosed. This is not a threat. It is a professional courtesy, and a genuine opportunity for Red Bull to avert a serious escalation of this dispute.

## The Core Allegations

The enclosed complaint details a coordinated scheme to defraud the JAMS arbitral tribunal. In September 2025, Red Bull—through its then Senior Legal Counsel, Kim Brooks, and through Ogletree Deakins—submitted a document it claimed was the genuine Castaneda Engagement Agreement. It was not. It was a static PDF lacking the embedded digital certificate, tamper-evident cryptographic seal, and metadata that a genuine Adobe Sign certified package would contain. We challenged the document immediately and demanded authentication via direct transmission from Adobe Sign. That request was denied by the arbitrator.

At the May 12 hearing, Jeffrey Rudd—the partner at Ogletree Deakins representing Red Bull—stated on the record that Red Bull was "not even in possession of the Adobe records" and that the records were likely with the outside law firm. That statement was false. We proved its falsity with the following facts, now part of the arbitration record:

- Red Bull itself produced the Adobe Sign final audit report for the very agreement. The audit report is a component of the certified package. One cannot possess part of the package and claim the whole is inaccessible.

- Adobe Sign's standard and invariable practice is to email the complete certified package to all signers upon execution. Kim Brooks and Juan Castaneda both received it.

- Federal regulations (29 CFR § 1602.14) required Red Bull to preserve this record as part of the ongoing discrimination charge.

- Even if the email were deleted, the package remains instantly retrievable directly from Adobe Sign by any signer, at no cost.

- The Engagement Agreement itself, as submitted by Red Bull, contains a clause requiring both parties to retain the agreement and all related records for at least seven years. Red Bull and Castaneda contractually promised to keep this document. Their own contract makes any claim of inability to retrieve it wholly incredible.

A materially false statement to a tribunal, provable from the record, is fraud on the tribunal. The facts compel that conclusion.

## The Fraud Is Compounded by a Fundamental Contradiction

In its July 22, 2022 letter responding to Leclerc's cease-and-desist, Red Bull—through then-counsel Jared Slater, with Brooks' approval—expressly stated that Castaneda was hired to conduct a "neutral investigation." A neutral investigation does not generate privilege over the underlying facts. Yet the static PDF Red Bull later submitted describes the engagement as creating a confidential, privileged relationship, shielding everything from discovery. The two positions cannot be reconciled. Moreover, under the sword-and-shield doctrine, a party that affirmatively uses an investigation to justify its actions waives any privilege over the materials. Red Bull has used the investigation as a sword—in the Slater letter, in the IDES unemployment hearings under oath— while simultaneously wielding privilege as a shield. That is legally impermissible and is powerful evidence of pretext.

## Red Bull Strategy: Substitute Witness Testimony for Contemporaneous Evidence

At the May 12 hearing, Mr. Rudd also stated on the record that Respondent intends to rely on witness testimony rather than produce the underlying investigation materials. He argued that "witnesses can testify to events" and that the materials related to the investigation are unnecessary. This is the core of Respondent's strategy: avoid producing the investigation file and substitute the recollections of interested witnesses for the contemporaneous evidence.

Under the McDonnell Douglas burden-shifting framework that governs this case, once an employee establishes a prima facie case of discrimination, the employer must articulate a legitimate,

non-discriminatory reason for termination. The employee must then be given a fair opportunity to prove that the stated reason is pretext. Respondent has identified the investigation as its stated reason. Yet Respondent is shielding the investigation materials and seeking to prove its case through witness testimony alone. That is not a fair opportunity to prove pretext. It is a structural denial of due process. Witness testimony years after the fact cannot substitute for the contemporaneous notes and findings that were allegedly relied upon at the time of termination. This is precisely the kind of procedural unfairness the Federal Arbitration Act prohibits.

## The Certification Trap

The arbitrator has not required the genuine certified package to be produced. Instead, he ordered that someone "with knowledge" certify the static PDF's authenticity. The only persons with that knowledge are Kim Brooks and Juan Castaneda—the very individuals bound by the seven-year retention clause in the contract they signed. They cannot truthfully certify the document without comparing it to the Adobe Sign package they each received (and were obligated to keep). If they access the package to compare, they reveal that the package was available all along, proving the falsity of Mr. Rudd's statement. If they sign without comparing, they engage in perjury. If they refuse, Red Bull cannot comply with the order.

Certifying a four-year-old document from memory alone is legally impossible. Under Federal Rule of Evidence 602, a witness may testify to a matter only if there is evidence sufficient to support a finding that the witness has personal knowledge of it. Personal knowledge requires a present recollection, derived from the witness's own senses, of the specific facts at issue. A human being cannot, four years after the fact, accurately recall the exact wording, date, signatures, and metadata of a document they signed. Memory is not a recording; it degrades, reconstructs, and is highly vulnerable to suggestion. No court would accept a sworn certification of authenticity based solely on a person's distant, unverified recollection of a document's contents. Yet that is precisely what the arbitrator's order would require if Brooks or Castaneda were to sign without comparing the static PDF to the genuine package. The only way to certify the document truthfully is to compare it against the original—the Adobe Sign certified package. Because Respondent has claimed it cannot retrieve that package—a statement now proven false—the certification order cannot be complied with by any honest person with actual knowledge. It is an inescapable trap.

## This Fraud Opens the Door to Claims Outside MAA

The fraud on the tribunal is not merely an issue for appeal. It is an independent tort. The Mutual Arbitration Agreement covers claims arising out of Leclerc's employment and termination. It does not cover fraudulent conduct committed by Red Bull, its counsel, and its agents during the arbitration itself—years after his employment ended. That conduct is a new wrong, giving rise to

new claims that are beyond the reach of the arbitration agreement.

This separate civil fraud action allows us to pursue those claims in federal court, where we will have access to the full range of discovery tools—including third-party subpoenas to Adobe, depositions of Kim Brooks, Juan Castaneda, and the attorneys at Ogletree Deakins, and a public trial before a jury. For the first time, the secrecy and procedural obstruction that have shielded Red Bull's defense in the arbitration will be stripped away. The truth about the Castaneda engagement, the investigation, and the document Red Bull submitted will be exposed in open court. The civil suit is the mechanism by which we will blow the lid off the secrecy that has corrupted this process.

## Robert Essertier's Distinct Injury

The civil fraud complaint also names Robert Essertier as a co-plaintiff. Mr. Essertier has served as a non-lawyer representative throughout the arbitration. He attended the May 12 hearing and heard the false statement firsthand. He took contemporaneous notes to preserve the record. He has a written agreement with Leclerc entitling him to a share of any recovery obtained in the arbitration. The fraud on the tribunal directly harmed his financial expectancy and wasted the substantial time and effort he invested in reliance on a fair process. His inclusion as a plaintiff underscores the seriousness of the allegations and the breadth of the harm caused by Defendants' misconduct.

## Risks to Red Bull if the Arbitration Continues on Its Current Path

The arbitration is now irretrievably compromised. Every additional ruling that depends on the fraudulent document deepens the record for vacatur under the Federal Arbitration Act. A federal judge reviewing the transcript, the false statement, and the denial of authentication will almost certainly conclude that the award was procured by fraud or that the arbitrator engaged in misconduct by refusing to hear material evidence. Vacatur would not end the matter; it would simply restart it, after years of additional expense, but in federal court this time.

Meanwhile, the enclosed civil fraud lawsuit would proceed independently. That lawsuit is not subject to the arbitration agreement—it concerns torts committed during the arbitration, not the employment relationship—and would name as defendants Red Bull, Ogletree Deakins, Jeffrey Rudd, Amy Cortez, Kim Brooks, and Juan Castaneda. The complaint seeks compensatory and punitive damages, a declaration of fraud on the tribunal, and injunctive relief compelling production of the genuine Adobe Sign package. Discovery in that action would include subpoenas to Adobe, depositions of Brooks and Castaneda, and the full scrutiny of the federal courts. The reputational and financial exposure to Red Bull and to its current and former counsel would be profound.

## Confidentiality

Red Bull requested an extensive confidentiality order, and in fact it was Red Bull itself that wrote the order establishing confidentiality, not the arbitrator. We rejected that order as something the MAA did not require, and as such was expanding the MAA beyond the agreement. Nonetheless, Griffin ordered Red Bull's version verbatim. We objected, said repeatedly that the order was unenforceable and ultra vires.

This new case would have no such confidentiality, and be exposed to public scrutiny.

## The Opportunity to Resolve

None of this is inevitable. We remain willing to discuss a global resolution of both the arbitration and the civil fraud claims. If Red Bull wishes to explore that path, We are open to a settlement framework that reflects the substantial liability and risk the company now faces. If we do not hear from you or another authorized representative on or about July 1, 2026, we will proceed with filing the complaint as planned.

We hope you will share this letter and the enclosed draft complaint with the appropriate decision-makers within Red Bull. The evidence is clear. The risks are real. The window for a private resolution is closing.

Sincerely,

Robert Essertier

Representative for Leclerc and prospective co-plaintiff

# EXHIBIT B

 Outlook

---

## Leclerc v. Red Bull North America, Inc. - JAMS Ref. No. 5340001145

---

**From** Jessica.Kavanaugh@gtlaw.com <Jessica.Kavanaugh@gtlaw.com>

**Date** Mon 6/22/2026 4:11 PM

**To** nerese@jamsadr.com <nerese@jamsadr.com>

**Cc** David.Stein@gtlaw.com <David.Stein@gtlaw.com>; Addison.Schlatter@gtlaw.com
<Addison.Schlatter@gtlaw.com>; Jeffrey.Rudd@ogletree.com <Jeffrey.Rudd@ogletree.com>;
Amy.Cortez@ogletree.com <Amy.Cortez@ogletree.com>; charles_leclerc@outlook.com
<charles_leclerc@outlook.com>; Jessica.Kavanaugh@gtlaw.com <Jessica.Kavanaugh@gtlaw.com>;
Monica.Rivera@gtlaw.com <Monica.Rivera@gtlaw.com>

Hello Natasha,

Greenberg Traurig will be representing Respondent, Red Bull North America, Inc., in the *Leclerc* matter going
forward. The contact information for the attorneys on the matter is below.

- David Stein – <u>David.Stein@gtlaw.com</u>
- Addison Schlatter - <u>Addison.Schlatter@gtlaw.com</u>

Thank you,
Jessica

**Jessica Kavanaugh**, ILAP
Paralegal

Greenberg Traurig, LLP
360 North Green Street | Suite 1300 | Chicago, IL 60607
T <u>+1 312.236.4759</u>
<u>jessica.kavanaugh@gtlaw.com</u> | <u>www.gtlaw.com</u>



---

If you are not an intended recipient of confidential and privileged information in this email, please
delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the
information.

# EXHIBIT C

 Outlook

---

## Re: Leclerc v. Red Bull JAMS Ref No. 5340001145 - Meet and Confer

---

**From** Charles Leclerc <charles_leclerc@outlook.com>

**Date** Fri 7/10/2026 12:15 PM

**To** Addison.Schlatter@gtlaw.com <Addison.Schlatter@gtlaw.com>; essertier@verticalpowersystems.com <essertier@verticalpowersystems.com>

**Cc** David.Stein@gtlaw.com <David.Stein@gtlaw.com>

Hi Addison and David,

Concerning the complaint filed July 1st, 2026, you had mentioned that you will be appearing for Red Bull in that case as well, but will you also be representing defendant Kim Brooks?

Best,

Charles Leclerc
+1 (612) 600-4044

---

**From:** Addison.Schlatter@gtlaw.com <Addison.Schlatter@gtlaw.com>
**Sent:** Wednesday, July 1, 2026 1:17 PM
**To:** essertier@verticalpowersystems.com <essertier@verticalpowersystems.com>
**Cc:** charles_leclerc@outlook.com <charles_leclerc@outlook.com>; David.Stein@gtlaw.com <David.Stein@gtlaw.com>
**Subject:** RE: Leclerc v. Red Bull JAMS Ref No. 5340001145 - Meet and Confer

Hi Robert,

Thanks for getting back to us. Friday the 10th from 11-12:30 CT works, I will circulate a calendar invitation to the group.

Thank you,

**Addison Schlatter**
Associate

Greenberg Traurig, LLP
360 North Green Street | 1300 | Chicago, IL 60607
T +1 312.236.4325
Addison.Schlatter@gtlaw.com | www.gtlaw.com | View GT Biography

**GT** GreenbergTraurig

---

**From:** Robert Essertier <essertier@verticalpowersystems.com>
**Sent:** Wednesday, July 1, 2026 12:11 AM
**To:** Schlatter, Addison (Assoc-CHI-Labor-EmpLaw) <Addison.Schlatter@gtlaw.com>

Case: 1:26-cv-07715 Document #: 29 Filed: 07/28/26 Page 18 of 23 PageID #:196

**Cc:** Charles Leclerc <charles_leclerc@outlook.com>
**Subject:** Re: Leclerc v. Red Bull JAMS Ref No. 5340001145 - Meet and Confer

**\*EXTERNAL TO GT\***

Addison,
Charles has a job, and will be busy all of July 6 week, except Friday.  How about 11:00->12:30 CT (9:00->10:30 Pacific for me) Friday, July 10?
Robert Essertier

---------------------------------------------------------------------------------------------------

On 6/29/26 06:53, Addison.Schlatter@gtlaw.com wrote:

Mr. Leclerc and Mr. Essetier,

As you likely saw last week, our firm substituted as counsel of record for Red Bull in the above referenced arbitration. Pursuant to Judge Griffin's Order No. 35, we believe the parties are obligated to meet and confer regarding their outstanding discovery disputes in this matter. Please let us know your availability the week of July 6 and we can coordinate a mutually agreeable time to discuss.

Thank you,

**Addison Schlatter**
Associate

Greenberg Traurig, LLP
360 North Green Street | 1300 | Chicago, IL 60607
T +1 312.236.4325
Addison.Schlatter@gtlaw.com | www.gtlaw.com | View GT Biography



---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# EXHIBIT D

 Outlook

---

## Accepted: Leclerc v. Red Bull - Meet and Confer

---

| | |
|---|---|
| **Organizer** | Addison.Schlatter@gtlaw.com <Addison.Schlatter@gtlaw.com> |
| **Meeting time** | This event occurred 2 weeks ago (Fri 7/10/2026 11:00 AM - 12:30 PM) |
| **Location** | https://gtlaw.zoom.us/j/99337397047?pwd=E9uCEh9Tua6t66WtCbnuoabyAljjgm.1 |
| **My response** | Not yet responded |
| **Required attendees** | Addison.Schlatter@gtlaw.com, David.Stein@gtlaw.com, essertier@verticalpowersystems.com, charles_leclerc@outlook.com |
| **Message sent** | Wed 7/1/2026 4:13 PM |

---

# EXHIBIT E

 Outlook

---

## Re: Leclerc v. Red Bull - Case No. 1:26-cv-07715

---

**From** Charles Leclerc <charles_leclerc@outlook.com>

**Date** Thu 7/23/2026 10:11 AM

**To** Addison.Schlatter@gtlaw.com <Addison.Schlatter@gtlaw.com>

**Cc** David.Stein@gtlaw.com <David.Stein@gtlaw.com>; angelettik@gtlaw.com <angelettik@gtlaw.com>; Monica.Rivera@gtlaw.com <Monica.Rivera@gtlaw.com>

**Bcc** Robert Essertier <essertier@verticalpowersystems.com>

Addison,

Thank you for informing me of Greenberg Traurig's intended representation and extension request. Please note the following:

**Representation**
I note your firm's intent to represent Red Bull North America, Inc., Kim Brooks, and Juan Castaneda. I understand Ogletree Deakins will have separate counsel. Please ensure all notices of appearance are filed promptly.

**Extension Request**
I object to the requested extension to September 2, 2026 for the following reasons:

1. No good cause exists. The lead attorney on this matter, David Stein, is available. Greenberg Traurig has ample resources to meet the existing deadlines. An associate's scheduled vacation does not constitute good cause to delay the entire case.

2. This matter is not new to your firm or your client(s). Draft versions of the complaint were provided to Red Bull's counsel and Ms. Brooks throughout June 2026, prior to filing. Greenberg Traurig appeared in the controversy on June 22, 2026, attended a meet-and-confer on July 10, 2026 and admitted to have downloaded the complaint, just hours before on the same day Red Bull, Ogletree Deakins, and Mr. Castaneda were served. Defendant(s) and your firm have now had the complaint in its possession—in draft or filed form—for at least approximately a month. This is not a surprise requiring additional time.

3. The requested extension would override the Court's schedule. A joint status report is due on or before August 29, 2026. An in-person hearing is scheduled for September 1, 2026. Extending the responsive pleading deadline to September 2 would render both the status report and the hearing effectively meaningless, as no response would be filed and the parties' positions would not be joined. The Court scheduled this hearing for a reason, and the parties should respect that schedule. Red Bull throughout this controversy has been notorious at not meeting assigned deadlines despite its ample resources. I have never missed a deadline, nor have I ever asked for an extension. There is no good cause, and there have never been any beforehand either.

4. The existing deadlines already provided 21 days. That is the standard period under Rule 12(a). Your firm has had the complaint in some form for well over that period already.

For these reasons, I object to the extension as requested. The defendants should respond by their current deadlines: July 31, 2026 for Red Bull North America, Inc., Ogletree Deakins, and Juan Castaneda, and August 2 or 3, 2026 for Kim Brooks.

I am prepared to proceed and look forward to the status report and hearing as scheduled.

Sincerely,

Charles Leclerc
Plaintiff, Pro Se

---

**From:** Addison.Schlatter@gtlaw.com <Addison.Schlatter@gtlaw.com>
**Sent:** Thursday, July 23, 2026 9:28 AM
**To:** charles_leclerc@outlook.com <charles_leclerc@outlook.com>
**Cc:** David.Stein@gtlaw.com <David.Stein@gtlaw.com>; angelettik@gtlaw.com <angelettik@gtlaw.com>; Monica.Rivera@gtlaw.com <Monica.Rivera@gtlaw.com>
**Subject:** Leclerc v. Red Bull - Case No. 1:26-cv-07715

Hi Charles,

I'm following up on your previous inquiry regarding the scope of our representation in the Leclerc v. Red Bull federal case. We anticipate representing RBNA, Kim Brooks, and Juan Castaneda. We'll be filing our appearances shortly.

As I mentioned previously, I am leaving for my honeymoon in early August and will be out until the 21st. Due to my travel and the overlapping responsive pleading deadlines in this case, we intend to seek a routine extension of time to and through September 2, 2026 to respond to the complaint. This is 30 days after Kim Brook's responsive pleading deadline of August 3, 2026, and will align the responsive pleading deadlines of the three defendants we intend to represent.

Please let us know your position on the extension so that we can note it in our motion.

Thank you,

**Addison Schlatter**
Associate

Greenberg Traurig, LLP
360 North Green Street | 1300 | Chicago, IL 60607
T +1 312.236.4325
Addison.Schlatter@gtlaw.com | www.gtlaw.com | View GT Biography



---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.