**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LECLERC<br>Plaintiff,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.,<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.;<br>KIM BROOKS, individually; and<br>JUAN C. CASTANEDA, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>1:26-cv-07715<br><br>Hon. Sharon Johnson Coleman<br><br>Magistrate Hon. Karyn L. Bass Ehler |

**DEFENDANTS KIM BROOKS AND JUAN C. CASTAÑEDA'S MOTION TO DISMISS**

Defendants, Kim Brooks ("Brooks") and Juan C. Castañeda ("Castañeda") (collectively, the "Individual Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6), submit this Motion to Dismiss Plaintiff Charles Leclerc's ("Plaintiff") Complaint (the "Complaint"). In support, the Individual Defendants state:

1. Following an investigation into Plaintiff's misconduct, Plaintiff's employer Red Bull North America, Inc. ("Red Bull") terminated Plaintiff's employment, which prompted Plaintiff to initiate arbitration against Red Bull in line with a binding arbitration agreement with his former employer.

2. Nearly two years later, after receiving certain arbitration rulings he deemed unfavorable, Plaintiff initiated this case. Plaintiff alleges four claims – fraud, civil conspiracy, negligent spoliation of evidence, and intentional infliction of emotional distress ("IIED") – against the Individual Defendants, as well as Red Bull and its former counsel in the arbitration.

3. All of his claims are based on Plaintiff's perceived belief that his termination (the subject of the pending arbitration) was pretextual. And none of his claims against the Individual

Defendants can survive this Motion. Plaintiff cannot avoid his own arbitration obligations or interlocutory orders from the arbitrator, both due to procedural limitations and substantive pleading deficiencies.

4. As a preliminary matter, this Court lacks personal jurisdiction over both of the Individual Defendants. There is no basis for general personal jurisdiction over these California residents. Nor does the Complaint contain facts to support specific personal jurisdiction. Indeed, it could not—neither Individual Defendant has continuous and systematic contacts with Illinois or purposefully directed any activities at issue in the litigation at Illinois. Both individuals are residents of California, perform their jobs from California, and have visited Illinois only for infrequent, unrelated, and isolated trips. Even so, all of the allegations in the Complaint relate directly to actions the Individual Defendants made exclusively in their capacities as fiduciaries of Red Bull, shielding them from personal jurisdiction in Illinois. *See Benda v. Per-Se Techs., Inc.*, No. 04-C-952, 2004 WL 1375361, at *2 (N.D. Ill. Jun. 16, 2004).

5. In any event, Plaintiff's fraud, conspiracy, and IIED claims are preempted by the Illinois Human Rights Act. Each of these claims "are 'inextricably linked' to a civil rights violation within the meaning of the statute" because they are based on Plaintiff's belief that his termination was pretextual. *See Ulatowski v. John Sterling Corp.*, No. 03-C-8847, 2004 WL 1385829, at *5 (N.D. Ill. Jun. 16, 2004) (quoting *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000)).

6. In addition, the Complaint is nothing more than an improper attempt to challenge the arbitrator's authority on procedural and merits issues squarely within the scope of the still-pending arbitration. The Court cannot review an arbitrator's ruling until a final decision has been entered on the merits. *See Corinthian Coll., Inc. v. McCague*, No. 09-C-4899, 2010 WL 918074, at *1-3 (N.D. Ill. Mar. 4, 2010). Plaintiff cannot recast his underlying employment claims in tort

to escape the contractual requirement that the arbitrator must decide whether Plaintiff's termination was, in fact, pretextual. *See Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 643 (7th Cir. 1993). This Court should reject Plaintiff's request that this Court intervene in arbitration discovery disputes and key legal and factual issues that underpin Plaintiff's arbitration claims.

7. Plaintiff also lacks standing to bring his claims against Red Bull. Because the arbitrator controls the decisions that Plaintiff now challenges, Plaintiff cannot fairly trace his injuries to the Individual Defendants, who are not parties to the arbitration and cannot be held responsible for any decisions made in the arbitration. Nor do they have control over the arbitrator's rulings. Likewise, this Court cannot redress Plaintiff's harm because the arbitrator controls the discovery rulings and serves as the factfinder on whether Plaintiff's termination was pretextual. *See Zapata v. C3T, Inc.*, No. 13-CV-600-JPS, 2013 WL 5786579, at *3 (E.D. Wis. Oct. 28, 2013).,

8. Even if Plaintiff could overcome all of these hurdles, his claims are still precluded by the absolute litigation privilege, which extends to both in-house counsel and outside counsel. Plaintiff's claims against the Individual Defendants all relate directly to their respective attorney roles to support Red Bull in either potential litigation associated with an employment termination or the currently pending arbitration. The entire Complaint falls squarely within the absolute litigation privilege, which protects all conduct performed in the practice of law before, during, and after quasi-judicial proceedings, like arbitration. *See Creative Supply, Inc. v. Hahn*, 608 F. Supp. 3d 668, 697 (N.D. Ill. Jun. 24, 2022); *see also Atkinson v. Affronti*, 369 Ill. App. 3d 828, 832, 861 N.E.2d 251, 255 (Ill. App. Ct. 2006).

9. Finally, Plaintiff fails to plead a single cause of action. Plaintiff's fraud claim fails because he does not allege a single statement or omission made by either Individual Defendant on

which he relied to his detriment. Nor has he pled a single category of damages on which he can actually recover. *See Chow v. Aegis Mortg. Corp.*, 185 F. Supp. 2d 914, 917-19 (N.D. Ill. 2002); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021).

10. Plaintiff also cannot prop up his conspiracy claim on conclusory allegations regarding the Individual Defendants' engagement in a "fraudulent scheme," especially where Plaintiff does not allege facts to support an agreement between either Individual Defendant and any other third party or a single tortious act taken by the Individual Defendants in furtherance of the so-called conspiracy. *Wilson v. City of Chi*, No. 13-L-10790, 2014 Ill. Cir. LEXIS 4223, at *4-5.

11. Further, Plaintiff fails to plead negligent spoliation claim. Out of the gate, Plaintiff does not even allege that the document at the heart of this claim was lost or destroyed. Instead, he affirmatively asserts that it still exists and is merely being withheld. Even if Plaintiff had alleged spoliation, he does not allege that the Individual Defendants had a duty to preserve the version of the document that he seeks, that it was foreseeable this version would be relevant to the arbitration at the time it was created, or that it is critical to proving his arbitration claims (indeed, because on all fronts, the answer is no). *See Castillo v. Bd. of Educ. of City of Chicago*, 2018 IL App (1st) 171053, ¶¶ 27-28, 103 N.E.3d 596, 602 (Ill. App. Ct. 2018); *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1089 (N.D. Ill. 2015).

12. Plaintiff also does not plead extreme and outrageous conduct, dooming his IIED claim. The standard for these claims is high, and the Complaint misses the mark. Plaintiff's allegations as to the Individual Defendants relates only to actions that each took in the scope of their respective roles supporting Red Bull as counsel. An agent performing standard functions

within the course of their job for a principal is not conduct qualifying an IIED claim. *See Curran v. JP Morgan Chase, N.A.*, 633 F. Supp. 2d 639, 643 (N.D. Ill. 2009).

13. Plaintiff's Complaint is nothing more than a second bite at claims related to his termination, and an improper attempt to challenge the discovery rulings from a still-pending arbitration. Even if the basis for this suit were proper, Plaintiff fails to adequately plead a single claim. The Complaint should be dismissed.

WHEREFORE, Defendants Kim Brooks and Juan Castañeda respectfully request this Court grant their Motion to Dismiss, dismiss the Complaint with prejudice, and grant any other relief this Court deems equitable and proper.

Dated: August 31, 2026

Respectfully submitted,

**KIM BROOKS AND JUAN C. CASTAÑEDA**

*/s/ David J. Stein*

David J. Stein (6307086)
Kara E. Angeletti (6329388)
Addison Schlatter (6348632)
GREENBERG TRAURIG, LLP
360 North Green, Suite 1300
Chicago, Illinois 60607
T: (312) 456-1003
F: (312) 456-8435
David.Stein@gtlaw.com
Angelettik@gtlaw.com
Addison.Schlatter@gtlaw.com

*Attorneys for Defendants Kim Brooks & Juan C. Castañeda*

## CERTIFICATE OF SERVICE

I, David J. Stein, hereby certify that on August 31, 2026, a true and correct copy of **DEFENDANTS KIM BROOKS AND JUAN C. CASTAÑEDA'S MOTION TO DISMISS** was served electronically on all counsel through the Court's ECF system. record.

*/s/ David J. Stein*