# EXHIBIT 1

# MUTUAL AGREEMENT TO ARBITRATE

The undersigned employee (or, if unsigned, the employee who receives this Agreement and reports to work and/or continues his or her employment after the Effective Date) ("Employee") and Red Bull North America, Inc., on behalf of itself and all of its parents, affiliates and subsidiaries ("Company"), hereby enter into this Mutual Agreement to Arbitrate ("Agreement").

In recognition of the fact that differences may arise between Employee and Company arising out of or relating to certain aspects of Employee's employment or the termination of that relationship, and in exchange for the mutual obligations contained within this Agreement, which constitute valuable consideration for the Agreement, Employee and Company have entered into this Agreement.

1. **Claims Subject to Arbitration.** Except as expressly set forth in this Agreement, both Company and Employee mutually agree to resolve by final and binding arbitration any and all disputes, claims or controversies of any kind or nature, including but not limited to such matters arising from, related to or in connection with Employee seeking employment with Company, Employee's employment by Company and/or the termination of Employee's employment with Company that either Employee may have against Company and/or the past and present employees, independent contractors, owners, managers, agents, officers, directors, board members, shareholders, assigns, benefit plans and sponsors, fiduciaries, alleged joint employers, administrators, or insurers of Company and/or Company's predecessor and/or successor companies, or that Company may have against Employee (collectively, "Claims"). The Claims subject to arbitration include, without limitation, (a) any Claims by Employee arising from, related to or in connection with: (i) any federal, state or local law or regulation prohibiting discrimination, harassment or retaliation based on race, color, religion, national origin, sex, gender, age, disability, or any other basis protected by law; (ii) any alleged breach of contract or covenant, whether express or implied; (iii) any alleged violation of any federal, state, local, or other constitution, statute, ordinance, regulation, common law, or public policy; (iv) any dispute regarding wages, hours, commissions, unpaid overtime, bonuses or other compensation or payment; and/or (v) any personal, emotional, physical, economic, property or any other injury, loss or harm; and (b) any Claims that Company may have against Employee, including, without limitation, any alleged trade secret violations.

2. **Claims Not Subject to Arbitration.** This Agreement does not apply to any Claims by Employee: (a) for state Workers' Compensation benefits; (b) for unemployment insurance benefits filed with the appropriate government entity; (c) arising under a benefit plan where the plan expressly specifies a separate arbitration procedure; (d) arising under the National Labor Relations Act and filed through a charge with the National Labor Relations Board; or (e) which are otherwise expressly prohibited by law from being subject to arbitration, provided such prohibition is not preempted under the Federal Arbitration Act or any other federal law. This Agreement does not preclude filing an administrative charge or complaint with an appropriate government entity if such filing is protected or required by law, and this Agreement does not prohibit cooperating with or participating in any government investigation.

3. **Class, Collective and Representative Action Waivers.** To the fullest extent permitted by law, and notwithstanding anything else in this Agreement, Employee and Company agree that any Claims brought by Company, by Employee or on Employee's behalf shall be decided by the arbitrator on an individual basis and not on a class, collective or representative basis. Accordingly, class, collective and representative actions are not permitted under this Agreement. The arbitrator shall not have the authority or jurisdiction to hear the arbitration as a class, collective or representative action or to join or consolidate causes of action of different parties into one proceeding. Company and Employee agree that they have waived, to the maximum extent possible, any of their rights to bring or participate in class, collective or representative actions with respect to

any Claims. Notwithstanding the foregoing, if and to the extent applicable law (including without limitation the California Private Attorney General Act ("PAGA")) precludes Employee or Company from waiving any right to bring class, collective or representative Claim, and provided that the applicable law is not preempted by the Federal Arbitration Act or other federal law, then Employee and Company agree that such class, collective or representative Claim shall not be subject to the terms of this Agreement and shall be adjudicated by a court of competent jurisdiction. Employee and Company further agree that any such class, collective or representative Claim will be stayed pending the arbitration of any arbitrable Claims subject to this Agreement.

4. **Procedure.** Any arbitration will be filed with and conducted by JAMS. The arbitration shall be held at the closest office of JAMS to where Employee does/did report to work or at a location mutually agreed to by the parties. The arbitration will be conducted pursuant to the JAMS Employment Arbitration Rules and Procedures ("Rules") in effect at the time the demand for arbitration is filed, except as modified by this Agreement (including, without limitation, as modified in Section 12). Employee understands that he or she may obtain a copy of the most current Rules by visiting JAMS' website, currently located at http://www.jamsadr.com/rules-employment-arbitration or from Company's Talent Department upon request. If JAMS is unable or unwilling to accept the matter for any reason, the parties to the arbitration will submit the matter to a mutually agreeable comparable arbitration service, which will apply its then-current Rules, as modified by this Agreement, unless otherwise agreed to by the parties to the arbitration. Arbitration shall be initiated and all Claims shall be decided by a single, neutral arbitrator.

5. **Discovery and Motions.** The parties to the arbitration shall be entitled to conduct reasonable discovery and the arbitrator shall have the authority to determine what constitutes reasonable discovery. The arbitrator will have the authority to hear and grant motions, including but not limited to motions for summary judgment and summary adjudication.

6. **Remedies.** The arbitrator may award any form of remedy or relief (including injunctive relief) that would otherwise be available to an individual claimant in court of competent jurisdiction and any such form of remedy or relief awarded must comply with applicable state and federal law.

7. **Decision.** The arbitrator shall issue a written and signed decision within thirty (30) days of the deadline for submission of post-hearing briefs. This decision shall be final and binding and shall contain the essential findings of fact and conclusions of law on which the decision is based. Judgment upon the award may be entered, and enforcement may be sought, in any court of competent jurisdiction.

8. **Arbitration Fees and Costs.** Company agrees to pay all of the fees and costs that are unique to arbitration, including arbitration administrative fees, arbitration hearing fees and arbitrator compensation fees. The parties to the arbitration shall be responsible for their own attorneys' fees. Any controversy regarding the payment of fees and costs under this Agreement shall be decided by the arbitrator.

9. **Law Governing Claims.** The substantive federal, state, and/or local law where the Claims arose, as applicable, shall apply to any Claims and defenses asserted by the parties.

10. **Law Governing This Agreement.** The Federal Arbitration Act shall govern the interpretation and enforcement of this Agreement, and the confirmation, vacation, correction or modification of any arbitration ruling or award made pursuant to this Agreement. The parties agree that the provisions of the Federal Arbitration Act shall apply to the parties notwithstanding the terms of Section 1 of the Federal Arbitration Act. If the Federal Arbitration Act is held not to apply, the arbitration laws of the jurisdiction described in Section 9 shall govern.

11. **Determination of Arbitrability.** Except as required by applicable law, the arbitrator shall have the exclusive authority and jurisdiction to decide all issues arising out of or relating to the formation, interpretation, or application of this Agreement, including without limitation the enforceability, revocability or validity of this Agreement or any portion of it.

12. **At-Will Employment.** This Agreement does not in any way alter the at-will status of Employee's employment. This Agreement shall not be used as evidence that an employment relationship exists or previously existed between Employee and any one or more of Company, its past and present parents, affiliates and/or subsidiaries.

13. **Survival**, **Revocation and Modification.** This Agreement shall survive the termination of Employee's employment with Company. This Agreement can be modified or revoked only by a writing signed by Employee and the Chief Executive Officer of Company that references this Agreement and specifically states an intent to modify or revoke this Agreement.

14. **Reformation and Severability.** If any clause or provision of this Agreement is declared void or unenforceable by any tribunal, then such clause or provision shall be modified or, if modification is not possible, stricken to the minimum extent necessary to allow enforcement of this Agreement, and the remaining provisions shall remain in full force and effect. In the event of such modification or severance, this Agreement shall be construed to incorporate any mandatory provision of law necessary to render it enforceable. However, in no event shall the arbitrator hear any Claims as class, collective or representative actions, even if Section 3 of this Agreement, or any clause or provision contained therein, is adjudged void or is otherwise unenforceable. In other words, if one or more of the class, collective and/or representative action waivers in Section 3 are found to be unenforceable, the respective claim(s) that were the subject of the stricken waiver(s) shall be heard and determined through an appropriate court proceeding, and not in arbitration. All remaining Claims shall proceed in individual arbitration.

15. **Entire Agreement.** This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof, and it supersedes all prior or contemporaneous oral or written agreements or understandings on the subject of arbitration of disputes between the parties; however, it does not supersede any arbitration agreement in connection with Company's benefit plans, if any. Specifically, the parties agree that this Agreement revokes the prior written agreement or agreements entitled "Mutual Arbitration Agreement" that Employee previously may have executed. Neither party is relying or shall rely on any representations (whether oral or written) on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement. An electronic, scanned, copied or facsimile version of signatures on this Agreement is to be effective as original signatures.

16. **Effective Date.** The Effective Date of this Agreement is the earlier of (a) the date it is signed by Employee or (b) thirty (30) days from the date of receipt of it by the Employee.

**PLEASE READ THIS AGREEMENT CAREFULLY. BY EITHER (1) SIGNING IT OR, (2) IF YOU DO NOT SIGN IT, BY REPORTING TO WORK AND CONTINUING YOUR EMPLOYMENT AFTER THE EFFECTIVE DATE, YOU AGREE TO FINAL AND BINDING ARBITRATION IN ACCORDANCE WITH THE TERMS OF THIS AGREEMENT OF ANY AND ALL DISPUTES BETWEEN YOU AND COMPANY INCLUDING, WITHOUT LIMITATION, DISPUTES RELATED TO YOUR EMPLOYMENT RELATIONSHIP AND THE TERMINATION THEREOF, AND CLAIMS OF DISCRIMINATION AND HARASSMENT. YOU ALSO ARE AGREEING TO WAIVE YOUR RIGHT TO A JURY TRIAL AND TO BRING A CLAIM ON A CLASS, COLLECTIVE OR REPRESENTATIVE BASIS.**

**YOU ALSO ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT, UNDERSTAND ITS TERMS AND HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH AN ADVISOR OF YOUR CHOICE, INCLUDING YOUR OWN LEGAL COUNSEL, AND HAVE TAKEN ADVANTAGE OF THAT OPPORTUNITY TO THE EXTENT YOU WISH TO DO SO.**

**EMPLOYEE:**

Charles Leclerc

Charles Leclerc

Employee Name

1/12/21, 9:19:07 PM GMT

DATE

73.170.10.198

**COMPANY:**

Marc Rosenmayr

EVP, Finance, Operations, IT