# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LECLERC<br>Plaintiff, | ) | |
| v. | ) | 1:26-cv-07715 |
| RED BULL NORTH AMERICA, INC., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.; KIM BROOKS, individually; and JUAN C. CASTANEDA, individually, | ) | Hon. Sharon Johnson Coleman<br><br>Magistrate Hon. Karyn L. Bass Ehler |
| Defendants. | ) | |

**<u>DECLARATION OF KIM BROOKS</u>**

I, Kim Brooks, hereby declare and state as follows:

1. I am a Legal Secondee, acting as in-house Employment Counsel, at Red Bull North America, Inc. ("Red Bull"). I am over the age of 18. I have personal knowledge of the facts stated herein. If called upon to testify, I would and could competently do so.

2. I respectfully submit this Declaration in support of my Motion to Dismiss Plaintiff Charles Leclerc's ("Plaintiff") Complaint (the "Complaint") and Memorandum in support of same. My Motion to Dismiss and supporting Memorandum is submitted with co-defendant Juan C. Castañeda ("Castañeda").

3. I currently live in the San Francisco Bay Area in California, where I have lived since 2025. Prior to 2025, I lived in Santa Monica, California starting in 2022. Before this time, I lived in California for various periods of my life, totaling approximately twenty-four years.

4. I have never lived or owned property in Illinois.

5. I have worked for Red Bull for approximately five years. I began in March 2021, where I worked until October 2025. I returned to Red Bull in March 2026 and have remained with

the company since. During both of these periods with Red Bull, I have had various hybrid work arrangements. The office location that I visit when I perform in-office work is in Santa Monica, California.

6. I have traveled to Illinois on only one occasion due to my work with Red Bull. This trip occurred in January 2024, where I assisted with a one-day training program for other employees. This training was unrelated to the allegations raised in Plaintiff's Complaint.

7. Aside from this one-day training in 2024 for Red Bull, I have never worked in Illinois for any other company.

8. I am not licensed to practice law in the State of Illinois. I am not admitted to any state or federal court in the State of Illinois. I have never been admitted *pro hac vice* to any state or federal court in the State of Illinois and thus have never represented any clients in litigation in any state or federal court in the State of Illinois, in the course of my employment with Red Bull or otherwise.

9. I have visited Illinois in my personal time on limited occasions to visit family. I traveled to the State approximately one to two times per year for a period of approximately five years. These trips typically lasted for a long weekend.

10. I have not traveled to Illinois since the aforementioned January 2024. For combined business and personal reasons, that trip was approximately four days and three nights.

11. I lived and worked in California during the relevant period in Plaintiff's Complaint as it relates to allegations Plaintiff directs at me.

12. I received and executed an engagement agreement with Castañeda while I was in California.

13. I provided all legal consultation and recommendations related to the allegations in Plaintiff's Complaint from California.

14. In doing so, I primarily communicated with other Red Bull employees who were not located in Illinois. These employees, who were members of Red Bull's Talent division, which serves a human resources function, were located in either California, Florida, or Arizona at any given time during the relevant period.

15. I never traveled to Illinois or knowingly communicated with an Illinois-based employee in the course of my work associated with the allegations in Plaintiff's Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 27, 2026, 2026

Signed by:
/s/ Kim Brooks
9D697C249F214A0...
Kim Brooks