**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LECLERC<br>Plaintiff, | ) | |
| v. | ) | 1:26-cv-07715 |
| RED BULL NORTH AMERICA, INC.,<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.;<br>KIM BROOKS, individually; and<br>JUAN C. CASTANEDA, individually, | ) | Hon. Sharon Johnson Coleman<br><br>Magistrate Hon. Karyn L. Bass Ehler |
| Defendants. | ) | |

**DEFENDANT RED BULL NORTH AMERICA, INC.'S MOTION TO DISMISS**

Defendant Red Bull North America, Inc. ("Red Bull"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), submits this Motion to Dismiss Plaintiff Charles Leclerc's ("Plaintiff") Complaint (the "Complaint"). In support, Red Bull states:

1. Following an investigation into Plaintiff's misconduct, Red Bull terminated Plaintiff's employment, which prompted Plaintiff to initiate arbitration against Red Bull in line with a binding arbitration agreement with his former employer.

2. Nearly two years later, after receiving certain arbitration rulings he deemed unfavorable, Plaintiff initiated this case. Plaintiff alleges four claims – fraud, civil conspiracy, negligent spoliation of evidence, and intentional infliction of emotional distress ("IIED") – against Red Bull, its former counsel, and its in-house counsel.

3. All of his claims are based on Plaintiff's perceived belief that his termination (the subject of the pending arbitration) was pretextual. And none of his claims against Red Bull can survive this Motion. Plaintiff cannot avoid his own arbitration obligations or interlocutory orders from the arbitrator, both due to procedural limitations and substantive pleading deficiencies.

4. First, Plaintiff's fraud, conspiracy, and IIED claims are preempted by the Illinois Human Rights Act. Each of these claims "are 'inextricably linked' to a civil rights violation within the meaning of the statute" because they are based on Plaintiff's belief that his termination was pretextual. *See Ulatowski v. John Sterling Corp.*, No. 03-C-8847, 2004 WL 1385829, at *5 (N.D. Ill. Jun. 16, 2004) (quoting *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000)).

5. Second, the Complaint is nothing more than an improper attempt to challenge the arbitrator's authority on procedural and merits issues squarely within the scope of the still-pending arbitration. The Court cannot review an arbitrator's ruling until a final decision has been entered on the merits. *See Corinthian Coll., Inc. v. McCague*, No. 09-C-4899, 2010 WL 918074, at *1-3 (N.D. Ill. Mar. 4, 2010). Plaintiff cannot recast his underlying employment claims in tort to escape the contractual requirement that the arbitrator must decide whether Plaintiff's termination was, in fact, pretextual. *See Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 643 (7th Cir. 1993). This Court should reject Plaintiff's request that this Court intervene in arbitration discovery disputes and key legal and factual issues that underpin Plaintiff's arbitration claims.

6. Third, Plaintiff lacks standing to bring his claims against Red Bull. Because the arbitrator controls the decisions that Plaintiff now challenges, Plaintiff cannot fairly trace his injuries to Red Bull. Likewise, this Court cannot redress Plaintiff's harm because the arbitrator controls the discovery rulings and serves as the factfinder on whether Plaintiff's termination was pretextual. *See Zapata v. C3T, Inc.*, No. 13-CV-600-JPS, 2013 WL 5786579, at *3 (E.D. Wis. Oct. 28, 2013).

7. Fourth, even if Plaintiff could overcome all of these hurdles, his claims are still precluded by the absolute litigation privilege. Plaintiff's claims turn on certain actions taken and statements made in connection with Red Bull's production in the arbitration. The entire Complaint

falls squarely within the absolute litigation privilege, which protects all conduct performed in the practice of law before, during, and after quasi-judicial proceedings, like arbitration. *See Creative Supply, Inc. v. Hahn*, 608 F. Supp. 3d 668, 697 (N.D. Ill. Jun. 24, 2022); *see also Atkinson v. Affronti*, 369 Ill. App. 3d 828, 832, 861 N.E.2d 251, 255 (Ill. App. Ct. 2006).

8. Finally, Plaintiff fails to plead a single cause of action. Plaintiff's fraud claim fails because he affirmatively alleges he never believed the truth of the alleged fraudulent statements and conduct. *See Bachman v. Bear, Stearns & Co*., 57 F. Supp. 2d 556, 562-63 (N.D. Ill. 1999). Nor has he pled a single category of damages on which he can actually recover. *See Chow v. Aegis Mortg. Corp*., 185 F. Supp. 2d 914, 917-19 (N.D. Ill. 2002); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021).

9. Plaintiff also cannot prop up his conspiracy claim on conclusory allegations regarding Red Bull's engagement in a "fraudulent scheme," especially where Plaintiff does not allege facts to support an agreement between Red Bull and any other third party or a single tortious act taken by Red Bull in furtherance of the so-called conspiracy. *See Wilson v. City of Chi*, No. 13-L-10790, 2014 Ill. Cir. LEXIS 4223, at *4-5.

10. Further, Plaintiff fails to plead negligent spoliation claim. Out of the gate, Plaintiff does not even allege that the document at the heart of this claim was lost or destroyed. Instead, he affirmatively asserts that it still exists and is merely being withheld. Even if Plaintiff had alleged spoliation, he does not allege that Red Bull had a duty to preserve the version of the document that he seeks, that it was foreseeable this version would be relevant to the arbitration at the time it was created, or that it is critical to proving his arbitration claims (indeed, because on all fronts, the answer is no). *See Castillo v. Bd. of Educ. of City of Chicago*, 2018 IL App (1st) 171053, ¶¶ 27-

28, 103 N.E.3d 596, 602 (Ill. App. Ct. 2018); *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1089 (N.D. Ill. 2015).

11. Plaintiff also does not plead extreme and outrageous conduct, dooming his IIED claim. The standard for these claims is high, especially in the employer-employee context: Plaintiff's allegations that Red Bull hired counsel to assist with investigating his misconduct, terminated him, or participated in unemployment or arbitration proceedings he initiated fall significantly below this standard. *See Curran v. JP Morgan Chase, N.A.*, 633 F. Supp. 2d 639, 643 (N.D. Ill. 2009).

12. Plaintiff's Complaint is nothing more than a second bite at claims related to his termination, and an improper attempt to challenge the discovery rulings from a still-pending arbitration. Even if the basis for this suit were proper, Plaintiff fails to adequately plead a single claim. The Complaint should be dismissed.

WHEREFORE, Defendant Red Bull North America, Inc. respectfully requests this Court its Motion to Dismiss, dismiss the Complaint with prejudice, and grant any other relief this Court deems equitable and proper.

Dated: August 31, 2026

Respectfully submitted,

**RED BULL NORTH AMERICA, INC.**

*/s/ David J. Stein*

David J. Stein (6307086)
Kara E. Angeletti (6329388)
Addison Schlatter (6348632)
GREENBERG TRAURIG, LLP
360 North Green, Suite 1300
Chicago, Illinois 60607
T: (312) 456-1003
F: (312) 456-8435

David.Stein@gtlaw.com
Angelettik@gtlaw.com
Addison.Schlatter@gtlaw.com

*Attorneys for Defendant Red Bull North America., Inc.*

## CERTIFICATE OF SERVICE

I, David J. Stein, hereby certify that on August 31, 2026, a true and correct copy of **DEFENDANT RED BULL NORTH AMERICA, INC.'S MOTION TO DISMISS** was served electronically on all counsel through the Court's ECF system. record.

*/s/ David J. Stein*