BC

FILED
9/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-07715 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| RED BULL NORTH AMERICA, INC.; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.; KIM BROOKS; and JUAN C. CASTAÑEDA, | ) | Magistrate Judge Karyn L. Bass Ehler |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND FOR CONSOLIDATED PAGE LIMIT**

Plaintiff Charles Leclerc, proceeding pro se, respectfully moves for leave to file a single consolidated memorandum in opposition to the motions to dismiss filed by Defendant Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (ECF No. 39), Defendants Kim Brooks and Juan C. Castañeda (ECF No. 42), and Defendant Red Bull North America, Inc. (ECF No. 44), not exceeding fifty-three (53) pages, exclusive of any table of contents and table of cases required by Local Rule 7.1. Alternatively, Plaintiff requests such lesser consolidated page limit, and such treatment of the required tables, as the Court deems appropriate. Plaintiff does not seek any extension of the October 26, 2026 response deadline or any alteration of Defendants' November 9, 2026 reply deadline. In support, Plaintiff states:

1. On August 31, 2026, Defendants filed three separate motions to dismiss the same Complaint: Ogletree's Motion to Dismiss (ECF No. 39), Brooks and Castañeda's joint Motion to Dismiss (ECF No. 42), and Red Bull's Motion to Dismiss (ECF No. 44).

2. On September 1, 2026, the Court entered a minute order setting October 26, 2026 as the deadline for Plaintiff's responses to all three motions and November 9, 2026 as the deadline for Defendants' respective reply briefs. The Court also reiterated that Plaintiff has a fifteen-page limit for responding to Ogletree, a twenty-three-page limit for responding to Brooks and Castañeda, and a fifteen-page limit for responding to Red Bull.

3. Plaintiff seeks only to consolidate the form of those responses. The requested fifty-three-page ceiling is the sum of the three page limits already authorized by the Court—fifteen pages as to Ogletree, twenty-three pages as to Brooks and Castañeda, and fifteen pages as to Red Bull—and therefore does not enlarge Plaintiff's aggregate briefing space or alter any briefing deadline.

4. The three motions raise substantially overlapping threshold and merits issues, including subject-matter jurisdiction, Illinois Human Rights Act preemption, Defendants' arguments concerning the Federal Arbitration Act and the separate JAMS arbitration, Article III standing, Illinois's litigation privilege, and challenges to Plaintiff's pleaded tort claims.

5. The overlap is not merely incidental. Defendants expressly incorporate one another's arguments. Ogletree states that it "adopts" the IHRA-preemption, Federal Arbitration Act, and standing arguments contained in Brooks and Castañeda's and Red Bull's memoranda. ECF No. 40 at 4. Red Bull likewise incorporates Brooks and Castañeda's IHRA-preemption and arbitration arguments and separately incorporates their conspiracy analysis. ECF No. 46 at 2–3, 8.

6. Defendants have therefore themselves consolidated substantial portions of their dismissal arguments through incorporation rather than repeating the same legal analysis in each memorandum. Requiring three separate opposition memoranda would correspondingly

require Plaintiff to repeat substantially identical factual and legal responses whenever another Defendant adopts or incorporates the same argument.

7. A consolidated opposition would eliminate that duplication and provide the Court with a single organized treatment of the common issues and authorities. Arguments unique to particular Defendants—including Brooks and Castañeda's personal-jurisdiction defense, Ogletree's litigation-privilege arguments, and defendant-specific challenges to particular counts—would remain separately identified and addressed under defendant-specific headings within the consolidated memorandum.

8. Consolidation would cause no prejudice to Defendants. It would alter only the form of Plaintiff's opposition, not the substance of any Defendant's motion. No Defendant would lose any argument, defense, authority, or opportunity to reply, and each Defendant could file its respective reply on November 9, 2026 as presently ordered.

9. Separate briefing would, by contrast, require substantial duplication in responding simultaneously to three dispositive motions filed on behalf of four Defendants. Repetition of the same factual background, authorities, and legal analysis across multiple memoranda would consume additional briefing space and resources without a corresponding benefit to the Court or the parties.

10. The twenty-three-page limit applicable to Brooks and Castañeda derives from the Court's August 24, 2026 order granting those Defendants leave to file an enlarged memorandum and sua sponte granting Plaintiff "the same extended page limit to his response brief." ECF No. 38. The Court's September 1, 2026 minute entry expressly reaffirmed the resulting fifteen-, twenty-three-, and fifteen-page allocation.

11. Plaintiff does not necessarily intend to use the full fifty-three pages. That figure represents only the aggregate ceiling presently available through separate responses, and consolidation is likely to reduce the total briefing actually necessary because overlapping factual background, authorities, and legal arguments need be presented only once. Consolidation would therefore promote efficient case management and further the just, speedy, and inexpensive determination of this action contemplated by Federal Rule of Civil Procedure 1.

12. Plaintiff contacted counsel for Defendants on September 1, 2026, requesting their position on the relief sought herein. Counsel for Red Bull, Brooks, and Castañeda advised that those Defendants object. Counsel for Ogletree likewise objects, but advised that Ogletree has "no objection to the incorporation by reference of any response arguments to the subject-matter jurisdiction arguments" that Ogletree incorporated into its motion, while requesting a stand-alone response to Ogletree's unique litigation-privilege and failure-to-state-a-claim arguments. Plaintiff respectfully submits that this response confirms the substantial overlap underlying the present request. A consolidated memorandum can address incorporated common arguments once while separately addressing Ogletree's and the other Defendants' unique arguments under defendant-specific headings. Plaintiff brings this request promptly, on the same day the Court established the briefing schedule, so that the form and page limitation governing Plaintiff's opposition may be resolved well before substantive response briefing is due.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. grant Plaintiff leave to file one consolidated memorandum in opposition to ECF Nos. 39, 42, and 44, in lieu of three separate opposition memoranda;

2. permit that consolidated memorandum to contain up to fifty-three (53) pages, exclusive of any table of contents and table of cases required by Local Rule 7.1;
3. leave unchanged the October 26, 2026 deadline for Plaintiff's opposition and the November 9, 2026 deadline for Defendants' respective replies;
4. alternatively, establish such lesser consolidated page limit and treatment of the required tables as the Court deems appropriate; and
5. grant such other and further relief as the Court deems just and proper.

**Dated:** September 1, 2026

Respectfully submitted,

/s/ Charles Leclerc
Charles Leclerc
Plaintiff, Pro Se