**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LECLERC<br>Plaintiff, | ) | |
| v. | ) | 1:26-cv-07715 |
| RED BULL NORTH AMERICA, INC.,<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.;<br>KIM BROOKS, individually; and<br>JUAN C. CASTANEDA, individually, | ) | Hon. Sharon Johnson Coleman<br><br>Magistrate Hon. Karyn L. Bass Ehler |
| Defendants. | ) | |

**DEFENDANTS RED BULL NORTH AMERICA, INC., KIM BROOKS, AND JUAN CASTAÑEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND FOR A CONSOLIDATED PAGE LIMIT**

Defendants, Red Bull North America, Inc., ("Red Bull"), Kim Brooks ("Brooks"), and Juan C. Castañeda ("Castañeda") (with Brooks, the "Individual Defendants"), pursuant to Northern District of Illinois Local Rule 7.1 and this Court's Motion Practice Standing Order, submit this opposition to Plaintiff Charles Leclerc's ("Plaintiff") Motion for Leave to File a Consolidated Opposition to Defendants' Motion to Dismiss and for Consolidated Page Limit (the "Motion"). Doc. 49. In support, Red Bull and the Individual Defendants state:

1. On July 1, 2026, Plaintiff filed a 54-page Complaint, alleging four separate claims against four different defendants. The Complaint raises numerous procedural issues, including personal jurisdiction for both Brooks and Castañeda, statutory preemption, standing, and privilege. It also presents substantive pleading deficiencies on each of the four claims, with material differences as to the respective Defendants. Doc. 11. Plaintiff is proceeding in this matter *pro se*.

2. On August 31, 2026, Red Bull and the Individual Defendants filed respective motions to dismiss the Complaint pursuant to various Federal Rules of Civil Procedure. Doc. 42, 44. The fourth defendant in this matter, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") separately moved to dismiss. Doc. 39.

3. Pursuant to the Court's September 1, 2026, minute entry, Plaintiff's deadline to respond to each motion is October 26, 2026. Doc. 48. He is permitted fifteen pages to respond to Red Bull and Ogletree's motions to dismiss and twenty-three pages to respond to the Individual Defendants' motion to dismiss. Doc. 48.

4. Plaintiff now moves for leave to file a single omnibus brief in response, requesting up to 53 pages for a single filing, as opposed to filing a separate response brief to each pending motion to dismiss. Plaintiff's Motion should be denied.

5. Red Bull, Ogletree, and the Individual Defendants set forth arguments specific to their individual roles as alleged in the Complaint, including defendant-specific arguments regarding the Complaint's procedural and pleading deficiencies. A single omnibus response risks confusing the issues, conflating the parties, and creating an unruly response to which each Defendant is entitled a reply addressing their own specific conduct.

6. To that end, an omnibus response would likely unnecessarily compound the time, effort, and expense required to prepare their respective replies because Defendants would be required to read, analyze, and separate the briefing that may not be responsive to the issues raised in their respective motions. Even if Plaintiff attempts to separate the issues by Defendant, any reply would require each Defendant to address up to 53 pages of briefing in response to its respective motion(s), significantly expanding the scope of work. All of these issues may be exacerbated by the briefing tools or aids Plaintiff may rely upon to prepare an omnibus response.

7. Plaintiff has set forth no compelling reason for his request, especially where he does not seek leave to file additional pages in response to any particular motion. Any concern regarding overlapping argument can easily be mitigated through incorporation by reference, a tool utilized by each Defendant to reduce unnecessary motion practice and streamline the issues before the Court.

WHEREFORE, Defendants Red Bull Noth America, Inc., Kim Brooks, and Juan C. Castañeda respectfully request that this Court deny Plaintiff's Motion for Leave to File a Consolidated Opposition to Defendants' Motions to Dismiss and For Consolidated Page Limit, confirm the briefing schedule and page limits this Court ordered on September 1, 2026 remain in effect, and for any other relief this Court deems equitable and just.

Dated: September 1, 2026

Respectfully submitted,

**RED BULL NORTH AMERICA, INC., KIM BROOKS, AND JUAN C. CASTAÑEDA**

*/s/ David J. Stein*

David J. Stein (6307086)
Kara E. Angeletti (6329388)
Addison Schlatter (6348632)
GREENBERG TRAURIG, LLP
360 North Green, Suite 1300
Chicago, Illinois 60607
T: (312) 456-1003
F: (312) 456-8435
David.Stein@gtlaw.com
Angelettik@gtlaw.com
Addison.Schlatter@gtlaw.com

*Attorneys for Defendants Red Bull North America., Inc., Kim Brooks, and Juan C. Castañeda*

## CERTIFICATE OF SERVICE

I, David J. Stein, hereby certify that on September 1, 2026, I electronically filed the foregoing **DEFENDANTS RED BULL NORTH AMERICA, INC., KIM BROOKS, AND JUAN CASTAÑEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND FOR A CONSOLIDATED PAGE LIMIT** through the Electronic Case Filing System for the Northern District of Illinois, which will send notification of such filing to all counsel of record.

*/s/ David J. Stein*