BC

FILED
9/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-07715 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| RED BULL NORTH AMERICA, INC.; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.; KIM BROOKS; and JUAN C. CASTAÑEDA, | ) | Magistrate Judge Karyn L. Bass Ehler |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND FOR CONSOLIDATED PAGE LIMIT**

Plaintiff Charles Leclerc respectfully submits this reply in support of his Motion for Leave to File a Consolidated Opposition to Defendants' Motions to Dismiss and for Consolidated Page Limit (ECF No. 49). The opposition filed by Red Bull North America, Inc., Kim Brooks, and Juan C. Castañeda (ECF No. 50) does not identify concrete prejudice from consolidation. To the contrary, it confirms the substantial overlap underlying Plaintiff's request and relies on the same organizational devices—joint briefing and incorporation by reference—that Defendants themselves have used to avoid duplication. Plaintiff seeks no additional aggregate pages, no extension of time, and no restriction on any Defendant's separate reply. The Motion should be granted.

## I. DEFENDANTS' OWN JOINT BRIEFING UNDERCUTS THEIR CLAIM THAT ONE BRIEF WOULD CONFUSE DEFENDANT-SPECIFIC ISSUES.

Defendants argue that a consolidated opposition would risk "confusing the issues" and "conflating the parties" because the motions contain arguments specific to different Defendants. ECF No. 50 ¶ 5. But Brooks and Castañeda previously made the opposite practical judgment for

their own briefing. In seeking an enlarged page limit, they advised the Court that they anticipated filing a "combined Motion to Dismiss," expressly acknowledged "certain differences as to the respective Defendants," and nevertheless requested twenty-three pages so that one joint memorandum could adequately address the numerous allegations and legal issues. ECF No. 36 ¶¶ 2–4. The Court granted that request and sua sponte afforded Plaintiff the same twenty-three-page limit for his response. ECF No. 38.

Plaintiff does not contend that Brooks and Castañeda's joint motion creates a legal entitlement to consolidation of every filing. It does, however, demonstrate the flaw in the opposition's practical premise. Defendant-specific differences are not inherently incompatible with a single organized memorandum. If Brooks and Castañeda can address their different alleged conduct, separate personal-jurisdiction facts, and different roles within one twenty-three-page brief, Plaintiff can likewise address common issues once while separately treating the arguments unique to Ogletree, Brooks and Castañeda, and Red Bull under clearly labeled defendant-specific headings. That is exactly what Plaintiff committed to do in his Motion. ECF No. 49 ¶ 7.

## II. DEFENDANTS EXPRESSLY CONCEDE THE OVERLAP AND THE VALUE OF AVOIDING DUPLICATIVE BRIEFING.

The opposition states that any overlapping argument can "easily be mitigated through incorporation by reference," and further represents that each Defendant used incorporation "to reduce unnecessary motion practice and streamline the issues before the Court." ECF No. 50 ¶ 7. That concession supports, rather than defeats, Plaintiff's request. The disagreement is no longer whether substantial overlap exists or whether repetition should be avoided; Defendants expressly acknowledge both propositions. The only question is whether the overlap should be managed through multiple cross-referencing response briefs or through one organized response that addresses common issues once.

A single consolidated memorandum is the clearer of those two methods. It would permit the Court to read Plaintiff's response to a common issue—such as subject-matter jurisdiction, IHRA preemption, standing, or Defendants' arguments concerning the Federal Arbitration Act and the separate JAMS arbitration—in one place. It would then separately identify which arguments apply only to a particular Defendant. By contrast, three response briefs built around incorporation by reference would require the Court and the parties to move among multiple filings to determine where a common issue was answered and which other response incorporates that answer. Consolidation eliminates that additional layer of cross-reference.

**III. THE ASSERTED "53-PAGE" REPLY BURDEN MISSTATES PLAINTIFF'S REQUEST.**

Defendants argue that a consolidated response would require each Defendant to "address up to 53 pages of briefing." ECF No. 50 ¶ 6. That does not follow. Fifty-three pages is only the aggregate ceiling produced by adding the response limits the Court has already authorized: fifteen pages as to Ogletree, twenty-three as to Brooks and Castañeda, and fifteen as to Red Bull. ECF Nos. 38, 48. It is not fifty-three pages of argument directed separately at every Defendant.

Under the proposed structure, common issues would be addressed once, and Defendant-specific issues would appear under separate headings. Each Defendant would remain free to reply only to the common and Defendant-specific portions relevant to its own motion, and each Defendant would retain the November 9, 2026 reply deadline already established by the Court. ECF No. 49 ¶ 8. Indeed, Red Bull, Brooks, and Castañeda are represented by the same Greenberg Traurig attorneys and jointly filed the present opposition. ECF No. 50 at 3. Nothing about a consolidated opposition prevents counsel from preparing separate replies tailored to the issues actually applicable to each Defendant.

Nor does Plaintiff necessarily intend to use all fifty-three pages. Consolidation is likely to reduce the total number of pages because common factual background, authorities, and legal analysis need not be repeated. ECF No. 49 ¶ 11. Defendants therefore identify no actual increase in authorized briefing and no loss of any argument or reply right.

## IV. THE REFERENCE TO PLAINTIFF'S "BRIEFING TOOLS OR AIDS" DOES NOT BEAR ON THE RELIEF REQUESTED.

Finally, Defendants speculate that their asserted burdens "may be exacerbated by the briefing tools or aids Plaintiff may rely upon to prepare an omnibus response." ECF No. 50 ¶ 6. The observation does not identify any prejudice caused by consolidation. Whatever lawful tools any party uses to prepare a filing, the filed memorandum remains subject to the same Federal Rules, Local Rules, page limitations, and obligations of accuracy. The relevant case-management questions are whether the briefing will be clear, whether any party loses substantive rights, and whether consolidation reduces needless duplication. Plaintiff's Motion directly addresses each of those considerations.

## CONCLUSION

Defendants' opposition confirms the central premise of Plaintiff's Motion: their dismissal arguments overlap, and incorporation is already being used to avoid repeating common issues. Their own prior joint briefing further demonstrates that differences among parties can be handled coherently within a single memorandum through separate treatment of party-specific issues. Plaintiff asks for the same practical efficiency on the responsive side, without increasing the aggregate page allowance, altering any deadline, or limiting any Defendant's right to file a separate reply. Plaintiff therefore respectfully requests that the Court grant ECF No. 49 or, alternatively, permit a consolidated response subject to such lesser page limit or structural conditions as the Court deems appropriate.

Dated: September 1, 2026

Respectfully submitted,

**/s/ Charles Leclerc**
Charles Leclerc
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I submitted the foregoing Plaintiff's Reply in Support of Motion for Leave to File a Consolidated Opposition to Defendants' Motions to Dismiss and for Consolidated Page Limit through the Court's pro se online filing portal. Upon docketing, notice of the filing will be transmitted through the Court's CM/ECF system to all counsel of record.

**/s/ Charles Leclerc**
Charles Leclerc