**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LECLERC,<br><br>Plaintiff,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.; KIM BROOKS; and JUAN CASTAÑEDA,<br><br>Defendants. | ) | Case No. 1:26-cv-07715<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Karyn L. Bass Ehler |

**NEW CASE JOINT STATUS REPORT**

The parties jointly submit this New Case Joint Status Report pursuant to the Court's August 10, 2026 scheduling order (Dkt. #35.)

## I. The Nature of the Case

### A. Attorneys of Record

Plaintiff Charles Leclerc is representing himself *pro se*. Defendants Red Bull North America, Inc. ("Red Bull"), Kim Brooks, and Juan Castañeda are represented by David Stein, Kara Angeletti, and Addison Schlatter of Greenberg Traurig. (Dkt. ## 24, 27, 28.) Defendant Ogletree Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") is represented by Edward Feldman, Zachary Freeman, and James Mooney of Miller Shakman Levine & Feldman LLP. (Dkt. ## 18-20.)

### B. Nature of the Claims

*Plaintiff's Description of His Claims*. Plaintiff asserts Illinois-law claims for fraudulent concealment/common-law fraud, civil conspiracy, negligent spoliation pleaded in the alternative, and intentional infliction of emotional distress. Plaintiff alleges an independent fraudulent scheme and related concealment that began before any litigation could reasonably be anticipated and

continued through multiple forums. The Complaint alleges Plaintiff's termination as context for the origin, motive, and chronology of the alleged scheme; the separate employment dispute and termination-based remedies remain pending in JAMS arbitration.

*Defendants' Description of Plaintiff's Claims*. Plaintiff's claims arise out of a still pending arbitration between Plaintiff and Red Bull in front of Judge Griffin (Ret.) of JAMS. The arbitration relates to the termination of Plaintiff's employment by Red Bull. Ogletree represented Red Bull in that arbitration until it was replaced by Greenberg Traurig. Defendant Brooks is Red Bull's in-house counsel. Defendant Castañeda was retained as counsel by Red Bull to investigate Plaintiff's misconduct during his employment with Red Bull.

C. <u>Major Legal and Factual Issues</u>

*Plaintiff's Position*. Principal factual issues include the nature, timing, and purpose of Castañeda's engagement, including whether it was part of an alleged pretextual justification for a termination decision already made; Defendants' alleged representations and concealment concerning the engagement agreement, Adobe Sign records, and related investigation materials; the authenticity, completeness, preservation, and accessibility of those records; whether the alleged fraudulent scheme continued through multiple forums and remains ongoing through continued concealment; Defendants' alleged knowledge and participation; and causation and damages. Plaintiff disputes that any of these tort claims or their material factual issues have been finally adjudicated in the separate arbitration. Principal legal issues include the sufficiency of the pleaded claims and Defendants' asserted defenses.

*Defendants' Position*. The major legal issues are set forth in Defendants' motions to dismiss, namely: (i) whether this case is preempted; (ii) the application of Illinois' absolute litigation privilege as to all Defendants; (iii) whether the Court lacks personal jurisdiction over

Defendants Brooks and Castañeda; (iv) whether Plaintiff has standing to bring his claims; and (v) whether Plaintiff has adequately plead any of his four causes of action.

The major factual issues are the factual issues currently being litigated in the pending arbitration and/or have already been resolved by Judge Griffin in various discovery rulings in the arbitration, namely the reason for Plaintiff's termination by Red Bull, and whether Red Bull has produced a complete or authentic version of the engagement letter executed by Red Bull and Castañeda.

D. Relief Sought By Plaintiff

The Complaint seeks compensatory and punitive damages, declaratory relief, costs and fees as permitted by law, and injunctive relief including production and preservation of the Adobe Sign records and investigation materials identified in the Complaint, expedited third-party discovery from Adobe Inc., and, alternatively, limited expedited discovery concerning arbitrability, FAA § 3 default, preservation, and access to the genuine Adobe Sign certified package before adjudication of any motion to stay or compel arbitration. Plaintiff also seeks such other and further relief as the Court deems just and proper.

E. General Status of the Case

The case is at the pleading stage. All Defendants have moved to dismiss Plaintiff's Complaint.

## II. Pending Motions

The only pending motions are the Defendants' motions to dismiss Plaintiff's Complaint.

## III. Proposed Discovery Schedule

*Plaintiff's Position.* Plaintiff anticipates written, third-party, and deposition discovery concerning Castañeda's engagement; the Adobe Sign transaction and records; their preservation,

production, and authentication; relevant communications; the investigation materials identified in the Complaint; and the conduct underlying the pleaded tort claims. Plaintiff proposes that focused discovery proceed while Defendants' motions to dismiss are pending.

Plaintiff proposes the following discovery schedule:

1. Rule 26(a)(1) disclosures: 14 days after the Court enters a discovery schedule;
2. First date by which to issue written discovery: 28 days after the Court enters a discovery schedule;
3. Deadline to amend the pleadings or join other parties: two months after the Court enters a discovery schedule;
4. Fact discovery completion date: six months after the Court enters a discovery schedule;
5. Deadline to file dispositive motions: 60 days after the close of fact discovery.

*Defendants' Position*. It is premature to enter a discovery schedule until the Court finds that Plaintiff has stated a claim. Subject to that caveat, the general type of discovery that will be required consists of: (i) discovery typically produced in employment litigation, such as (a) the production of Plaintiff's employment file and documents relating to his termination and (b) the deposition of Plaintiff and the individuals involved in his termination.. No expert testimony is anticipated. Defendants propose the following discovery schedule:

1. Rule 26(a)(1) disclosures: 14 days after an answer is filed to a complaint that survives a motion to dismiss;
2. First date by which to issue written discovery: 28 days after an answer is filed to a complaint that survives a motion to dismiss ;
3. Deadline to amend the pleadings or join other parties: two months after an answer is filed to a complaint that survives a motion to dismiss ;

4. Fact discovery completion date: six months after an answer is filed to a complaint that survives a motion to dismiss;
5. Deadline to file dispositive motions: 60 days after the close of fact discovery.

**IV. Trial**

Plaintiff has requested a jury trial. Plaintiff estimates that a trial in this case would last 1-7 days. Defendants estimate that a trial in this case would last three days.

**V. Status of Settlement Discussions**

There have been no settlement discussions to date. There is no agreement between the parties to request a settlement conference or to arbitrate or mediate Plaintiff's Complaint at this time.

**VI. Consent to Proceed Before the Magistrate Judge**

Plaintiff does not consent to proceed before the Magistrate Judge for all purposes pursuant to Federal Rule of Civil Procedure 73.

September 4, 2026

Respectfully Jointly Submitted by All Parties,

Charles Leclerc

/s/ *Charles Leclerc*

Charles Leclerc, *pro se*
400 W. Ontario St., #603
Chicago, Illinois 60654
612-600-4044
charles_leclerc@outlook.com

OGLETREE, DEAKINS,NASH, SMOAK & STEWART, P.C.

/s/ *Zachary J. Freeman*

One of Its Attorneys
Edward W. Feldman
Zachary J. Freeman

James P. Mooney
MILLER SHAKMAN LEVINE & FELDMAN LLP
(No. 90236)
30 W. Monroe Street, Suite 1900
Chicago, Illinois 60603
(312) 263-3700
efeldman@millershakman.com
zfreeman@millershakman.com
jmooney@millershakman.com

RED BULL NORTH AMERICA, INC., KIM BROOKS AND JUAN C. CASTAÑEDA

By: *<u>/s/ David J. Stein</u>*

David J. Stein (6307086)
Kara E. Angeletti (6329388)
Addison Schlatter (6348632)
GREENBERG TRAURIG, LLP
360 North Green, Suite 1300
Chicago, Illinois 60607
T: (312) 456-1003
F: (312) 456-8435
David.Stein@gtlaw.com
Angelettik@gtlaw.com
Addison.Schlatter@gtlaw.com