FILED
10/25/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES LECLERC,
Plaintiff,

v.

RED BULL NORTH AMERICA, INC.;
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.;
KIM BROOKS, individually; and
JUAN C. CASTANEDA, individually,
Defendants.

Case No. 1:26-cv-07715

Case No: 1:26-CV-07715

Judge Sharon Johnson Coleman

# EXHIBIT B

## September 9, 2025 Production Response and Engagement Materials

Complete response, certificate of service, engagement agreement, and Final Audit Report.

### Included materials

September 9 response and Exhibit A, source PDF pp. 1-10

Source pagination is preserved. Any references to source PDF pages identify physical page positions in the original file.

**JAMS**

| | |
|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.<br><br>Respondent. | JAMS Ref. No. 5340001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**RESPONDENT'S RESPONSE TO CLAIMANT'S MOTION TO COMPEL PRODUCTION OF CASTANEDA ENAGEMENT AGREEMENT**

Respondent, RED BULL NORTH AMERICA, INC. ("Respondent" or "Red Bull"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits its Response to Claimant, Charles Leclerc's ("Claimant" or "Leclerc") Motion to Compel Production of the Castaneda Engagement Agreement ("Claimant's Motion") as follows:

**BACKGROUND**

On February 7, 2025, Claimant issued a series of discovery requests to Respondent, including a request for "all documents and communications related to the investigation involving Charles Leclerc," specifically, a "contract between Red Bull and the investigator." (**Claimant's First Request for Production of Documents, Request 4(d)**). Claimant initially objected to Claimant's Request as vague and ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and as seeking documents protected by the attorney-client privilege, the attorney work product doctrine, or both. (**Respondent's Responses to Claimant's First Request for Production of Documents**). Throughout the discovery process, Respondent has consistently reiterated to Claimant that it is actively conducting an electronically stored information ("ESI") search for additional documents related to Claimant's allegations and

responsive to Claimant's discovery requests. Given the breadth of information sought in Claimant's discovery, Respondent's ESI search and subsequent review of responsive documents have taken longer than originally expected. Respondent's ESI search encompassed a comprehensive review for documents that may be responsive to any of Claimant's twenty-one (21) distinct claims. Respondent is currently finalizing its review of supplemental documents to include as part of its production. Nonetheless, on September 4, 2025, Claimant filed this Motion.

**ARGUMENT**

Respondent maintains that Claimant's Request No. 4 is vague and ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Respondent interprets Claimant's Request No. 4 to be seeking documents pertaining to Attorney Juan Castaneda's investigation into allegations that Claimant engaged in workplace misconduct, which resulted in Claimant's termination. Respondent further maintains that parts of Claimant's Request No. 4 seek information and documents protected by the attorney-client privilege, the work product doctrine, or both. Notwithstanding this objection, upon review of Red Bull's engagement agreement with Juan Castaneda to investigate allegations that Claimant engaged in workplace misconduct, Respondent determined that the engagement agreement requested in Claimant's Request 4(d) is not subject to privilege and therefore may be produced. As such, Respondent plans to include a copy of the agreement in its pending supplemental production. However, in an effort to cooperatively respond to Claimant's Motion, Respondent is providing a copy of Red Bull's agreement with Attorney Juan Castaneda in its Response to Claimant's Motion. *See* **Exhibit A**.

## CONCLUSION

Because Respondent is producing a copy of the requested engagement agreement herein, Claimant's Motion Compel Production of Castaneda Engagement Agreement should be denied.

Dated: September 9, 2025

Respectfully Submitted,

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jeffrey.rudd@ogletreedeakins.com*
*amy.cortez@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 9, 2025, the foregoing ***Respondent's Response to Claimant's Motion to Compel Production of the Castaneda Engagement Agreement*** was served electronically via JAMS Access upon Claimant and Claimant's Representative.

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

# EXHIBIT A

CASTAÑEDA + HEIDELMAN LLP

125 S Highway 101 #1021
Solana Beach, CA 92075

858.431.9205
juan@castanedaheidelman.com
www.castanedaheidelman.com

May 18, 2022

VIA EMAIL
Kim Brooks, Sr. Legal Counsel, Litigation & Employment
Red Bull North America, Inc.
1630 Stewart Street
Santa Monica, CA 90404

Email: kim.brooks@redbull.com

Re: *Engagement of Castañeda + Heidelman LLP*

Dear Kim:

The purpose of this letter is to confirm our engagement by Red Bull North America, Inc. ("Client"), to represent the Client in connection with a privileged investigation ("Matter"). We appreciate your confidence and thank you for selecting us as investigation counsel.

1. Scope of Representation. We have been engaged to represent you in connection with the above Matter. Except as we may agree otherwise in writing, we will be representing only the Client and will not be representing any parent, subsidiary or other affiliated entity nor any shareholder, partner, member, director, officer, employee, spouse, agent or insurer of the Client. The terms of this letter apply to other engagements for the Client that we may undertake, except as we may otherwise agree.

2. Fee Deposits. We have agreed to undertake this engagement and will be waiving our customary retainer deposit (the "Fee Deposit"). If the Fee Deposit is requested in the future, it is payable to Castañeda + Heidelman LLP via an ACH transfer.

3. Fees. Our Fees are based on hours charged at scheduled rates that are periodically adjusted, generally as of the beginning of a calendar year. The normal hourly rate for Partner Juan Castañeda is $545. For this engagement, we have agreed to charge a discounted rate of $445 per hour.

4. Charges. In addition to Fees, our statements include our actual costs for fees and disbursements and/or charges for third parties (collectively "Charges"). Our standard practice is to have certain charges for outside retained services that are necessary and approved by the Client invoiced to the Client directly. This letter constitutes the Client's agreement to pay all such invoices prior to delinquency and to hold us harmless from its failure to do so. Of course, to the extent such third party charges are paid directly by us they will be included in our statements.

5. Invoice Statements. Statements are submitted monthly and are due and payable upon receipt. The Client agrees to notify us promptly in writing if it disputes any entry for legal services or charges on any statement. In the absence of any written objection thereto within ten (10) days of the Client's receipt of an invoice, the Client will be deemed to have accepted and acknowledged the invoice as correct through the period covered by the invoice. Please understand that it is our policy to stop work on all matters we are handling for a client if any amount invoiced to such client is thirty (30) days or more past due. Also, interest is charged at 10% per annum from date of statement for amounts outstanding more than thirty (30) days.

Unless we otherwise expressly agree in writing, any estimates we may provide from time to time and any Fee Deposits or advances against costs we may require are not a limitation on our fees and other charges.

6. Litigation. If as a result of our engagement we are required to produce documents or appear as witnesses in connection with any governmental or regulatory examination, audit, investigation or other proceeding or any litigation, arbitration, mediation or dispute involving the Client or related persons, the Client is responsible for costs and expenses reasonably incurred by us including professional and staff time at then scheduled hourly rates and reasonable attorneys' fees and costs incurred that we may incur.

Moreover, after the conclusion of the engagement, if there is a proceeding in which the testimony of Castañeda + Heidelman LLP is required, the Client will compensate Castañeda + Heidelman LLP at the rate set forth in this Agreement. Further, Castañeda + Heidelman LLP retains the right to hire legal counsel related to the above and Client will be responsible for payment of such legal counsel.

Client agrees to defend, indemnity and hold Castañeda + Heidelman LLP harmless for and against all actions, claims and complaints, whether formal or informal, actual or threatened, arising from or related to the investigation brought or asserted against Castañeda + Heidelman LLP by anyone other than Client. This provision includes an obligation to indemnify Castañeda + Heidelman LLP for all costs including, without limitation, settlement costs that have been approved in advance by Client, and other legal expenses incurred in defending or resolving such actions. This provision is not intended to apply to any potential professional malpractice action brought by Client against Castañeda + Heidelman LLP.

7. Termination of Representation. The Client has the right to terminate our representation of it at any time. Subject to our ethical obligation to give the Client reasonable notice to arrange for alternate representation, we may terminate our representation of it at any time. Upon termination of our representation, the Client agrees to promptly sign substitutions of counsel authorizing our withdrawal as its counsel of record in any proceeding. Unless we agree to render other legal services, our representation will terminate upon completion of the matter.

8. Document Retention. The Client agrees that it will be responsible for providing us with all records pertinent to this matter, including information stored electronically such as e-mails and other computerized records. If the matter relates to litigation and the Client has in effect document retention policies that could result in the destruction, deletion or alteration of information that could potentially be discoverable in this matter, it is very important that the Client institute steps to stop all such destruction, deletion or alteration and to preserve all such information in the form that it now exists. In particular, you should notify your officers and employees that may have potentially discoverable emails or other paper or electronic files not to delete or destroy them, but to allow the Client to preserve these records. Please remember that information that may be potentially discoverable includes not only information that is relevant to the underlying dispute but also information that could lead to the discovery of relevant information. You should err on the side of caution, and make sure that potentially discoverable information is no longer subject to destruction under your standard document retention policies until you speak with us further on this important subject.

9. Our Document Retention. It is our policy and practice to destroy our files seven (7) years after the file is first closed. Files are generally closed at the conclusion of an investigation, lawsuit or completion of a transaction. In the event that the Client should request that it be given its files or that they be transferred to some other firm, the Client agrees that we may retain a copy of those files and Client agrees to pay for the costs of such copying. These provisions shall survive any termination of our representation of the Client.

10. No Warranties. Legal matters are by their nature unpredictable. It is not possible to warrant a successful result or represent that a particular result can be obtained within a given time framework or cost estimate. We appreciate the Client's awareness of and patience with the pitfalls of such negotiation. You acknowledge that we have not made any representations, promises, warranties or guarantees to you, express or implied, regarding this matter.

If the foregoing is an acceptable basis for our engagement as counsel, I would appreciate it if you would sign the enclosed copy of this letter and return it to us via email. If you have any questions or concerns, please call. Thank you for selecting us to represent you in this matter.

Very truly yours,

Juan C. Castañeda
For CASTAÑEDA + HEIDELMAN LLP

The undersigned has read and understands this engagement letter and agrees that it correctly sets forth the terms upon which Castañeda + Heidelman LLP has been engaged by the undersigned Client in connection with the representation described herein and has waived any conflict of interest on the part of this Firm arising out of the representation described above.

Name: Ms. Kim Brooks

Title: Sr. Legal Counsel, Litigation & Employment
Company: Red Bull North America, Inc.

Signature: Kim Brooks
Kim Brooks (May 19, 2022 12:09 PDT)

Dated: May 19, 2022

# 2022-05-18--Engagement Letter Red Bull--Investigation

Final Audit Report 2022-05-19

| | |
|---|---|
| Created: | 2022-05-19 |
| By: | Juan Castaneda (juan@castanedaheidelman.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAderPK7Q_vduOfCkLVKdA7DD0le4bAiEg |

## "2022-05-18--Engagement Letter Red Bull--Investigation" History

Document created by Juan Castaneda (juan@castanedaheidelman.com)
2022-05-19 - 1:09:41 AM GMT- IP address: 8.46.79.250

Document emailed to Kim Brooks (kim.brooks@redbull.com) for signature
2022-05-19 - 1:10:27 AM GMT

Email viewed by Kim Brooks (kim.brooks@redbull.com)
2022-05-19 - 1:10:49 AM GMT

Document e-signed by Kim Brooks (kim.brooks@redbull.com)
Signature Date: 2022-05-19 - 7:09:43 PM GMT - Time Source: server- IP address: 23.242.78.85

Agreement completed.
2022-05-19 - 7:09:43 PM GMT