FILED
10/25/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES LECLERC,
Plaintiff,

v.

RED BULL NORTH AMERICA, INC.;
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.;
KIM BROOKS, individually; and
JUAN C. CASTANEDA, individually,
Defendants.

Case No. 1:26-cv-07715

Case No: 1:26-CV-07715

Judge Sharon Johnson Coleman

# EXHIBIT F

## May 15-19, 2026 Email Exchange

Complete five-page email chain supplied in the source PDF.

**Included materials**

May 15-19 email exchange, original pp. 1-5

Source pagination is preserved. Any references to source PDF pages identify physical page positions in the original file.

**charles_leclerc@outlook.com**

| | |
|---|---|
| **From:** | Charles Leclerc <charles_leclerc@outlook.com> |
| **Sent:** | Tuesday, May 19, 2026 12:31 PM |
| **To:** | Cortez, Amy R.; Deborah Stewart |
| **Cc:** | John Griffin; Robert Essertier; Rudd, Jeffrey L.; Cortez, Amy R. |
| **Subject:** | Re: Leclerc, Charles v. Red Bull North America, Inc. - JAMS# 5340001145 Thank you |

Claimant replies briefly to Respondent's opposition.

**1. The request is not duplicative.**

Claimant's prior request sought to compel Respondent to authenticate the document via Adobe Sign. That was denied. The present request seeks (a) to compel Respondent to produce the genuine certified package it already possesses, or (b) to subpoena Adobe Inc. as a neutral third party. A subpoena to a non-party under JAMS Rule 21(d) and FAA §7 has never been requested or ruled upon. Respondent conflates distinct remedies because it cannot defend against the subpoena on the merits. **2. Respondent evades the core issue.**

The question is why the Tribunal should accept an inferior substitute—a static PDF—when the genuine Adobe Sign certified package is in Respondent's possession or immediately retrievable. Respondent's opposition does not answer this question. It does not produce the package. It does not explain the contradiction between the July 22, 2022 letter and the proffered contract. It relies entirely on procedural arguments to avoid the substance.

**3. The page-limit objection is baseless.**

Claimant's request is two pages. The exhibits are not part of the request. Respondent's procedural objection is a distraction from its failure to address the merits.

**4. Respondent's accusation of disregard for orders is unfounded.**

Claimant has complied with every arbitral order, JAMS rule, and the FAA since the start of this Arbitration, whereas the record incontestably proves the opposite is egregiously true regarding Respondent.

**5. Respondent has made a false statement to the Tribunal about its ability to retrieve the certified package—provable from the audit report Respondent itself produced in its submission of the purported engagement agreement.**

At the May 12 hearing, Respondent stated it cannot retrieve the genuine Adobe Sign certified package. That statement was false. The record makes this conclusion incontestable.

1. Respondent already produced the Adobe Sign final audit report—a component of the certified package itself. Respondent cannot possess part of the package and claim the whole is inaccessible.
2. Adobe Sign emails the complete certified package to all signers upon execution. Kim Brooks and Juan Castaneda received it.
3. Respondent is legally obligated to preserve all personnel records relevant to a charge of discrimination until final disposition. 29 CFR § 1602.14. This arbitration is part of that disposition. The certified package is directly relevant.

4. Even if the email were deleted, the package remains retrievable directly from Adobe Sign by any signer at any time (Brooks and Castaneda), at no cost. A material false statement to a tribunal—provable from the record already before it—is fraud on the tribunal. The facts compel this conclusion. Claimant respectfully submits that the record now reflects this.

**6. The Tribunal's own certification order and the present request lead to the same inescapable conclusion.**

The Arbitrator ordered Respondent to produce a certification from someone with knowledge that the PDF is authentic, accurate, and complete. The only persons with knowledge of how the contract was consummated are Kim Brooks and Juan Castaneda. Only they can meaningfully comply with the order. A certification from anyone else is legally worthless—a secretary cannot certify what was agreed to, a supervisor who never saw the document cannot swear to its accuracy, and no human being can certify a four-year-old document from memory alone. The only way Brooks or Castaneda can truthfully certify the PDF is by comparing it against the genuine Adobe Sign certified package. Respondent claims it cannot retrieve that package. The statement is false. But even if it were true, Respondent would have admitted that compliance with the Tribunal's own order is impossible. Respondent cannot certify the document from memory. It cannot certify it from the PDF alone. It can only certify it from the Adobe Sign package—the very package Claimant seeks. The order and the request converge on a single, inescapable conclusion: the certified package must be produced.

Claimant respectfully requests that the Tribunal rule on the pending request. If the request is denied, Claimant requests a written ruling and preserves all rights for vacatur under FAA §10(a)(3) and (4).

Respectfully,

Charles Leclerc

---

**From:** Cortez, Amy R. <Amy.Cortez@ogletree.com>
**Sent:** Tuesday, May 19, 2026 11:59 AM
**To:** Deborah Stewart <dstewart@jamsadr.com>
**Cc:** John Griffin <jgriffin@jamsadr.com>; Robert Essertier <essertier@verticalpowersystems.com>; Charles Leclerc <charles_leclerc@outlook.com>; Rudd, Jeffrey L. <jeffrey.rudd@ogletreedeakins.com>; Cortez, Amy R. <amy.cortez@ogletreedeakins.com>
**Subject:** RE: Leclerc, Charles v. Red Bull North America, Inc. - JAMS# 5340001145 Thank you

Good afternoon,

This email serves as Respondent's Response to Claimant's *Request for Leave to File Motion to Compel Production of the Genuine Adobe Sign Certified Package or, in the Alternative, to Subpoena Adobe Inc. or Juan C. Castaneda (5.14.26)*:

> The Arbitrator must deny Claimant's Request. As an initial matter, during the May 12, 2026, hearing, Claimant specifically asked the Arbitrator to compel Respondent to produce Adobe metadata of its agreement with Attorney Castañeda. The Arbitrator explicitly denied Claimant's request, on the record, and instead directed Respondent to prepare a certification that it has produced an authenticate copy of its agreement with Attorney Castañeda. Respondent plans to comply. For Claimant to, not (2) days later, request leave to file a motion to compel something the Arbitrator already denied is wholly inappropriate further demonstrates his ongoing disregard of the Arbitrator's orders.
>
> Furthermore, this issue of the authenticity of Respondent's agreement with Castañeda has been addressed, and resolved, on multiple occasions. On September 4, 2025, Claimant filed a *Motion to Compel Production of the*

*Castañeda Engagement Agreement Contract*. On September 9, 2025, Respondent responded by producing the entirety of its engagement agreement with Attorney Castañeda (the "Engagement Letter"), **including the Adobe metadata thereof**. On September 21, 2025, Claimant filed a *Motion to Compel Complete Authenticated Production of the Castañeda Engagement Agreement and Related Materials; Or, in the Alternative, to Memorialize Refusal of Evidence and Excess of Powers*. Respondent prepared a brief Response, reiterating that it has already produced the authenticated agreement. This issue has been resolved on multiple occasions and must be closed.

Finally, Order No. 25 clearly states that any party wishing to request leave to file a motion must do so in no more than (2) double spaced pages. Claimant's Request, including his "exhibits," exceeds the 2-page requirement.

If the Arbitrator grants Claimant's instant request, he would be setting precedent that Claimant may continue to completely disregard the Arbitrator's rulings and orders through the remainder of this proceeding.

Thank you,

---

**From:** Deborah Stewart <DStewart@JAMSADR.com>
**Sent:** Friday, May 15, 2026 2:08 PM
**To:** Cortez, Amy R. <Amy.Cortez@ogletree.com>; Rudd, Jeffrey L. <jeffrey.rudd@ogletreedeakins.com>
**Cc:** John Griffin <JGriffin@jamsadr.com>; essertier@verticalpowersystems.com; charles_leclerc@outlook.com
**Subject:** RE: Leclerc, Charles v. Red Bull North America, Inc. - JAMS# 5340001145 Thank you

***[Caution: Email received from external source]***

---

Dear Ms. Cortez:

The May 19, 2026 date of your Response is acceptable to the Arbitrator.

Thank you for letting us know so quickly.

Sincerely,

Deb Stewart

**Deborah Stewart**
Senior Case Manager
P: 312-655-9192
dstewart@jamsadr.com

JAMS

71 S. Wacker Dr.
Suite 2400
Chicago, IL 60606
P: 312-655-0555
www.jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve even the most challenging disputes.* ***Learn more***.

**From:** Cortez, Amy R. <Amy.Cortez@ogletree.com>
**Sent:** Friday, May 15, 2026 1:35 PM
**To:** Deborah Stewart <DStewart@JAMSADR.com>; Rudd, Jeffrey L. <jeffrey.rudd@ogletreedeakins.com>
**Cc:** John Griffin <JGriffin@jamsadr.com>; essertier@verticalpowersystems.com; charles_leclerc@outlook.com
**Subject:** RE: Leclerc, Charles v. Red Bull North America, Inc. - JAMS# 5340001145 Please advise if a Response will be filed

⚠ **Caution:** This email originated from outside JAMS. Do not click on links, scan QR codes, or open attachments unless you recognize the sender and know the content is safe. ⚠

Deborah,

Yes, I plan to submit a Response to the below request. I kindly ask until Tuesday May 19 to submit a Response.

Thank you,

**From:** Deborah Stewart <DStewart@JAMSADR.com>
**Sent:** Friday, May 15, 2026 1:14 PM
**To:** Rudd, Jeffrey L. <jeffrey.rudd@ogletree.com>; Cortez, Amy R. <Amy.Cortez@ogletree.com>
**Cc:** John Griffin <JGriffin@jamsadr.com>; essertier@verticalpowersystems.com; charles_leclerc@outlook.com
**Subject:** Leclerc, Charles v. Red Bull North America, Inc. - JAMS# 5340001145 Please advise if a Response will be filed

***[Caution: Email received from external source]***

Dear Mr. Rudd and Ms. Cortez:

Please advise if you plan to file a Response to the Request for Leave to File Motion to Compel Production of the Genuine Adobe Sign Certified Package or, in the Alternative, to Subpoena Adobe Inc. or Juan C. Castaneda (5.14.26).

Sincerely,

Deb Stewart

**Deborah Stewart**
Senior Case Manager
P: 312-655-9192
dstewart@jamsadr.com

JAMS

71 S. Wacker Dr.
Suite 2400
Chicago, IL 60606
P: 312-655-0555
www.jamsadr.com

*For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve even the most challenging disputes.* ***Learn more***.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*