FILED
10/25/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES LECLERC,
Plaintiff,

v.

RED BULL NORTH AMERICA, INC.;
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.;
KIM BROOKS, individually; and
JUAN C. CASTANEDA, individually,
Defendants.

Case No. 1:26-cv-07715

Case No: 1:26-CV-07715

Judge Sharon Johnson Coleman

# EXHIBIT G

## October 1 and November 6, 2025 Responses

Both complete responses, including signature and service pages.

### Included materials

- October 1 response, source PDF pp. 1-4
- November 6 response, source PDF pp. 1-4

Source pagination is preserved. Any references to source PDF pages identify physical page positions in the original file.

**JAMS**

| | |
|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.<br><br>Respondent. | JAMS Ref. No. 5340001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**RESPONDENT'S RESPONSE TO CLAIMANT'S MOTION TO COMPEL COMPLETE AND AUTHENTICATED PRODUCTION OF THE CASTANEDA ENGAGEMENT AGREEMENT AND RELATED MATERIALS**

Respondent, RED BULL NORTH AMERICA, INC. ("Respondent" or "Red Bull"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits its Response to Claimant, Charles Leclerc's ("Claimant" or "Leclerc") Motion to Compel Complete and Authenticated Production of the Castaneda Engagement Agreement and Related Materials ("Claimant's Motion") as follows:

**BACKGROUND**

On September 4, 2025, Claimant filed a Motion to Compel Production of the Castaneda Engagement Agreement ("Claimant's First Motion"). In response to Claimant's First Motion, Respondent produced a copy of its Engagement Letter with Attorney Juan C. Castaneda ("Attorney Castaneda"). On September 18, 2025, the Arbitrator held that Respondent produced a copy of its agreement with Attorney Castaneda. [Dkt. No. 19]. On September 21, 2025, Claimant filed the instant Motion.

**ARGUMENT**

Respondent already provided Claimant with a complete and authenticated copy of its Engagement Letter with Attorney Castaneda as part of its Response to Claimant's First Motion.

For that reason, the Arbitrator held that Respondent complied with Claimant's First Motion. [Dkt. No. 19]. In his instant Motion, Claimant incorrectly states that Respondent provided "only a partial fee/signature page" and that its own exhibit reflects that supplemental attachments to the Engagement Letter exist. (Claimant's Motion, at 1). In fact, as part of its Response, Respondent produced a 4-page Engagement Letter, which included the scope of Attorney Castaneda's representation, fees and charges, litigation prospects, and document retention. In addition to the 4-page Engagement Letter, Respondent produced an Adobe Acrobat Sign page, which reflects a detailed record of the dates and times of the Engagement Letter exchanges between Respondent and Attorney Castaneda. Claimant's instant Motion is based on his unfounded belief that Respondent is withholding additional documentation related to the terms of Respondent's engagement of Attorney Castaneda based on privilege, and Respondent is refusing to provide a privilege log identifying those documents. Claimant, however, fails to provide any basis for this assumption. Instead, it appears that Claimant filed this Motion to convey his dissatisfaction with the limited terms outlined in the Engagement Letter. Claimant is seemingly frustrated that the Engagement Letter does not contain more specific details pertaining to Attorney Castaneda's engagement by Respondent. The Engagement Letter, however, is the only document setting forth the terms of Respondent's engagement of Attorney Castaneda. Respondent simply does not possess any further documentation regarding the terms of that engagement.

Finally, Claimant's Motion further reflects that Claimant continues to exhibit a consistent pattern of filing motions and objections in response to any unfavorable ruling, causing unnecessary expenditure of time and money for both parties and for the Arbitrator. For this reason, Respondent reiterates its request that the Arbitrator restrict Claimant from filing any subsequent Motions absent prior leave.

## CONCLUSION

Because Respondent has already produced a copy of its complete engagement agreement with Attorney Castaneda, Claimant's Motion to Compel Complete and Authenticated Production of the Castaneda Engagement Agreement and Related Materials should be denied.

Dated: October 1, 2025

Respectfully Submitted,

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jeffrey.rudd@ogletreedeakins.com*
*amy.cortez@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 1, 2025, the foregoing ***Respondent's Response to Claimant's Motion to Compel Complete and Authenticated Production of the Castaneda Engagement Agreement and Related Materials*** was served electronically via JAMS Access upon Claimant and Claimant's Representative.

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

**JAMS**

| | |
|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.<br><br>Respondent. | JAMS Ref. No. 5340001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**RESPONDENT'S RESPONSE TO CLAIMANT'S MOTION TO COMPEL AUTHENTICATED PRODUCTION OF THE CASTAÑEDA ENGAGEMENT AGREEMENT AND TO MEMORIALIZE RESPONDENT'S NON-COMPLIANCE WITH DISCOVERY AND ARBITRAL ORDERS**

Respondent, RED BULL NORTH AMERICA, INC. ("Respondent" or "Red Bull"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits its Response to Claimant's Motion to Compel Authenticated Production of the Castañeda Engagement Agreement and to Memorialize Respondent's Non-Compliance with Discovery and Arbitral Orders ("Claimant's Motion") as follows:

**BACKGROUND**

On September 4, 2025, Claimant filed a Motion to Compel Production of the Castañeda Engagement Agreement ("Claimant's First Motion"). In response to Claimant's First Motion, Respondent produced a copy of its Engagement Letter with Attorney Juan C. Castañeda ("Attorney Castañeda"). On September 18, 2025, the Arbitrator held that Respondent produced a copy of its agreement with Attorney Castañeda. [Dkt. 19]. On September 21, 2025, Claimant filed a Motion to Compel Complete and Authenticated Production of the Castañeda Engagement Agreement and Related Materials; or, in the Alternative, to Memorialize Refusal of Evidence and Excess of Powers ("Claimant's Second Motion"). On October 14, 2025, the Arbitrator ruled on Claimant's

Second Motion, holding that Respondent complied with the discovery request and directed Respondent to file a certification of this fact now or when all other discovery is completed. [Dkt. 23]. Since discovery in this case is not complete, Respondent has not yet filed a certification. On October 28, 2025, Claimant filed the instant Motion.

## ARGUMENT

As repeatedly stated by both Respondent and the Arbitrator, Respondent already provided Claimant with a complete and authenticated copy of its Engagement Letter with Attorney Castañeda. In his instant Motion, Claimant incorrectly states that Respondent provided "only a document describing a billing arrangement and referencing a 'Privileged Matter.'" (Claimant's Motion, at 1). This is not the case. Respondent produced a 4-page Engagement Letter, which included the scope of Attorney Castañeda's representation, fees and charges, litigation prospects, and document retention. The supplemental Adobe Acrobat Sign page reflected a detailed record of the dates and times of the Engagement Letter exchanges between Respondent and Attorney Castañeda. Claimant's continued assertions that supplemental documents pertaining to Respondent's engagement of Attorney Castañeda exist are unsupported and must be dismissed.

Further, as it relates to Claimant's allegation that Respondent's Engagement Letter is "legally not [a] contract under Federal, California, or Illinois law" (Claimant's Motion, at 2), the Arbitrator already clarified that the enforceability of the subject contract is not before him. [Dkt. 19].

Finally, Claimant's assertion that Respondent has failed to comply with the Arbitrator's directive in Order No. 16 is irrelevant here. Order No. 16 was entered in response to Claimant's Motion for Reconsideration and Amendment of Order No. 13, which did not pertain to Respondent's **engagement** of Attorney Castañeda. [Dkt. 16]. Order No. 16 states that a party

claiming privilege must provide a privilege log and produce the subject documents for an in-camera inspection by the Arbitrator.[1] *Id*. However, Respondent is not withholding any documents pertaining to its engagement of Attorney Castañeda. In fact, the Arbitrator already held that because Respondent does not claim privilege as to the relevant agreement, a privilege log and in-camera inspection are not required. [Dkt. 19].

## CONCLUSION

Because Respondent has already produced a copy of its complete Engagement Letter with Attorney Castañeda, Claimant's Motion to Compel Authenticated Production of the Castañeda Engagement Agreement and to Memorialize Respondent's Non-Compliance with Discovery and Arbitral Orders should be denied.

Dated: November 6, 2025

Respectfully Submitted,

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jeffrey.rudd@ogletreedeakins.com*
*amy.cortez@ogletreedeakins.com*

[1] Respondent has not produced a privilege log because it has not had the opportunity to supplement its discovery, as it was awaiting a final ruling on the applicability of the Confidentiality Order, for which Claimant filed two distinct motions and the parties subsequently fully briefed. On October 31, 2025, the Arbitrator entered a final ruling on the Confidentiality Order, confirming its applicability. [Dkt. 25]. As such, Respondent is in the process of finalizing its supplemental production, which will include a privilege log, as necessary.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 6, 2025, the foregoing ***Respondent's Response to Claimant's Motion to Compel Authenticated Production of the Castañeda Engagement Agreement and to Memorialize Respondent's Non-Compliance with Discovery and Arbitral Orders*** was served electronically via JAMS Access upon Claimant and Claimant's Representative.

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**