FILED
10/25/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES LECLERC,
Plaintiff,

v.

RED BULL NORTH AMERICA, INC.;
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.;
KIM BROOKS, individually; and
JUAN C. CASTANEDA, individually,
Defendants.

Case No. 1:26-cv-07715

Case No: 1:26-CV-07715

Judge Sharon Johnson Coleman

# EXHIBIT H

## Orders 16, 23, and Amended 35

Complete copies, arranged chronologically.

**Included materials**

Order 16, September 12, 2025, pp. 1-3

Order 23, October 14, 2025, pp. 1-3

Amended Order 35, May 14, 2026, pp. 1-2

Source pagination is preserved. Any references to source PDF pages identify physical page positions in the original file.

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.** | ) | |
| | ) | |
| **Respondent.** | ) | |

# ORDER NO. 16 – RULING ON CLAIMANT'S MOTION FOR RECONSIDERATION AND AMENDMENT OF ORDER NO. 13; AND TO COMPEL PRODUCTION (OR, IN THE ALTERNATIVE, A PRIVILEGE LOG AND IN-CAMERA REVIEW)

Claimant filed a Motion for Reconsideration and Amendment of Order No. 13. The Respondent filed a Response. Claimant filed a Reply and, in its Reply, Claimant added "and to compel production (or, in the alternative, a privilege log and in-camera review)". The Arbitrator has reviewed all these filings, including exhibits, the relevant case law, and the various rules involved.

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:

   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:

Natasha Erese
71 S. Wacker Drive, Suite 2400
Chicago, IL 60606
312-766-5184
nerese@jamsadr.com

4. Discussion

Order No. 13 states as follows:

> The Claimant brings this arbitration as a former employee against his former employer under a Mutual Agreement to Arbitrate. It is Claimant's position that he was wrongfully terminated. The parties are fully aware of the factual allegations and responses in this case and this order will only deal with those facts that are relevant to it.
>
> The Respondent hired an attorney to conduct an investigation into allegations of misconduct by claimant and provide legal counsel related to his findings. Said counsel interviewed seven (7) witnesses including claimant. The attorney prepared notes from each of these interviews. At the conclusion of his investigation, he provided senior legal counsel of Respondent, Kim Brooks, and Stephanie Carter, Talent Business Partner with the verbal report of his findings and recommendations. Legal counsel, Brooks, prepared a summary of her thoughts and impressions. The investigating attorney did not prepare a formal written report containing his findings and recommendations.

The foregoing is not at issue. Respondent has admitted the same. Therefore, the discussion regarding Section 1900 of the Unemployment Insurance Act is not applicable at this time.

If the Respondent states it does not have to produce the "summary" or any other document based on the Work Product Doctrine and Attorney – Client Privilege the following applies. Rule 20(d) of JAMS Employment Arbitration Rules and Procedures states that, while strict conformity to the rules of evidence is not required, "the Arbitrator shall apply applicable law relating to privileges and work product." Illinois Supreme Court Rule 201(n) states as follows:

> Claims of Privilege. When information or documents are withheld from disclosure or discovery on a claim that they are privileged pursuant to a common-law or statutory privilege, any such claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced or disclosed in the exact privilege which is being claimed.

Similarly, Rule 26 of the Federal Rules of Civil Procedure states that if a party expressly makes a claim of privilege, it must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim of privilege.

If a privilege is claimed with regard to this document or any other, therefore, the party claiming it must provide a privilege log and produce the subject documents for an in-camera inspection by the Arbitrator.

IT IS SO ORDERED

Dated: **September 12, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

**IN RE THE MATTER OF:** )
)
**Charles Leclerc,** )
)
**Claimant,** ) **JAMS Ref. No. 5340001145**
)
**vs.** ) **Arbitrator: Hon. John C. Griffin (Ret.)**
)
**Red Bull North America, Inc.** )
)
**Respondent.** )

**ORDER NO. 23 – RULING ON CLAIMANT'S MOTION TO COMPEL COMPLETE AND AUTHENTICATED PRODUCTION OF THE CASTANADA ENGAGEMENT AGREEMENT AND RELATED MATERIALS; OR IN THE ALTERNATIVE, TO MEMORIALIZE REFUSAL TO HEAR MATERIAL EVIDENCE AND EXCEEDING OF POWERS**

Claimant filed the above stated Motion. The Respondent filed a Response, and the Claimant filed a Reply. The Arbitrator has reviewed all these filings, including exhibits, the relevant case law, and the various rules involved.

1. **Parties and Counsel**. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.
2. **Arbitrator:**

Hon. John C. Griffin (Ret.)
71 S. Wacker Drive, Suite 2400
Chicago, IL 60606
312-655-0555
jgriffin@jamsadr.com

3. **Case Manager**:

Natasha Erese
71 S. Wacker Drive, Suite 2400
Chicago, IL 60606
312-766-5184
nerese@jamsadr.com

4. **Claimant's Motion**

Claimant's first request for production of documents included the following, among others:

> 4. Charles Leclerc Produce all documents and communications related to the investigation including:
>    1. Contract between Red Bull and the investigator.

In response to Claimant's Motion to Compel Production of the Castanenda Engagement Agreement, Respondent provided a copy of Red Bull's agreement with Attorney Juan Castaneda.

Claimant argues that the engagement agreement produced is not complete because it does not contain "operative content". Claimant cites 4 cases to support its position. The cases are not applicable nor persuasive in this matter. None of them involve attorney engagement agreements. They all involve litigation between parties to the agreements and the enforcement of the same.

Respondent states that the Engagement Letter which was produced is the only document setting forth the terms of Respondent's engagement of Attorney Castaneda. Respondent states that it does not possess any further documentation regarding the terms of the agreement. At this point, the Respondent has complied with the discovery request. Respondent shall file a certification of this fact now or when all other discovery is completed.

5. **Respondent's Renewed Motion to Bar Claimant from Filing any Subsequent Motions Absent Leave from the Arbitrator.**

Respondent seeks an order requiring the Claimant to seek leave from the Arbitrator prior to filing any subsequent motions. While JAMS does recognize and allows this in certain circumstances, The Arbitrator denies Respondent's motion at this time without prejudice. The parties are directed to JAMS Rule 29.

Dated: **October 14, 2025**

John C. Griffin
**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

JAMS

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.** | ) | |
| | ) | |
| **Respondent.** | ) | |

ORDER NO. 35 – AMENDED ORDER REGARDING THE CONFERENCE CALL OF MAY 12, 2026

There was a conference call to discuss discovery held on May 12, 2026.

1. **Parties and Counsel**. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access. Present for the Claimant were Charles Leclerc and Robert P. Esserter. Present for the Respondent were Jeffrey Rudd, Amy Cortez and Michelle Chung.

2. **Arbitrator**:

   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. **Case Manager**:

   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com .

**4. Castaneda Engagement Agreement**

Respondent shall provide a written certification that the Agreement previously produced is authentic, accurate, and complete. Claimant's request for authentication via direct transmission from Adobe Sign, including metadata and digital certificate transmitted directly to the parties, is denied. Claimant objected to this ruling.

**5. Meet and confer**

The Parties shall meet and confer after May 22, 2026, regarding outstanding discovery and attempt to resolve outstanding issues or narrow the same. When completed, the parties shall file modified discovery and responses and advise the Case Manager as to the status.

**6.** The Parties are requested to carefully review this order and report any necessary corrections to the Case Manager as soon as possible.

5…

Dated: May 14, 2026

______________________________

Hon. John C. Griffin (Ret.)

Arbitrator