FILED
10/29/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-07715

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-07715 |
| v. | ) | Judge Sharon Johnson Coleman |
| RED BULL NORTH AMERICA, INC., | ) | Magistrate Judge Karyn L. Bass Ehler |
| et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME (ECF NO. 62)**

Plaintiff Charles Leclerc, proceeding pro se, opposes Defendants' joint request to extend their November 9, 2026 reply deadline by fourteen days. ECF 62. Defendants seek to double a reply period this Court reaffirmed after authorizing consolidated briefing. Their motion counts navigational tables as part of the total page count, invokes anticipated complexity, recasts corroborating detail as new allegations, and emphasizes largely familiar record materials without explaining why the established deadline is insufficient. Good cause has not been shown.

**I. THIS COURT HAS EMPHASIZED THE LIMITED PURPOSE OF REPLY BRIEFS**

In *TomoCredit, Inc. v. Mikula*, No. 26-cv-02399, ECF 23 (N.D. Ill. June 4, 2026) (reproduced at Appendix A), this Court observed that "most reply briefs are not extensive" because they "may only respond to arguments made by the other party; they may not introduce new arguments." The Court rejected a requested 45-day extension, allowing fourteen additional days to a defendant seeking counsel and time for counsel to become familiar with the case. *Id.*

The three separate replies proposed in ECF 62 ¶ 5 correspond to Defendants' original three motions, ECFs 39, 42, and 44. That work was foreseeable. These represented Defendants may reply to Plaintiff's arguments but may not introduce new, independent grounds for dismissal. ECF 62 identifies no particular reason why they need fourteen additional days.

## II. DEFENDANTS ANTICIPATED THE VOLUME AND COMPLEXITY THEY NOW CITE

The Court established October 26 for Plaintiff's opposition and November 9 for Defendants' replies. ECF 48. On September 1, Greenberg's clients objected to consolidated briefing because it would increase reply work and might require each Defendant to analyze up to 53 pages. ECF 50 ¶¶ 5–6. Over that objection, the Court authorized a 45-page consolidated opposition. ECF 53.

Defendants now emphasize a 65-page total, but the substantive memorandum is 45 pages, exactly as authorized. ECF 62 ¶ 2. The remaining pages contain the table of contents, table of cases, signature, and exhibit index—not additional argument. The tables organize the issues and authorities with page references; if anything, they facilitate efficient review and reply preparation.

The September 4 Joint Status Report already identified the disputed engagement, Adobe Sign source materials, alleged concealment, authenticity, privilege, jurisdiction, and tort sufficiency. ECF 54 at 2–3. On September 8, the Court expressly maintained the briefing schedule. ECF 55. Plaintiff timely submitted his opposition within the 45-page limit. The workload and defendant-specific complexity invoked in ECF 62 ¶ 6 were thus anticipated; Defendants identify no particularized reason why that anticipated work requires twice the time already allotted.

## III. THE EXHIBITS LARGELY COMPILE DEFENDANTS' EXISTING RECORD

ECF 62 ¶¶ 2–3 emphasizes 161 pages of exhibits but does not distinguish new material from the existing record. The exhibits principally assemble Red Bull's own correspondence, arbitration submissions, engagement-agreement production, Adobe audit record, interrogatory responses, Ogletree's submissions, hearing transcript, arbitration orders, employment correspondence, and privilege log. Other materials include previously exchanged communications, the EEOC charge, and public Adobe and JAMS documentation.

These exhibits were provided chiefly so this Court could examine the factual record supporting the Complaint—not to surprise Defendants with 161 pages of newly discovered evidence. Much originated with Defendants or their counsel; their counsel participated in the May 12, 2026 hearing. The two declarations add firsthand detail. ECF 62 identifies no unfamiliar exhibit or particular document requiring extraordinary investigation.

## IV. PLAINTIFF ASSERTS NO NEW OPERATIVE FACTUAL THEORY OR CLAIM

Defendants assert "extensive new and additional factual allegations" without identifying any specific supposedly new allegation. ECF 62 ¶ 6. Plaintiff has not amended ECF 11, added defendants or causes of action, or substituted a different theory. The opposition answers Defendants' dismissal arguments and supplies documentary corroboration, testimonial particulars, and legal analysis of the already pleaded coordinated scheme and its alleged injuries.

As Plaintiff's memorandum explains, the declarations and Exhibits A–O "elaborate facts consistent with the Complaint." ECF 59, memorandum at 4. Additional evidentiary detail and subsequent developments do not amend the operative pleading; the memorandum separately preserves potential amendment or supplementation under Rules 15(a) and 15(d). *Id.* at 45. The motion identifies nothing that materially changes Defendants' reply obligations.

## V. DEFENDANTS HAVE NOT SHOWN PARTICULARIZED GOOD CAUSE

Rule 6(b)(1)(A) requires good cause, and this Court's standing procedures require the supporting circumstances to be explained in detail by written motion. ECF 62 identifies no particular scheduling conflict, newly discovered issue, or unfamiliar exhibit explaining why November 9 is insufficient. It instead invokes length and complexity already raised in ECF 50 and known when the Court maintained its schedule. The limited scope of reply briefing recognized in *TomoCredit* reinforces the need for a specific explanation, not a generalized assertion of workload.

Although ECF 62 ¶ 7 accurately describes this as Defendants' first request to extend *reply* deadlines, both firms previously obtained extensions to respond to the Complaint. ECFs 21, 25, 30. Brooks and Castañeda also obtained an enlarged opening memorandum limit. ECF 38. Plaintiff timely filed his opposition without requesting more substantive briefing time. Continued delay postpones consideration of claims alleging ongoing evidentiary obstruction and independent injuries; a bare assertion of no prejudice, ECF 62 ¶ 8, does not establish good cause.

**WHEREFORE**, Plaintiff respectfully requests that the Court **deny** Defendants' Joint Motion for Extension of Time (ECF 62) and **maintain the November 9, 2026 reply deadline**.

Dated: October 29, 2026
Respectfully submitted,

/s/ Charles Leclerc
Charles Leclerc
Plaintiff, Pro Se
400 W. Ontario St., #603
Chicago, IL 60654
Tel: (612) 600-4044
Email: charles_leclerc@outlook.com

# APPENDIX A

## PUBLIC DOCKET TEXT — MINUTE ENTRY

*TomoCredit, Inc. v. Mikula*, No. 1:26-cv-02399, ECF No. 23
United States District Court, Northern District of Illinois
Filed June 4, 2026

MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant Mikula's three identical motions [19, 20, 21] to extend his deadline to file his reply brief are granted in part. Mr. Mikula has requested an extension of 45 days so that he may have time to hire an attorney, and for that attorney to come up to speed on the case. However, Mr. Mikula is the one who decided to file the pending motion to dismiss in the first place, and an extension of 45 days would represent almost a three-fold increase in the amount of time allotted for the reply brief. The Court observes that most reply briefs are not extensive, as they may only respond to arguments made by the other party; they may not introduce new arguments. The Court will grant Mr. Mikula an additional 14 days to file his reply brief, moving his deadline to 6/17/2026. No further extensions will be considered. Whether or not the Court receives Mr. Mikula's reply brief, it will take the motion under advisement after the due date and issue a ruling on the basis of the filed briefs. Mailed notice. (ym) (Entered: 06/04/2026)

**Source:** Public CourtListener docket-entry text, ECF No. 23, https://www.courtlistener.com/docket/72358753/23/tomocredit-inc-v-mikula/. This reproduction is not a PACER-stamped or certified court copy.