FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case No: 1:26-CV-07715

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-07715 |
| v. | ) | Judge Sharon Johnson Coleman |
| RED BULL NORTH AMERICA, INC., | ) | Magistrate Judge Karyn L. Bass Ehler |
| et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION PENDING THE COURT'S ARBITRATION ENFORCEMENT DECISION**

Plaintiff Charles Leclerc seeks relief under Rule 65 solely against Defendant Red Bull North America, Inc., the only defendant that is a party to the Mutual Agreement to Arbitrate ("MAA") and the sole respondent in JAMS Ref. 5340001145. Plaintiff asks the Court to stop Red Bull's second bid for summary disposition and pause the employment merits while the Court decides Plaintiff's defense under FAA § 2 to enforcing MAA § 11 and his separate default objection under FAA § 3. Production, inspection, preservation, and correction may continue. ECF 43-1 §§ 4–5, 10–11. ECF 59 at 5–13, 15.

1. Red Bull invokes the MAA to seek dismissal here while pressing for an employment decision under the same agreement in JAMS. The Complaint seeks records that bear on the alleged fraud and contractual performance here and on Red Bull's stated reason for termination in JAMS. ECF 11 ¶¶ 3–5, 13, 18–21, 111–120, Prayer VI.D, F. Ex. A at 6–7.

2. Red Bull remains delinquent in JAMS discovery. Orders 6, 8, and 9 set and extended response deadlines through March 28, 2025. Order 11 required Red Bull's response to the document requests by April 30, 2025. Supplemental Ex. N at 2, 5, 7, 9. Red Bull acknowledged incomplete production on April 15, 2025 and later claimed completion. Id. at 10–11, 15. Ex. K at 8–9. Plaintiff still lacks the source and investigation records, and has received no notice of submission for the ordered inspection. ECF 58 ¶¶ 37, 54–55, 59–64. Supplemental Declaration

¶ 2. Red Bull's September 1, 2026 amended answers also leave questions on other employment claims unanswered. Ex. L at 6–7, 13 (Nos. 6, 16).

3. Plaintiff alleges that Red Bull knowingly supplied a materially altered, incomplete, or deceptive engagement document as genuine and used false accounts of completeness, possession, and access to frustrate verification. The duty to exchange information honestly applied when Red Bull produced the document and made those representations. ECF 11 ¶¶ 82–108. ECF 59 at 5–11. The Adobe transaction and Red Bull's own representations identify what source testing can resolve. ECF 60-1 at 3, 7–11. ECF 60-4, Tr. 7:7–8:8. ECF 60-5 at 3–4. Count III alleges loss or destruction in the alternative. ECF 11 ¶¶ 127–131.

4. On January 13, 2025, Griffin denied without prejudice Red Bull's first request for leave to seek summary disposition of Claims and Legal Foundations VI through XX. The facts were too unclear to assess likely success. Ex. F at 2 ¶ 4, 3. The record shows no Red Bull merits-timetable motion for nearly six months after Plaintiff's May 14, 2026 source request. On November 6, 2026, twelve days after Plaintiff's October 25, 2026 federal opposition, Red Bull made its second bid through a schedule for a renewed motion and a final hearing. ECF 59 at 1. Ex. A at 1–2, 6–7. Supplemental Declaration ¶ 3. The motion identifies no evidence or resolved issue answering Order 4 and supplies no Rule 18 showing. The schedule would allow merits steps before a ruling on the source request or completion of the inspection. A decision before disclosure would deny Plaintiff use of evidence bearing on the misconduct findings Red Bull says were its sole reason for termination, fraud, and contractual performance. ECF 60-4, Tr. 14:9–21. ECF 58 ¶¶ 34–38, 59–64. Supplemental Declaration ¶ 7.

4(a). Order 22 (October 14, 2025) denied "at this time" Red Bull's bid to require leave from Plaintiff alone. Red Bull renewed it on October 27, 2025. Order 25 (October 31, 2025)

required both parties to seek leave by letter of at most two double-spaced pages. Red Bull obtained leave for its confidentiality motion on November 12, 2025. Ex. I at 14, 16–17. Ex. K at 6–7. Ex. F at 5–7. Plaintiff sought leave under Order 25 on May 14, 2026. Red Bull opposed his source request, which still awaits a ruling. Ex. G at 1–7. ECF 60-5. Plaintiff received neither a leave request nor a grant for Red Bull's November 6, 2026 motions and objected on November 8, 2026. The conference correspondence identifies no prior authorization. Exs. C, E, M. Supplemental Declaration ¶¶ 2–3.

4(b). The October 28, 2025 authentication motion took over six months to decide. The separate May 14, 2026 request remains undecided despite follow-ups on June 22, 2026 and July 14, 2026 and renewed requests on November 8, 2026 and November 13, 2026. JAMS offered conference dates on November 13, 2026, two days after Red Bull's November 11, 2026 request. This history shows why merits scheduling at Red Bull's request is likely to advance ahead of evidence access. Exs. E, G, M, O. ECF 58 ¶¶ 47–54. Supplemental Declaration ¶ 2.

5. Plaintiff brought separate tort claims here and kept the source request in JAMS alive to test Red Bull's performance before deciding where to pursue his employment claims. On July 27, 2026, Stein proposed discussing a mutual forum change. Plaintiff declined to dismiss the arbitration "at this time." His November 8, 2026 request sought to pause merits adjudication while expressly allowing the evidence work to continue. Exs. D, G–H. Supplemental Declaration ¶ 4.

6. The proposed order bars Red Bull from seeking a JAMS ruling on the specific § 11 challenge or penalties for paused submissions. It preserves evidence and permits correction. The restraint is subject to thirty-day review and ends upon resolution of the pending MAA-enforcement and protective issues, as specified in the order.

7. Plaintiff requests that the Court direct Red Bull alone to respond on an expedited schedule and allow limited source discovery on issues this Court retains. Fed. R. Civ. P. 26(b)(1), (d)(1). He seeks waiver of security if the Court finds no danger of monetary loss from the restraint, or security justified by the record. Fed. R. Civ. P. 65(c).

**REQUEST FOR WRITTEN SUBMISSION AND TO EXCUSE APPEARANCE**

8. Plaintiff will be abroad and unavailable to appear from November 19, 2026, through December 1, 2026. Supplemental Declaration ¶ 9. He requests excusal at presentment and any further proceeding on this motion during that period, expedited briefing with a response from Red Bull, and decision on the written record. The motion and supporting papers supply the grounds and evidence. Fed. R. Civ. P. 65(a)(1), 78(b). N.D. Ill. LR 78.3.

9. Plaintiff asks the Court to rule on the appearance request before November 19, 2026 if practicable and to take the presentment off calendar when it sets written briefing. The Court previously excused noticed appearances in this case by written orders resolving procedural matters. ECF 30 at 1. ECF 38 at 1. ECF 65 at 1.

WHEREFORE, Plaintiff requests entry of the proposed injunction directed to Red Bull and prompt rulings on MAA enforcement, including the specific § 11 challenge, and the related protective request. Plaintiff also requests submission on the written record and an order excusing his appearance as set out above.

Dated: November 15, 2026

Respectfully submitted,

/s/ Charles Leclerc

Charles Leclerc

Plaintiff, Pro Se

400 W. Ontario St., #603

Chicago, IL 60654

Tel: (612) 600-4044

Email: charles_leclerc@outlook.com