RECEIVED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-07715

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-07715 |
| v. | ) | Judge Sharon Johnson Coleman |
| RED BULL NORTH AMERICA, INC., | ) | Magistrate Judge Karyn L. Bass Ehler |
| et al., | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER GRANTING A PRELIMINARY INJUNCTION PENDING THE COURT'S ARBITRATION ENFORCEMENT DECISION**

On Plaintiff's noticed motion and the evidentiary record, the Court makes these preliminary findings under Rules 52(a)(2) and 65:

1. The Court has independent jurisdiction over the controversy pleaded in ECF 11. The motion seeks relief solely against Red Bull, the sole JAMS respondent and the only defendant that is a party to the Mutual Agreement to Arbitrate ("MAA"). The same missing records bear on fraud and enforcement of the MAA here and on Red Bull's stated reason for termination in JAMS. The restraint protects Plaintiff's opportunity to use that evidence while the Court decides the pending MAA-enforcement issues, including Plaintiff's material-nonperformance defense to § 11 under FAA § 2 and his separate default objection under FAA § 3, and Plaintiff's related protective request. ECF 11 ¶¶ 13, 18–21, Prayer VI.D, F. ECF 43-1 §§ 4–5, 10–11. ECF 59 at 5–13, 15.

2. The Adobe audit records completion of the engagement on May 19, 2022, before the complaints that Red Bull said prompted the retention. The chronology, the later production and custody accounts, and the evidence of reliance and resulting loss make a strong showing of likelihood of success on the existing fraud claim. ECF 58 ¶¶ 13, 16, 18, 21, 25–28, 39–54, 59–66; ECF 57 ¶ 29(a); ECF 60-1 at 3, 7–11; ECF 60-4, Tr. 7:7–8:8; ECF 60-5 at 3–4. The September 9, 2025 production and Red Bull's representations raise a substantial question

whether it performed the MAA's good-faith discovery obligations and whether access to the evidence needed to test performance was impaired. The submitted record shows no confirmation that Red Bull submitted the materials for the separately ordered inspection. ECF 43-1 §§ 4–5, 11; ECF 60-7 at 4; Supplemental Ex. N at 2, 5, 7, 9–11, 15; Supplemental Declaration ¶ 2.

3. Griffin denied Red Bull's first request for leave to seek summary disposition of Claims and Legal Foundations VI through XX without prejudice on January 13, 2025 because the factual basis was too unclear to assess likely success. Ex. F at 1–2. After Red Bull renewed its request to restrict Plaintiff's filings on October 27, 2025, Order 25 (October 31, 2025) imposed the same prior-leave requirement on both parties. On November 12, 2025, Red Bull obtained specific leave under that procedure to file an amended confidentiality motion. Ex. I at 14, 16–17; Ex. F at 4–7. Plaintiff used the same procedure on May 14, 2026 to seek production of the source package or a subpoena. Red Bull opposed it, and the request remains unresolved. Ex. G at 1–7; ECF 60-5. For nearly six months after the May 14, 2026 request, the submitted record shows no motion by Red Bull for a merits timetable. On November 6, 2026, twelve days after Plaintiff filed his opposition to dismissal in this Court on October 25, 2026, Red Bull made its second bid for summary disposition by seeking a timetable that would set a final hearing and allow a renewed motion if Griffin grants permission under JAMS Rule 18. The proposed timetable would allow the employment claims to move toward a decision without first resolving the source request or completing the ordered inspection. ECF 59 at 1; Ex. A at 1–2, 6–7; Supplemental Declaration ¶ 3. Red Bull's filing identified no new merits evidence or resolved factual issue that addressed the reasons for the first denial. The record shows no prior grant of leave for the November 6, 2026 motions. Plaintiff objected on November 8, 2026. Ex. A at 1–2, 6–7; Ex. C at 1–2; Exs. E, M; Supplemental Declaration ¶¶ 2–3.

3(a). The October 28, 2025 motion seeking direct Adobe authentication was decided May 12, 2026, more than six months after filing. The separate May 14, 2026 leave request remained undecided through November 13, 2026 despite completed briefing, the June 22, 2026 and July 14, 2026 follow-ups and Plaintiff's November 8, 2026 and November 13, 2026 requests for a ruling. JAMS offered conference dates on November 13, 2026, two days after Red Bull's November 11, 2026 request. This history supports finding that the merits timetable is likely to advance before Plaintiff has a meaningful opportunity to obtain and use the evidence. Exs. E, G, K, M, O; ECF 60-4, Tr. 4:4–8, 5:8–11; Supplemental Declaration ¶¶ 2–3.

4. Plaintiff faces likely irreparable harm if the employment claims proceed to decision before the missing evidence can be obtained and used. The source and custody records bear on the engagement's purpose and Red Bull's later representations. The investigation records bear on what witnesses reported, what the investigators conveyed, and what the termination decisionmakers actually received. These materials bear directly on the separate federal fraud claim and the challenges to contractual performance and delegation. Excluding undisclosed material from Red Bull's presentation still leaves Plaintiff without the records he needs to test Red Bull's stated basis for termination. Preservation alone supplies no present access. Damages cannot restore Plaintiff's opportunity to use the evidence before a merits decision. On this record, review after an adverse award would come after the opportunity to use the records before decision had passed and would still depend on evidence of what was withheld and why it mattered. ECF 60-4, Tr. 14:9–21, 40:14–43:15; ECF 58 ¶¶ 34–38, 54–55, 59–64; Supplemental Declaration ¶¶ 2, 7.

5. The limited restraint protects the opportunity to test the evidence while allowing corrective work to proceed. The threatened loss of that opportunity outweighs the delay to Red

Bull, which can continue evidence work and case preparation. The defined endpoint and thirty-day review limit delay. Fair adjudication on a reliable record serves the public interest. The Court finds no danger of monetary loss attributable to this limited restraint on the present record and waives security under Rule 65(c), subject to reassessment upon a supported showing.

**IT IS ORDERED**

1. Persons bound. This order binds Red Bull North America, Inc., its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with any of them. Each is bound upon receiving actual notice by personal service or otherwise, as provided in Rule 65(d)(2).

2. Prohibited acts. In JAMS Ref. 5340001145, *Leclerc v. Red Bull North America, Inc.*, Red Bull shall not:

(a) on the employment claims pending in JAMS, seek or implement dates for summary disposition, prehearing merits submissions, a prehearing conference directed to a merits hearing, or the merits hearing, including under the November 6, 2026 proposed order; request permission for or pursue summary disposition, summary judgment, dismissal on the merits, or another claim-disposing merits determination; request or pursue a final evidentiary merits hearing or a final merits award; or seek enforcement of a merits determination pursued in violation of this order;

(b) request or pursue an arbitral ruling on Plaintiff's specific challenge to enforcing MAA § 11 against the federal tort claims, based on knowingly deceptive, altered, or materially incomplete source production, false completeness, custody, possession, or access accounts, and concealment impairing proof of nonperformance in that delegated inquiry, together with the separately asserted failure to submit privilege-claimed documents for ordered inspection;

(c) seek to require Plaintiff to submit a brief, factual statement, evidentiary presentation, or hearing submission directed to a determination described in subparagraph (a) or (b), or seek default, dismissal, waiver, preclusion, sanctions, or other adverse relief because he did not make such a submission while this order remained effective.

3. Notice and abeyance. Within two business days after entry, Red Bull shall provide this order to JAMS and the arbitrator, copy Plaintiff, and request abeyance of the matters covered by paragraph 2. Either party may seek clarification if an arbitral direction conflicts. This order directs Red Bull's conduct; it does not independently bind JAMS or the arbitrator.

4. Duration and review. The restraint takes effect upon entry and ends when this Court rules on the MAA-enforcement issues raised in the pending dismissal briefing and resolves Plaintiff's related protective request, unless this Court expressly orders otherwise. An order rejecting the specific delegation challenge and directing arbitration ends the restraint unless it expressly provides otherwise. The Court will review necessity approximately thirty days after entry. Either party may seek earlier modification upon a material change. Any extension requires an express order; continued pendency of the independent tort claims alone does not extend the restraint.

5. Prompt determination and permitted activity. The Court will set an expedited schedule and any necessary evidentiary hearing for the pending enforcement and protective issues. Either party may request narrowly directed discovery necessary to issues retained by this Court under the applicable Federal Rules. In JAMS, consideration and implementation of the May 14, 2026 source-production or subpoena request, in-camera submission and review, preservation, production, and other nonmerits corrective evidence work may continue. Conferences may address that work, abeyance, and administration consistent with this order. Corrective evidence

work is permitted even when the evidence bears on § 11; paragraph 2(b) restrains adjudication of the defined challenge, not development of its evidence. Existing preservation obligations remain effective. This order resolves no discovery or privilege dispute and imposes no new confidentiality terms.

6. Preservation and court access. While this order remains in effect, Red Bull shall preserve records in its possession, custody, or control concerning the May 19, 2022 Adobe engagement transaction, including existing native files, certificates, audit information, retrieval and transfer history, and source-to-production comparisons; and the identified Castañeda investigation notes, Brooks summary, and decisionmaker materials. Existing metadata shall be retained with those records. Privilege and confidentiality objections remain reserved. The parties may seek this Court's determination concerning protected material through the applicable sealed-filing procedure and must comply with this Court's lawful discovery orders. This paragraph does not authorize public disclosure or resolve a privilege claim.

ENTERED: ____________________

___________________________________
SHARON JOHNSON COLEMAN
United States District Judge