FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-07715

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-07715 |
| v. | ) | Judge Sharon Johnson Coleman |
| RED BULL NORTH AMERICA, INC., | ) | Magistrate Judge Karyn L. Bass Ehler |
| et al., | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL DECLARATION OF CHARLES LECLERC IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Charles Leclerc, declare pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and the claimant in JAMS Ref. No. 5340001145. I supplement my October 25, 2026 declaration (ECF 58) from personal knowledge.

2. As of the date I sign this declaration, I have received no ruling on my May 14, 2026 request for leave to seek production of the complete Adobe Sign source package or a subpoena, or on my November 8, 2026 request for leave and immediate suspension of merits proceedings. I still have not received the complete Adobe Sign source package, Castañeda's interview notes, Brooks's summary, or either certification identified in ECF 58 ¶ 54. I have received no notice that Red Bull submitted the Order 16 materials for in-camera review.

3. Before Red Bull filed its November 6, 2026 motions, I received no request for leave to file either motion or notice that Griffin granted leave. Between my May 14, 2026 request and those motions, I received no motion from Red Bull to schedule summary disposition or a final hearing. Between my May 19, 2026 reply and those motions, I sought no merits schedule or merits ruling in JAMS. I objected on November 8, 2026 and renewed my objections on November 13, 2026. The November 13, 2026 exchange proposed conference dates.

4. On July 27, 2026, I declined to dismiss the arbitration because I wanted to obtain the missing source and investigation records before deciding whether to agree to a different forum for my employment claims. Stein and I reached no agreement to change forums. Ex. H at 1.

5. Before arbitration, I had the religious-accommodation correspondence, my email to Castañeda after the interview, and the Slater Letter among other independently obtained records. These records were shared with Red Bull throughout the JAMS discovery process before they shared anything with me, and sit in a .ZIP folder on the JAMS docket. I rely on those records to describe the underlying events prior to the arbitration. I personally reviewed the documents I received in discovery from Red Bull. Red Bull marked nearly all of the documents it produced to me as confidential. The markings extend beyond the JAMS confidentiality rules. The parties exchanged discovery directly. Griffin was not a recipient of those exchanges.

6. I reviewed Supplemental Exhibits A–O. Apart from the identifying covers and index, they accurately reproduce the documents, correspondence, or excerpts I sent, received, or obtained from the JAMS record. The covers of Exhibits G, I, J, and K identify omitted attachments or appended pages. Exhibits H and M reproduce my July 23, 2026 and July 27, 2026 correspondence and my November 13, 2026 correspondence, respectively.

7. If my employment claims are decided before I obtain the outstanding records, I will lose the opportunity to use them to test and respond to the misconduct findings Red Bull says were the sole reason for my termination.

8. When I filed this action on July 1, 2026, I was a United States citizen domiciled in Illinois.

9. I will be abroad and unavailable to appear from November 19, 2026, through December 1, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 15, 2026

Respectfully submitted,

/s/ Charles Leclerc

Charles Leclerc

Plaintiff, Pro Se

400 W. Ontario St., #603

Chicago, IL 60654

Tel: (612) 600-4044

Email: charles_leclerc@outlook.com