FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-07715

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT C

## November 8, 2026 consolidated procedural objection

2 source pages follow this identifying cover.

This cover is not part of the original document. References to pages of this exhibit exclude this cover.

**CONSOLIDATED PROCEDURAL OBJECTION TO RESPONDENT'S NOVEMBER 6, 2026 MOTIONS AND CONDITIONAL REQUEST FOR LEAVE**

November 8, 2026

Dear Judge Griffin,

Claimant demands immediate denial and striking of Respondent's November 6, 2026 Motion for Entry of Proposed Case Management Order and Motion for Entry of Second Amended Confidentiality Order, and a written ruling on Claimant's fully briefed May 14 leave request before entertaining later substantive motions. Both November motions were filed without prior permission, in violation of Order No. 25.

Paragraph 5 is unequivocal: "No party shall be allowed to file a motion herein without obtaining prior permission from the Arbitrator." Leave requires a letter limited to two double-spaced pages. The Arbitrator must enforce that prerequisite against Respondent.

Respondent advocated this restriction on October 27, 2025, § B, pp. 2–3, and invoked it on November 3, 2025. Order No. 28, ¶ 4, authorized only that motion, due November 18, 2025. Respondent obtained no standing permission. The restriction it demanded must bind it equally.

Claimant has always complied with this procedure, including on May 14, 2026, seeking leave to compel the Adobe source package or, alternatively, subpoena Adobe or Castañeda. Respondent opposed and Claimant replied on May 19, completing briefing. Despite June 22 and July 14 follow-ups, the request remains undecided nearly six months later. Claimant cannot remain indefinitely at the permission stage while Respondent bypasses it.

**Does Respondent believe its contractual obligation under the MAA it drafted to pay the forum's fees and the Arbitrator's compensation makes the Arbitrator answerable to it or places his discretion at its service?**

MAA § 8 allocates costs; § 4 requires neutrality. Payment purchases no exemption from Order No. 25 and creates no duty of loyalty to Respondent. Respondent cannot demand restrictions for Claimant and exceptions for itself. Its attempted bypass, while Claimant's compliant request remains undecided, has destroyed Claimant's confidence in the forum's evenhanded administration. Discretion cannot become immunity for Respondent's consistent procedural violations.

MAA § 5 guarantees reasonable discovery. Incorporated JAMS Rule 17(d) commands that the Arbitrator "shall decide the dispute"; Rule 17(e) requires approval for third-party discovery. Continued inaction violates the promised process and prejudices Claimant's ability to test the purported Castañeda engagement agreement's authenticity, completeness, and custody—issues central to this controversy. Basic fairness demands a ruling on Claimant's fully briefed request before Respondent's later substantive applications are entertained.

Both unauthorized motions must be denied and stricken without reaching their merits. Excusing Respondent's noncompliance would substitute the Arbitrator's own brand of justice for evenhanded enforcement of Order No. 25. Any consideration of either motion in violation of Order No. 25 must include an express response opportunity and deadline for Claimant before any merits ruling.

Under Order No. 25, ¶ 5, Claimant requests any leave required to obtain these rulings. Claimant submits under protest and reserves every substantive objection and all challenges to enforcement of the MAA, including its § 11 delegation provision.

Respectfully submitted,

Charles Leclerc, Claimant