FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No: 1:26-CV-07715

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT D

## November 8, 2026 expedited leave and temporary-stay request

2 source pages follow this identifying cover.

This cover is not part of the original document. References to pages of this exhibit exclude this cover.

## REQUEST FOR EXPEDITED LEAVE TO SEEK A TEMPORARY STAY AND IMMEDIATE INTERIM SUSPENSION

November 8, 2026

Dear Judge Griffin,

Claimant requests expedited leave under Order No. 25, ¶ 5, to stay this entire arbitration, including Claimant's employment claims, pending Judge Sharon Johnson Coleman's enforcement ruling in *Leclerc v. Red Bull North America, Inc., et al.*, No. 1:26-cv-07715 (N.D. Ill.). The unadjudicated fraud charge makes immediate suspension imperative.

Claimant's May 19, 2026 reply (§ 5), supporting the May 14 request for leave to compel the source package or subpoena Adobe or Castañeda, charged Respondent with **demonstrable fraud on the tribunal**: its produced Adobe audit report and signer-access evidence contradicted Respondent's May 12 hearing denial of possessing "the Adobe records."

June 22 and July 14 follow-ups demanded action; JAMS acknowledged receipt June 22. Nearly six months later, neither the fraud charge nor the fully briefed May 14 leave request has received a substantive ruling. Source comparison remains blocked.

This **breakdown violates the MAA and compromises evidentiary integrity**. MAA §§ 4–5 and JAMS Rules 17(a), (d) require reasonable discovery and good-faith exchange; Rule 17(d) commands that the Arbitrator "shall decide the dispute." Leaving the fraud charge and its evidentiary test unresolved materially defeats that bargain and prejudices Claimant's proof.

The federal opposition separately asserts FAA § 3 default and challenges MAA § 11 under § 2 for material nonperformance. ECF 59, § III, pp. 5–15. Section 2 preserves ordinary contract defenses; arbitration receives equal treatment. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). Source concealment impairs Claimant's defense to delegation itself. MAA § 10 adopts

the FAA; § 11's "Except as required by applicable law" reservation must be honored. The Court must decide the targeted challenge before enforcing delegation. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70–72 (2010). Defendants' replies are due November 13 (ECF 65). **Continued participation under protest alone establishes no waiver.** *Galesburg Clinic Ass'n v. West*, 302 Ill. App. 3d 1016, 1019–20 (1999) (performance under protest did not waive breach); *PML Development LLC v. Village of Hawthorn Woods*, 2023 IL 128770, ¶ 58 (disputed election is factual). Arguing arbitrability does not itself consent to binding arbitral resolution of that issue. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 946 (1995). The suspension order must expressly preserve Claimant's FAA §§ 2–3 and MAA § 11 objections.

JAMS Rules 11(d), 16(d), and 24(d)–(e) authorize a pause preserving rights, avoiding duplication, and conserving resources. *Cf. Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (balancing interests in judicial stays). Fraud and prejudicial refusal of material evidence implicate award integrity. 9 U.S.C. § 10(a)(1), (3).

Claimant requests a prompt written order suspending all proceedings and deadlines pending the Court's enforcement ruling, except adjudication of the May 14 request for leave to compel production or, alternatively, obtain a subpoena, and implementation of resulting relief, evidence preservation, and 60-day review. The Court's ruling must be promptly reported. Claimant also seeks leave for interim suspension; pending leave, the Arbitrator must extend deadlines sua sponte under Rule 11(d). Claimant has never violated an arbitral order, JAMS rule, or law in this controversy – contrary to Respondent's consistent, unsanctioned violations as demonstrated by the record. This request is made in good faith; all claims remain preserved.

Respectfully submitted,

Charles Leclerc, Claimant