FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No: 1:26-CV-07715

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT F

## JAMS Orders 4, 25, 28, and 30

18 source pages follow this identifying cover.

Pages 1–3: Order 4, dated January 13, 2025. Pages 4–5: Order 25, dated October 31, 2025. Pages 6–7: Order 28, dated November 12, 2025. Pages 8–18: Order 30, dated December 2, 2025.

This cover is not part of the original document. References to pages of this exhibit exclude this cover.

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER NO. 4**
**Regarding Respondent's Request to File Summary Disposition of Claims and Respondent's Challenge to Claimant's Representative**

Respondent filed a letter seeking leave to file a Summary Disposition Motion and a challenge to Claimant's Representative, who is not a licensed attorney. The claimant filed a sixty-page response. The arbitrator carefully reviewed the filings as well as Claimant's Consolidated Amended Demand for Arbitration.

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:

    Hon. John C. Griffin (Ret.)
    71 S. Wacker Drive, Suite 2400
    Chicago, IL 60606
    312-655-0555
    jgriffin@jamsadr.com

3. Case Manager:

    Natasha Erese
    71 S. Wacker Drive, Suite 2400
    Chicago, IL 60606
    312-766-5184
    nerese@jamsadr.com

4. Respondent's request to file a Summary Disposition:

JAMS Rule 16 states that a Request for Summary Disposition may be granted only if the Arbitrator determines that the requesting Party has shown that the proposed motion is likely to succeed and dispose of or narrow the issues in the case. The Subject Claim consists of twenty "Claims and Legal Foundations". The Motion seeks leave to file Summary Disposition of Claims and Foundations VI through XX. Based on the current status of the pleadings in this matter, the factual basis is not clear enough to determine whether the proposed motion is likely to succeed. Therefore, the motion is DENIED without prejudice to renew it as this matter transpires.

The Respondent has made the argument that granting this motion will narrow the issues and presumably save time. The briefing of the issues raised will take a significant amount of time and this matter will still require a hearing. At this time, it appears that the gist of the claims arise out of the same fundamental factual basis. Therefore, the likelihood saving time, cost and efficiency is greatly diminished.

5. Respondent's challenge to Claimant's Representation by a non-lawyer:

The Arbitrator reserves ruling on this issue until it is fully briefed. The parties should meet and confer as to a briefing schedule and upload the proposed briefing schedule to JAMS Access no later than **January 28, 2025**. Mr. Essertier may continue to participate in this matter unless and until the Arbitrator rules that he cannot represent the Claimant. Mr. Essertier is admonished that he is bound by the applicable principles of confidentiality.

6. Discovery:

The Parties shall also meet and confer regarding discovery. Please review Rule 17 of JAMS Employment Arbitration Rules & Procedures.

7. <u>Miscellaneous</u>:

a. <u>JAMS Access</u>. All documents filed in this matter shall be submitted electronically through the JAMS Electronic Filing System ("JAMS Access") which can be accessed through the JAMS website or directly at www.access.jamsadr.com. All discovery documents, other than document productions, shall be served electronically through JAMS Access. Unless otherwise instructed or included as part of a JAMS filing, the parties shall serve discovery documents on counsel only (and not on the arbitrator) by utilizing the 'Classification – Exclude Neutrals' functionality on the upload screen. Other documents relating to the case, such as correspondence between counsel, may be transmitted through JAMS Access. The electronic file for this matter will be made accessible to JAMS personnel, the arbitrator(s), claimant counsel, and respondent counsel. Counsel may also request that their client(s) and other attorneys and/or professional staff members from their firm be provided access. Requests regarding additional attorneys shall be made to

the Case Manager. Other users may be added by counsel as soon as they are registered on JAMS Access. There are no additional fees to use JAMS Access.

For questions regarding support or technical issues related to JAMS Access, call 800-352-5267 or contact the Case Manager. Please review the JAMS Rules relating to e-filing and e-service for further information.

b. All deadlines herein shall be strictly enforced. This Order shall continue in effect unless and until amended by subsequent order of the arbitrator

8. The parties are requested to carefully review this order and report any necessary corrections to the Case Manager immediately.

Date: **January 13, 2025**

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| **Charles Leclerc** | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| **Red Bull North America, Inc.** | ) | |
| **Respondent.** | ) | |

**ORDER NO. 25 – RULING ON CLAIMANT'S RENEWED MOTION TO RESCIND ORDER NO. 17 AS MODIFIED BY ORDER NO. 22; TEXTURAL-HOOK FINDINGS REQUIRED; NOTICE IF NON-CONSENT AND PRESERVATION UNDER 9 U.S.C SECTION 10**

Claimant filed the above stated Motion. The Respondent filed a Response, and the Claimant filed a Reply. The Arbitrator has reviewed all these filings, the relevant case law, and the various rules involved.

1. Parties and Counsel: The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:

   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:

   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Claimant's Motion to Rescind:

Order 17 grants Respondent's request for a confidentiality order. Claimant filed a Motion to rescind / strike order number 17 as ultra vires and contrary to the FAA, Order 22 ruled on Claimant's motion to rescind order 17. Claimant filed this motion to once again rescind Order 17 and now included order 22.

Claimant's motion is denied. The Arbitrator receives his authority to enter a confidentiality order, from among other places, JAMS Rule 26(b) which states that "[t]he arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information". Confidentiality orders are very common in arbitrations.

5. Respondent's Renewed Request to Require Arbitrator's Leave to File Subsequent Motions:

No party shall be allowed to file a motion herein without obtaining prior permission from the Arbitrator. A party seeking to file a motion shall request the same by filing a letter not to exceed 2 pages, double spaced, for the arbitrator's consideration and determination.

Dated: **October 31, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc,** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER NO. 28 – RULING ON RRESPONDENT'S REQUEST TO FILE A MOTION FOR ENTRY OF AN AMENDED CONFIDENTIALITY ORDER

Respondent filed the above stated Motion. The Claimant did not file a response.

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Respondent's Motion

Respondent's motion is granted. Respondent shall file a motion for the entry of an amended confidentiality order on or before November 18, 2025. Claimant shall file a response on or before November 25, 2025, and Respondent shall file a reply on or before December 2, 2025.

DATED: **November 12, 2025**

ENTERED:

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

**JAMS**

| | | |
|---|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JAMS Ref. No. 534001145<br><br><br><br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**AMENDED CONFIDENTIALITY ORDER**

A party to this proceeding has moved that the Arbitrator enter a confidentiality order. The Arbitrator has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and JAMS. Accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, document productions, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to JAMS's Comprehensive Arbitration Rules & Procedures and JAMS's Employment Arbitration Rules and Procedures.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information that reveals trade secrets; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099

forms; (f) personnel or employment records of a person who is not a party to the case; and (g) business strategy decisions or competitive business information. Information or documents that are readily available to the public may not be designated as Confidential Information.

**3. Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party that the document contains Confidential Information as defined in this order.

(c) For any documents that identify a current or former Red Bull employee that is not relevant to Claimant's claims, Respondent will redact personally identifiable

information, revealing only the employee's initials to facilitate tracking.

**4. Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Arbitrator.

**5. Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this proceeding, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and any counsel and/or representatives for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2) Claimant's Representative.** Claimant's authorized representative in this proceeding, Robert Essertier.

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the proceeding in which the information is disclosed;

(3) **JAMS and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and hearing of this proceeding but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this proceeding to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of the proceeding); and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Arbitrator and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel and/or representatives for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. The parties shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the proceeding.

**6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Unless prior written authority is granted to file any documents under seal, no party may file any document with JAMS Access that would have the effect of removing from public view. JAMS shall reject any such filing, unless the filing is accompanied by a written authorization from the Arbitrator permitting such sealed or confidential filing.

**8. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any

party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel and/or the representative for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

**(b) Arbitrator Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Arbitrator rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10. Action by the Arbitrator.** Applications to the Arbitrator for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Arbitrator's power to make orders concerning the disclosure of documents produced in discovery or at hearing.

**11. Use of Confidential Documents or Information at Hearing.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing shall bring that issue to the Arbitrator's and parties' attention by motion

or in a prehearing memorandum without disclosing the Confidential Information. The Arbitrator may thereafter make such orders as are necessary to govern the use of such documents or information at hearing.

**12. Confidential Information Subpoenaed or Ordered Produced in Subsequent Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in a subsequent litigation that would compel disclosure of any material or document designated in this proceeding as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the subsequent litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the subsequent litigation that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the subsequent litigation from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**13. Obligations on Conclusion of Proceeding.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of a final award not subject to further appeal.

**(b) Obligations at Conclusion of Proceeding.** Within 63 days after dismissal or entry of final award not subject to further appeal or any court proceedings under the FAA, all Confidential information and Documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing parties, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c) Retention of Work product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information as long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with JAMS, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provide that its use does not disclose or use Confidential Information.

**14. Order Subject to Modification.** This Order shall be subject to modification by the Arbitrator on his own initiative or on motion of a party or any other person with standing concerning the subject matter.

**15. No Prior Determination.** This Order is entered based on the representations and

agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a determination that any document or material designated Confidential Information by counsel, or the parties is entitled to great protection until such time as the Arbitrator may rule on a specific document or issue.

**16. Persons Bound.** This Order shall take effect when entered and shall be binding upon all parties, counsel of record and their law firms, the parties' representatives, and persons made subject to this Order by its terms.

So Ordered.

Dated: **December 2, 2025**

Hon. Judge John C. Griffin

**ATTACHMENT A**

**JAMS**

| | | |
|---|---|---|
| CHARLES LECLERC,<br>Claimant,<br>v.<br>RED BULL NORTH AMERICA, INC.,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JAMS Ref. No. 534001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated ________________________________________in the above-captioned proceeding and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to JAMS's Comprehensive Arbitration Rules & Procedures and JAMS's Employment Arbitration Rules and Procedures in matters relating to the Confidentiality Order and understands and agrees that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned proceeding, and not to disclose or improperly retain any such Confidential Information to any other person or firm.

Name: ________________________________________

Job Title: ________________________________________

Employer: ________________________________________

Business Address:

________________________________________

________________________________________

________________________________________

Date: ________________ Signature: ____________________________