FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No: 1:26-CV-07715

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT G

## May 14, 2026 leave request and June 22, 2026 and July 14, 2026 follow-ups

7 source pages follow this identifying cover.

Pages 1–2: May 14, 2026 request, operative pages only; appended exhibits omitted. Pages 3–5: complete June 22, 2026 correspondence. Pages 6–7: complete July 14, 2026 correspondence.

This cover is not part of the original document. References to pages of this exhibit exclude this cover.

Claimant requests leave to file a motion seeking: (1) an order compelling Respondent to produce the genuine Adobe Sign certified package for the Castaneda Engagement Agreement; or (2) in the alternative, a subpoena to Adobe Inc. or Juan C. Castaneda for the same, with preference for direct production from Adobe.

**THE CONTRADICTION THAT EVIDENCES PRETEXT:** Respondent's July 22, 2022 response to Claimant's cease and desist stated that Castaneda was engaged "to conduct a *neutral investigation.*" A neutral fact-finding engagement does not generate privilege over facts gathered. But the document Respondent proffers as the Engagement Agreement says the opposite: it creates a confidential, privileged relationship, everything shielded as attorney-client communication or work product over a 'privileged matter'. Which is it? A neutral investigation with discoverable results? Or a secret, privileged inquiry whose contents remain hidden? These positions cannot be reconciled. Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), shifting explanations for termination are probative of pretext. Claimant has never been told, nor shown, any "facts" used for termination. The genuine agreement can resolve this contradiction—but only if it is authentic.

**THE CERTIFIED/AUTHENTICATED PACKAGE IS THE BEST EVIDENCE—THE PDF RESPONDENT SUBMITTED IS NOT:** Adobe Sign generates a tamper-evident certified package with an embedded digital certificate recording each signer's identity, email, IP address, device, and timestamp—cryptographically sealed. Any alteration invalidates the certificate. The package is self-authenticating. It was transmitted upon execution to Kim Brooks, Respondent's in-house counsel, and Juan Castaneda. Respondent has this file in its records. What Respondent submitted is a static PDF with an audit receipt page appended. ***That PDF is not a cryptographically verifiable Adobe Sign certified package.*** It bears no embedded digital certificate. It cannot be independently verified. It proves nothing. The distinction is not technical—it is dispositive. The certified package proves authenticity by its cryptographic integrity. The PDF Respondent submitted does not. Producing the genuine Adobe package costs nothing, requires no additional third party, and would immediately resolve the authenticity dispute. Respondent should be compelled to produce what it already holds.

**LEGAL DUTY REQUIRES THE BEST EVIDENCE—REINFORCED BY THE MAA AND JAMS MINIMUM STANDARDS:** The Mutual Arbitration Agreement guarantees "reasonable discovery" and that the arbitrator "may award any form of remedy or relief … that would otherwise be available … in court." This reflects an intent that arbitration not strip Claimant of substantive rights, including the right under *McDonnell Douglas* to meaningfully test Respondent's stated reason. JAMS Minimum

Standard No. 4 requires "an exchange of core information prior to the arbitration." The Engagement Agreement is foundational to Respondent's privilege claims, the investigation's legitimacy, and the entire termination defense. Its authenticity is "core information." Denying the most reliable evidence of that core information violates the MAA and the Minimum Standards. Standard No. 5 guarantees the right to present documentary evidence; central documents cannot be rendered unreachable while witnesses testify from memory. The MAA further requires "essential findings of fact and conclusions of law," meaning the Tribunal cannot resolve these contradictions without an articulated basis.

Under FAA §10(a)(3), an award must be vacated if the arbitrator "refus[ed] to hear evidence pertinent and material to the controversy." Accepting an inferior substitute when the genuine article is within Respondent's possession is a refusal to hear material evidence. Under FAA §10(a)(4), an arbitrator exceeds his powers when he dispenses "his own brand of industrial justice." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). It is unacceptable to ask Claimant to accept solely by the word of the party that produced it while the genuine certified package sits available and untouched. The Best Evidence Rule (Fed. R. Evid. 1002) requires the original to prove content by the electronically signed document, with its integrated audit trail.

**ALTERNATIVE SUBPOENA TO ADOBE INC. OR JUAN C. CASTANEDA**: If Respondent refuses to produce the certified package, Claimant requests leave to subpoena Adobe Inc. to deliver the complete package transmitted directly to the parties. Adobe is a neutral third party. Its production eliminates any question of completeness or tampering. In the further alternative, Claimant requests leave to subpoena Juan C. Castaneda for his copy of the same certified/authenticated package. Claimant prefers Adobe as the source, given its complete neutrality. This subpoena request is an independent remedy not previously sought or ruled upon, but available under JAMS Rule 21(d) and FAA §7.

**CONCLUSION**: Respondent told Claimant the investigation was neutral. Its own submission says otherwise. This contradiction is evidence of pretext. The PDF Respondent submitted is not an Adobe Sign certified package. The authentic package in Respondent's possession can resolve both the contradiction and the authenticity dispute. Denying access to the best evidence of the foundational document violates the MAA, JAMS Minimum Standards, and the FAA. Claimant requests leave to move to compel its production, or to subpoena Adobe Inc. or Castaneda, with preference for Adobe. If leave is denied, Claimant requests a written ruling and preserves all rights for vacatur under FAA §10(a)(3) and (4).

Respectfully submitted,

**Charles Leclerc and Robert Essertier** **Dated:** May 14th, 2026

**charles_leclerc@outlook.com**

| | |
|---|---|
| **From:** | Natasha Erese <NErese@jamsadr.com> |
| **Sent:** | Monday, June 22, 2026 1:27 PM |
| **To:** | Robert Essertier; charles Leclerc |
| **Subject:** | RE: Subject: Status Inquiry – Meet and Confer, Pending Motion Request, and Fraud on the Tribunal - 5340001145 |

Good Afternoon:

I hope you had a nice weekend. I am confirming receipt of your email below and will forward to Judge Griffin and will provide further information/direction once received.

Should you have any questions in the interim, please feel free to contact me.

Regards,

Natasha Erese
Case Manager
P: 312-766-5184  F: 312-655-0644
nerese@jamsadr.com
71 South Wacker Dr., Suite 2400
Chicago, IL 60606
www.jamsadr.com

For complex mediation, the choice is simple. JAMS offers a respected panel of highly experienced mediators, who resolve even the most challenging disputes. Learn more.

-----Original Message-----
From: Robert Essertier <essertier@verticalpowersystems.com>
Sent: Monday, June 22, 2026 2:18 AM
To: Natasha Erese <NErese@jamsadr.com>; charles Leclerc <charles_leclerc@outlook.com>
Subject: Subject: Status Inquiry – Meet and Confer, Pending Motion Request, and Fraud on the Tribunal

⚠️ Caution: This email originated from outside JAMS. Do not click on links, scan QR codes, or open attachments unless you recognize the sender and know the content is safe. ⚠️

Dear Ms. Erese:

I write to respectfully request the Tribunal's attention to three matters that require action or clarification.

1. Meet and Confer

On June 5, 2026, the parties convened for a meet and confer as ordered by the Tribunal. Respondent's counsel declined to participate in substantive discussions, stating they needed to regroup internally. They indicated they would contact us the following week to reschedule. We have heard nothing since.

Separately, Respondent has repeatedly stated on the record—including at the May 12, 2026 hearing—that it has completed all of its discovery obligations and that its responses are adequate. If Respondent's position is that discovery is complete and no further production is required, it is unclear what a meet and confer could accomplish.
Respondent cannot simultaneously claim full compliance and agree to meet and confer about deficiencies. We are at a standstill.

We have exhausted meet and confer. Griffin needs to make a decision:
Are we going to get the discovery we are entitled to, or shall we move on with the case without the evidence we need to present a proper case?
Please forward to Griffin so he can decide.

2. Request for Leave to File Motion

On May 14, 2026, Claimant filed a Request for Leave to File Motion to Compel Production of the Genuine Adobe Sign Certified Package or, in the Alternative, to Subpoena Adobe Inc. or Juan C. Castaneda. Respondent filed an opposition on May 19, 2026, and Claimant replied the same day.
No ruling has been issued.

The evidence at issue is central to this case. Further delay prejudices Claimant's ability to prepare for the hearing and to test Respondent's stated reason for termination. Claimant respectfully requests that the Tribunal rule on the pending request at its earliest convenience. If the Tribunal declines to rule or denies the request, Claimant requests a written ruling stating the basis for the decision and preserves all rights for judicial review under FAA § 10(a)(3) and (4). Please forward our concerns so he can make a decision.

3. Fraud on the Tribunal

At the May 12, 2026 hearing, Respondent's counsel stated on the record that Red Bull was "not even in possession of the Adobe records" and that the records were likely with the outside law firm. That statement was false. It has been proven false with five independent, verifiable facts:

· Red Bull itself produced the Adobe Sign final audit report, which is a component of the certified package. Red Bull cannot possess part of the package and claim the whole is inaccessible.
· Adobe Sign's standard and invariable practice is to email the complete certified package to all signers upon execution. Kim Brooks and Juan Castaneda both received it.
· Federal regulations require Red Bull to preserve this record. 29 CFR § 1602.14.
· The package remains instantly retrievable directly from Adobe Sign by any signer, at no cost.
· The Engagement Agreement itself obligates both Red Bull and Castaneda to retain the records. Castaneda's own policy states files are retained while the matter is active, and this arbitration remains active.

The inescapable conclusion is that Red Bull has the genuine Adobe Sign certified package. The static PDF it submitted to the Tribunal is not the genuine article. Red Bull's counsel made a false statement to conceal that fact. The submission of a non-genuine document, while the genuine package was and is in Respondent's possession, is fraud on this Tribunal.

The certified transcript confirms the false statement was made. The proof of its falsity is in the record. The statement has never been retracted, corrected, or explained.

Claimant is entitled to know what the Tribunal intends to do about this.

Claimant respectfully requests that the Tribunal either order production of the genuine certified package or issue a written ruling stating why the proven false statement requires no remedy. Claimant preserves all rights for judicial review under FAA § 10(a)(1), (3), and (4). Please forward our concerns to Griffin.

Thank you for your attention to these matters.

Respectfully,

Robert Essertier

**charles_leclerc@outlook.com**

| | |
|---|---|
| **From:** | Robert Essertier <essertier@verticalpowersystems.com> |
| **Sent:** | Tuesday, July 14, 2026 8:11 AM |
| **To:** | Natasha Erese |
| **Cc:** | Stein, David (Shld-CHI-Labor-EmpLaw-LT) <David.Stein@gtlaw.com> <Addison.Schlatter@gtlaw.com> Charles Leclerc |
| **Subject:** | Meet & Confer, Request for Leave to File Motion, Fraud on the Tribunal, follow-up on posting procedures |

Dear Natasha:

I write to request the Tribunal's attention to several matters:

1. Meet and Confer Report

On July 10 the parties met to meet and confer. David and Addison promised to send an email flagging those discovery questions that they plan to amend. Today, June 13 we received an email from Addison with several questions identified for amending. They intend to serve final amendments to discovery on those on or before August 7, 2026.

2. Request for Leave to File Motion

On May 14, 2026, Claimant filed a Request for Leave to File Motion to Compel Production of the Genuine Adobe Sign Certified Package or, in the Alternative, to Subpoena Adobe Inc. or Juan C. Castaneda. Respondent filed an opposition on May 19, 2026, and Claimant replied the same day.
No ruling has been issued.

The evidence at issue is central to this case. Further delay prejudices Claimant's ability to prepare for the hearing and to test Respondent's stated reason for termination. Claimant respectfully requests that the Tribunal rule on the pending request at its earliest convenience. If the Tribunal declines to rule or denies the request, Claimant requests a written ruling stating the basis for the decision and preserves all rights for judicial review under FAA § 10(a)(3) and (4). Please forward our concerns so he can make a decision.

3. Fraud on the Tribunal

At the May 12, 2026 hearing, Respondent's counsel stated on the record that Red Bull was "not even in possession of the Adobe records" and that the records were likely with the outside law firm. That statement was false. It has been proven false with five independent, verifiable facts:

· Red Bull itself produced the Adobe Sign final audit report, which is a component of the certified package. Red Bull cannot possess part of the package and claim the whole is inaccessible.
· Adobe Sign's standard and invariable practice is to email the complete certified package to all signers upon execution. Kim Brooks and Juan Castaneda both received it.
· Federal regulations require Red Bull to preserve this record. 29 CFR § 1602.14.
· The package remains instantly retrievable directly from Adobe Sign by any signer, at no cost.
· The Engagement Agreement itself obligates both Red Bull and Castaneda to retain the records. Castaneda's own policy states files are retained while the matter is active, and this arbitration remains active.

The inescapable conclusion is that Red Bull has the genuine Adobe Sign certified package. The static PDF it submitted to the Tribunal is not the genuine article. Red Bull's counsel made a false statement to conceal that fact. The submission of a non-genuine document, while the genuine package was and is in Respondent's possession, is fraud on this Tribunal.

The certified transcript confirms the false statement was made. The proof of its falsity is in the record. The statement has never been retracted, corrected, or explained.

Claimant is entitled to know what the Tribunal intends to do about this.
Claimant respectfully requests that the Tribunal either order production of the genuine certified package or issue a written ruling stating why the proven false statement requires no remedy. Claimant preserves all rights for judicial review under FAA § 10(a)(1), (3), and (4). Please forward our concerns to Griffin.

4. June 25, 2026 I emailed you with a question of the procedure for Griffin's postings to JAMS. You answered by refering me with a link to the JAMS rules. Rule 8 state:
(b) Every document filed with the JAMS Electronic Filing System shall be deemed to have been signed by the Arbitrator, Case Manager, attorney or declarant who submits the document to the JAMS Electronic Filing System, and shall bear the typed name, address and telephone number of a signing attorney.

I followed up with additional questions about posting in a subsequent email June 25, 2026, but you ignored my questions, and never replied. I have those and additional questions:

Questions:
A. Are you an attorney?
B. No orders are posted by Griffin, according to what your filing system displays. They are submitted my you. Yet the JAMS rules require the submitting attorney to state his name, address, and telephone number.
The rule refers to submitting attorneys. What is the rule for administration non-attorney staff? Can any of JAMS staff post under their name or some other name? How many people at JAMS are authorized to post to our arbitration, and what are their credentials?
C. As I asked in my previous email, I assume your procedure is for Griffin to get his orders to you somehow, then you edit and format, and then it is you who posts, under your name. Is this correct?
D. Is the copy of an order you receive from Griffin always received with Griffin's signature?
E. Do you ever affix a PNG file with Griffin's signature to his order, or does Griffin ever do this, or are all orders signed by him?
F. Is anybody at JAMS authorized to post in your name, or are all postings bearing your name submitted by you personally?
G. Do you ever make postings remotely, outside of the office?
H. Do you ever format Griffin's orders before posting?
I. Do you ever edit Griffin's orders before posting? If the answer is yes, does Griffin see your edits before you post?
J. Does JAMS have an authentication or certification procedure established to resolve a dispute about whether an arbitrator actually posted a specific order? I assume you have been given a proxy to sign or post in Griffin's name. Is that assumption valid?
K. Are there others besides you who are authorized to sign or post on Griffin's behalf for this arbitration?

Thank you for your attention to these matters.

Respectfully,

Robert Essertier