FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No: 1:26-CV-07715

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT I

## Confidentiality filings and orders from August 20, 2025 to December 2, 2025

31 source pages follow this identifying cover.

Pages 1–6: August 20, 2025 opposition (attachments omitted). Pages 7–9: August 26, 2025 reply. Pages 10–11: Order 17, dated September 16, 2025. Pages 12–14: Order 22, dated October 14, 2025.

Pages 15–18: October 27, 2025 response. Pages 19–23: October 29, 2025 reply. Pages 24–26: November 25, 2025 final opposition. Pages 27–29: December 1, 2025 reply. Pages 30–31: Order 29, dated December 2, 2025. Orders 25 and 30 appear in Exhibit F.

This cover is not part of the original document. References to pages of this exhibit exclude this cover.

# CLAIMANT'S OPPOSITION TO RESPONDENT'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

**Leclerc, Charles vs. Red Bull North America, Inc.**
**JAMS Reference No. 5340001145**

---

**I. Introduction**

Respondent seeks a sweeping "Confidentiality Order" that adds nothing necessary to protect legitimate privacy interests, but would **choke off Claimant's ability to preserve and use core evidence in court**, including in a **post-award petition under the Federal Arbitration Act (FAA) § 10**. The proposed order allows unilateral "confidential" stamping of nearly any document, **compels return/destruction of evidence** at the end of the arbitration, and **restricts later use in judicial proceedings**. That is not a protective order; it is an **evidence-suppression mechanism**.

This request is untethered to any real confidentiality need. As the record shows, Claimant's discovery requests **do not seek** trade secrets, proprietary formulas, competitive strategy, or sensitive financial data. They target **religious accommodation**, **mandate enforcement**, **investigation/termination process**, **retaliation**, **ESG/investor pressure on policy**, and related communications and artifacts—**public-policy and human-rights issues**, not competitive business information. By its plain text, JAMS Rule 26(b) is confined to 'proprietary' or 'trade secret' material—none of which are implicated here. Respondent's request tries to expand that narrow authority into a blanket secrecy regime covering public-policy evidence, which Rule 26(b) does not authorize. Discovery has also been underway for **months**. Claimant has **already complied** with Respondent's discovery **without incident** and **without** any protective order. Only now—after Claimant moved to correct Order No. 13's exclusion of IDES/investigation evidence**—** does Respondent seek a blanket order that would bury the very materials at issue and obstruct judicial review.

Protective orders require a **specific, document-linked showing of good cause**, limited to preventing "annoyance, embarrassment, oppression, or undue burden," and are improper where used to suppress matters of legitimate public concern. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984); *Jessup v. Luther*, 277 F.3d 926, 928–29 (7th Cir. 2002). Public-interest authorities likewise caution that secrecy cannot be deployed to conceal information bearing on public health, safety, and accountability. *Public Citizen v. Liggett Group*, 858 F.2d 775, 789–90 (1st Cir. 1988); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir. 1983); see also *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597–99 (1978).

Because the parties' **Mutual Arbitration Agreement (MAA)** incorporates the **JAMS Employment Arbitration Rules**, the Arbitrator's authority is contractually bounded: manage discovery for fairness and efficiency; protect truly confidential information **as necessary**; and ensure each party a **reasonable opportunity to present relevant and material evidence**. JAMS Rules do **not** authorize extinguishing a party's right to **preserve and use evidence** in a later court proceeding expressly contemplated by the FAA. Entering Respondent's order as drafted would (1) **exceed the Arbitrator's powers** (FAA § 10(a)(4)), (2) constitute **misconduct/refusal to hear material evidence** by forcing destruction or sealing away

evidence needed for judicial review (FAA § 10(a)(3)), and (3) signal **evident partiality** in favor of the repeat-paying party (FAA § 10(a)(2)).

The motion should be **denied**. Alternatively, any order must be **narrowly tailored**: genuine trade secret/PII only; **no** destruction/return; **express preservation and court-use** rights (including FAA § 10 filings); **public-record and investigation-artifact carve-outs**; and **strict enforcement of Order No. 12's privilege-log requirement** first.

**II. Factual posture and timing**

- **Discovery scope (non-secret, public-policy subject matter).** Claimant's Requests for Production and Interrogatories (Feb. 7, 2025) and Supplemental Interrogatory (May 1, 2025) seek: (a) accommodation/mandate enforcement data; (b) internal communications re Claimant's accommodation, discipline, and termination; (c) the **investigation report and all investigation artifacts** (emails, notes, drafts, calendar invites, custodian files, distribution lists, chat messages); (d) documents reflecting **ESG/investor pressure** on policy; and (e) grievances, complaints, and legal-risk analyses. None of these categories are trade secrets, source code, proprietary formulas, or competitively sensitive business strategy. They are **workplace accountability** and **public-policy** materials.

- **Discovery history (no problem until now).** Claimant **already served his discovery responses months ago** without a protective order and without any misuse allegation. Respondent never sought such an order at the outset—when bona fide confidentiality concerns are typically raised.

- **Sequencing (why now).** The motion arrived **only after** Claimant moved to correct **Order No. 13** (statutory misapplication excluding IDES/investigation evidence) and while **Order No. 12's privilege-log** requirement remains unmet. The timing confirms the true aim is not protection but **suppression** and **obstruction of judicial review**.

**III. Respondent's Motion Is Procedurally Tainted by Delay and Gamesmanship**

Respondent's sudden request for a confidentiality order cannot be separated from its ongoing failure to comply with its discovery obligations in a timely manner. Claimant has complied fully and in good faith, completing his production on March 21, 2025, in accordance with the Arbitrator's orders. By contrast, Respondent has repeatedly delayed its production.

On August 6, 2025, Respondent's counsel admitted in writing that its supplemental production was still incomplete, citing "unexpected delays with the internal ESI search process" but assuring that responsive documents would be ready "the week of August 18." Yet, instead of timely producing, Respondent shifted tactics. On August 20, 2025 — two days into the promised production week — Respondent raised, for the very first time, a new demand for a sweeping confidentiality order as an apparent condition of moving forward.

This timing reveals that the motion is not about protecting legitimate confidentiality interests, but about introducing a new procedural obstacle designed to further delay discovery. JAMS Rule 17(b) requires parties to "cooperate in the exchange of relevant and non-privileged information." Rule 22(d) requires

each party be given a fair opportunity to present evidence. Allowing Respondent to inject a new confidentiality regime only after months of delay — and only when its own production is already late — prejudices Claimant and contravenes both rules.

This misuse of procedure also maps directly onto FAA §10(a)(3), which authorizes vacatur where an arbitrator allows misconduct that prejudices a party's rights. Conditioning the overdue production of evidence on an unnecessary and overbroad protective order is precisely the kind of misconduct that courts have condemned as an abuse of process. **Protective orders must rest on good cause—not tactical advantage** (see *Seattle Times*, 467 U.S. at 34–36).

Respondent's overdue supplementation shall not be conditioned on entry of any confidentiality order, and production is not stayed by this motion. The Arbitrator should direct Respondent to complete its promised supplementation notwithstanding this dispute.

Accordingly, the Arbitrator should deny the motion as procedurally improper, untimely, and transparently dilatory.

**IV. Legal standard**

1. **Good-cause, document-specific showing required.** Protective orders are permissible only upon **particularized** good cause tied to the nature of the documents; they are not granted "as a matter of course." *Seattle Times*, 467 U.S. at 34–36; *Jessup*, 277 F.3d at 928–29. See also **Fed. R. Civ. P. 26(c)** (protective orders require a **particularized showing of good cause**). Illinois Supreme Court Rule 201(c)(1) likewise allows protective orders only upon **good cause shown**, reinforcing the narrow, particularized standard.

2. **Public-interest constraint.** Secrecy cannot be used to bury matters of public health, safety, or accountability. *Public Citizen*, 858 F.2d at 789–90; *Brown & Williamson*, 710 F.2d at 1179–80; *Nixon*, 435 U.S. at 597–99.

3. **MAA + JAMS Rules limit arbitral authority.** The MAA incorporates JAMS Rules, which permit confidentiality **as needed** for fairness/efficiency and guarantee a **reasonable opportunity to present material evidence** (see, e.g., JAMS Employment Rules 17, 22(d), 26(b) by Respondent's own citation). Those rules do **not** authorize blanket secrecy that prevents preservation and **later court use** of evidence, particularly where FAA review is expressly available.

**V. Argument**

**A. No good cause; the order is facially overbroad and misaligned with Claimant's requests.**

Respondent identifies no **trade secret**, proprietary formula, source code, or competitively sensitive financial model. It seeks to designate **entire categories** (including **investigation materials** and internal policy communications) as confidential by fiat, followed by **return/destruction**. That is the very overbreadth *Seattle Times* and *Jessup* reject. If narrow privacy concerns exist (e.g., non-party PII), targeted **redaction** or **in-camera review** suffices. If Respondent truly seeks only standard treatment of personal identifiers or sensitive PII, **targeted redaction** suffices; the **blanket** order it proposes is unnecessary.

**B. The destruction/return and "no use in other proceedings" clauses are improper and prejudicial.**

Those provisions would **block Claimant from using properly obtained evidence in court**, including in a **FAA § 10** petition. That directly undermines judicial review and risks **spoliation** when court proceedings are reasonably anticipated. Because judicial review is reasonably foreseeable, both parties owe a duty to **preserve** relevant materials; any order requiring destruction would conflict with that duty and risk **spoliation**. The law disfavors secrecy where it suppresses **accountability evidence**. *Public Citizen*, *Brown & Williamson*, *Nixon*. Arbitration cannot be converted into a **secrecy silo** that prevents a federal court from seeing the very evidence needed to evaluate arbitral misconduct or overreach.

**C. JAMS already provides adequate confidentiality; Respondent seeks extra-contractual restraints the MAA does not authorize.**

JAMS Rules already protect truly confidential material **upon a good-cause showing** and allow redactions or limited disclosure controls. What JAMS **does not** authorize is (i) **self-designation** of nearly anything as confidential, (ii) **mandatory destruction/return**, and (iii) **barring use in court**. Because the MAA limits arbitral powers to those conferred by the agreement and incorporated rules, layering these extra-contractual restraints would **exceed powers** under **FAA § 10(a)(4)**. See also *Stolt-Nielsen S.A. v. AnimalFeeds*, 559 U.S. 662, 672–73 (2010) (arbitrators exceed powers when they impose procedures/policies not grounded in the parties' agreement).

**D. The subject matter is public-policy and human-rights focused—not competitive business secrecy.**

Claimant's requests concern religious accommodation, coercive mandate enforcement, retaliatory investigation and termination, and **ESG/investor influence on HR policy**—issues of **public concern**. Protective orders are not meant to shield corporate actors from **scrutiny** on such topics. *Seattle Times* recognizes protective orders where disclosure risks "annoyance, embarrassment, oppression, or undue burden," not where the materials evidence **public accountability** problems. Courts (and, by analogy, arbitrators) should not default to secrecy for such materials. *Public Citizen*; *Brown & Williamson*. If Respondent truly seeks only standard treatment of personal identifiers or sensitive PII, **targeted redaction** suffices; the **blanket** order it proposes is unnecessary.

**E. The motion's lateness and context confirm pretext; there is no record of misuse.**

Discovery proceeded for months without issue. Claimant already complied with Respondent's requests without any protective order and **without any complaint** from Respondent about misuse. The sudden push—**only after** Claimant pressed the investigation file and IDES-related materials—reveals a **pretext**: pre-emptively **gag** Claimant's ability to show a court what really happened. *Jessup* prohibits granting protective orders "as a matter of course" and demands **specific findings**—which are absent here.

**F. Granting the order as written would independently support vacatur under FAA §§ 10(a)(3) & (a)(4) (and reinforce § 10(a)(2)).**

- **§ 10(a)(3): Refusal to hear material evidence.** Compelling destruction/return or forbidding later court use functionally **refuses** Claimant the ability to present material evidence to a reviewing tribunal—especially the **investigation artifacts** and policy communications central to Claimant's claims.

- **§ 10(a)(4): Exceeded powers.** The MAA/JAMS framework **does not** authorize annihilating preservation or court-use rights. Imposing those conditions is beyond the contract and rules.
- **§ 10(a)(2): Evident partiality.** Entering a one-sided order that selectively benefits the repeat-paying party—particularly while Respondent has not complied with **Order No. 12's privilege-log requirement**—would reinforce the appearance of partiality.

**G. NAC directive requires a merits ruling; a perfunctory denial or "already decided" response would itself be misconduct.**

JAMS' National Arbitration Committee has already instructed that **prior to award**, "issues with the substance of an arbitrator's rulings may be raised with the arbitrator." Claimant is doing exactly that. A refusal to address the merits (e.g., "already decided," "no further review") would contradict JAMS' own directive and further support **FAA §§ 10(a)(3)–(4)**.

**VI. If (and only if) some protection is deemed necessary, the order must be narrowly tailored**

To remain within the MAA/JAMS framework and avoid FAA issues, any order must include:

1. **Good-cause, document-specific designations.** No blanket categories; the designating party must identify each document and articulate **particularized harm** (*Seattle Times*, *Jessup*).
2. **Non-designable carve-outs:**
   - **Public records and governmental determinations** (including any IDES determinations or correspondence).
   - **Employer investigation materials and artifacts** underlying Claimant's termination (emails, notes, drafts, meeting invites, custodian files, chat logs, distribution lists).
   - Materials previously disclosed or in the **public domain**.
3. **No destruction/return; affirmative preservation.** The order must forbid destruction/return and require **preservation** for any judicial proceeding (including **FAA § 10**).
4. **Court-use preserved.** "Nothing in this Order limits any Party's right to **use, file, or refer to** materials in any **judicial proceeding**, including petitions under **FAA § 10**; a party seeking sealing/redaction must seek that relief from the court."
5. **Privilege-log first (Order No. 12).** No confidentiality designation may substitute for a Rule-compliant **privilege log**; disputed items to **in-camera review** on short order.
6. **Sanctions for over-designation.** Fee-shifting for unjustified designations; a rapid de-designation process.
7. **Narrow PII redactions.** Parties may redact non-party PII and sensitive medical identifiers; confidentiality cannot be used to withhold the **substance** of relevant evidence.

**VII. Exhibits**

A. Email thread dated August 6th, 2025 where Respondent commits to producing outstanding Discovery the week of August 18th, 2025.
B. Email thread where Claimant responds to Respondent's request to enter in a Confidentiality Order.
C. Claimant's submitted RFPs/Interrogatories (on February 7th, 2025) show the requests target no trade secrets and are limited to public policy/human rights evidence.
D. NAC letter stating that issues with the substance of an arbitrator's rulings may be raised with the arbitrator.
E. Order No. 12
F. Order No. 13

**VIII. Conclusion**

Respondent has shown **no good cause** and seeks an order that is **unnecessary, overbroad, and prejudicial**. Claimant's discovery aims at **public-policy and human-rights** issues, not trade secrets. JAMS Rules already supply appropriate confidentiality tools; they do not authorize **blanket secrecy**, **mandatory destruction**, or **court-use prohibitions**. The motion should be **DENIED**.

If any order issues, it must be **narrowly tailored** with the carve-outs and limits above, expressly preserving Claimant's rights to **preserve and use** evidence in any court proceeding (including FAA § 10), forbidding destruction/return, and enforcing **Order No. 12's privilege-log** requirement first.

Claimant notes for the record that the JAMS National Arbitration Committee has already directed that issues with the substance of an arbitrator's rulings must be raised within this arbitration. Accordingly, Claimant preserves all objections to the proposed order as prejudicial, overbroad, and beyond the authority conferred by the MAA and JAMS Rules, for purposes of any future judicial review under the FAA.

**Certification:** On August 20th, 2025, Claimant conferred with Respondent regarding the proposed order. No agreement was reached.

Respectfully submitted,

**Charles Leclerc**

**Dated:** August 20th, 2025

**JAMS**

| | | |
|---|---|---|
| CHARLES LECLERC, | ) | |
| Claimant, | ) | JAMS Ref. No. 534001145 |
| v. | ) | |
| RED BULL NORTH AMERICA, INC., | ) | Arbitrator: Hon. Judge John C. Griffin (Ret.) |
| Respondent. | ) | |

**RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Respondent RED BULL NORTH AMERICA, INC. ("Respondent"), and for its Reply in Support of its Motion for Entry of Confidentiality Order, states as follows:

In his Opposition to Respondent's Motion for Entry of Confidentiality Order, Claimant asserts that Respondent's Motion aims to suppress evidence and obstruct judicial review. This is not the case. The primary purpose of Respondent's Motion and proposed Confidentiality Order is to protect the personal identifying information and medical information of third parties identified in any responsive documents. Despite Claimant's assertion that Respondent filed its Motion for Entry of Confidentiality Order "**only after**" Claimant filed his Motion for Reconsideration, the timing of Respondent's Motion is solely based on Respondent's recent discovery that several responsive documents it intends to produce contain personal identifying information and medical information of third parties. For this reason, the proposed Confidentiality Order specifically states that for any documents that identify a current or former Red Bull employee that is not relevant to Claimant's claims, Respondent will redact personally identifiable information but still reveal the employee's initials to facilitate tracking. See Section 3(c). There is no legitimate reason for Claimant to take issue with this portion of the proposed Confidentiality Order.

Claimant further asserts that the proposed Confidentiality Order is only for Respondent's benefit, because he already produced responsive records. However, the proposed Confidentiality Order states that if a party designates a document as confidential after it was initially produced, the receiving party, on notification of the designation, shall make a reasonable effort to assure that the document is treated in accordance wit the provisions of the Order. See Section 6. Respondent intends to fully abide by any confidential markings the parties may mutually agree upon.

Finally, in contrast to Claimant's assertion, JAMS Rule 26(b) does not restrict the Arbitrator's authority to only issue orders for the confidentiality of proprietary information and trade secrets. Rule 26(b) also covers confidentiality of "other sensitive information," such as personal identifying information and medical information. To protect the disclosure of this type of sensitive information, the entry of a confidential order in this proceeding is critical.

**WHEREFORE**, Respondent RED BULL NORTH AMERICA, INC. respectfully requests that the Arbitrator grant its Motion for Entry of Confidentiality Order and enter an Order in the form set forth in the attached Confidentiality Order.

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
*jeffrey.rudd@ogletree.com*
*amy.cortez@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 26, 2025, the foregoing ***Respondent's Reply in Support of its Motion for Entry of Confidentiality Order*** was filed electronically via JAMS Access:

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

JAMS

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER NO. 17- RULING ON RESPONDENT'S MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER**

Respondent filed a Motion for entry of a confidentiality order. The Claimant filed a Response and Respondent filed a Reply. The Arbitrator has reviewed all these filings, including exhibits, the relevant case law, and the various rules involved.

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Discussion

Respondent attaches a proposed Confidentiality Order to its motion. This confidentiality order sets forth the procedure for the designation of a confidential document. The proposed order does not affect the use of any documents in this matter.

Paragraph 15 states that "[n]othing herein shall be construed or presented is a determination that any document or material designated Confidential Information by counsel, or the parties is entitled to great protection until such time as the Arbitrator may rule on these specific document or issue.

In the event a party designates a document to be confidential, the other party may object to said designation. Paragraph 9 of the order provides the process for challenging a designation as confidential information. It provides that the burden of persuasion in any such challenge proceeding shall be on the designated party.

The confidentiality process is not directly related to the withholding of documents based on privilege. Paragraph 16 of the proposed order discusses the use of confidential documents or information at the hearing. It says nothing in this order shall be construed to affect the use of any document material or information at any hearing.

Claimant argues that the document destruction language in the proposed order could possibly affect appeals or subsequent actions in federal court. The claimant should propose language to cover this or meet and confer with the respondent's counsel to agree upon such language.

Subject to the foregoing, Respondent's motion for entry of a confidentiality order will be granted.

IT IS SO ORDERED

Dated: **September 16, 2025**

John C. Griffin
**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc,** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>ORDER NO. 22 – RULING ON CLAIMANT'S MOTION TO RESCIND / STRIKE ORDER NO. 17 AS ULTRA VIRES AND CONTRARY TO THE FAA; NOTICE OF NON-CONSENT AND NON-COMPLIANCE WITH UNLAWFUL TERMS</u>**

Claimant filed the above stated Motion. The Respondent filed a Response, and the Claimant filed a Reply. The Arbitrator has reviewed all these filings, including exhibits, the relevant case law, and the various rules involved.

1. **Parties and Counsel**: The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. **Arbitrator**:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. **Case Manager**:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

**4. Claimant's Motion**

Order 17 grants respondent's request for a confidentiality order. Claimant argues that the Confidentiality Order proposed by Respondent is overreaching because of terms involving a "post-award court-use ban" and a "post-award return/destruction mandate". Claimant also argues that the Confidentiality Order exceeds the MAA, FAA and JAMS Rules. It must be noted that Claimant raised these objections or similar objections in response to Respondent's motion to file the Confidentiality Order and the entry of Order 17.

Order 17 does not exceed MAA, FAA and the JAMS Rules. Paragraph 5 of the Mutual Agreement to Arbitrate states as follows:

> **Discovery and Motions:** The parties to the arbitration shall be entitled to conduct reasonable discovery. The arbitrator shall have the authority to determine what constitutes reasonable discovery. The arbitrator shall have the authority to hear and grant motions, including but not limited to motions for summary judgment and summary adjudication.

Rule 11 of the JAMS Rules states that the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules. There is no ultra vires involved with Order 17.

Order 17 states as follows: "[T}he confidentiality order should include language clearly prohibits document destruction until all appeals and further litigation arising from this arbitration are completed. The claimant should propose language to cover this or meet and confer with respondent's counsel to agree upon such language". The Claimant has refused to meet and confer with Respondent or propose acceptable language. JAMS Rule 17(a), (b) and (c) mention the parties cooperating and attempting to agree on discovery issues. Claimant's refusal to comply with the order has effectively waived his objections.

Nonetheless, the Arbitrator will deal with Claimant's objections. The subject confidentiality order states as follows:

> 5(a) **General Protections**. Confidential information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other. than in this proceeding, including any appeal thereof.
>
> 13(a) **Order continues in Force.** Unless otherwise agreed or ordered, this order shall remain in force after dismissal or entry of a final award not subject to further appeal.

These clauses address any of Claimant's concerns about post award use.

With regard to the destruction of documents, to clarify the Confidentiality order, the Respondent shall modify paragraph 13(b) as follows:

> "Within 63 days after dismissal or entry of final award not subject to further appeal **or any court proceedings under the FAA...**

**5. Respondent's Motion to Bar Claimant from Filing any Subsequent Motions Absent Leave from the Arbitrator.**

Respondent seeks an order requiring the Claimant to seek leave from the Arbitrator prior to filing any subsequent motions. JAMS does recognize and allow this in certain circumstances. JAMS Rule 18 requires a party to request permission to file a dispositive Motion. However, the Arbitrator denies respondent's motion at this time. The parties are directed to JAMS Rule 29.

Dated: **October 14, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

**JAMS**

| | |
|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.<br><br>Respondent. | JAMS Ref. No. 5340001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**RESPONDENT'S RESPONSE TO CLAIMANT'S RENEWED MOTION TO RESCIND ORDER NO. 17 AS MODIFIED BY ORDER NO. 22**

Respondent, RED BULL NORTH AMERICA, INC. ("Respondent" or "Red Bull"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits its Response to Claimant, Charles Leclerc's ("Claimant" or "Leclerc") Renewed Motion to Rescind Order No. 17 as Modified by Order No. 22 ("Claimant's Renewed Motion") as follows:

**BACKGROUND**

On September 16, 2025, Arbitrator Griffin entered Order No. 17, granting Respondent's Motion for Entry of a Confidentiality Order. [Dkt. No. 17]. The next day, Claimant filed a Motion to Rescind/Strike Order No. 17 as Ultra Vires and Contrary to the FAA ("Claimant's Motion to Rescind Order No. 17"). The parties briefed Claimant's Motion to Rescind Order No. 17, and on October 14, 2025, the Arbitrator entered a ruling on Claimant's Motion to Rescind Order No. 17. [Dkt. 22]. In his ruling, the Arbitrator held that Order No. 17 does not exceed the MAA, FAA, or JAMS Rules and acknowledged that Claimant refused to meet and confer with Respondent or purpose acceptable language. *Id*. Nonetheless, Order No. 22 directed Respondent to modify paragraph 13(b) of the Confidentiality Order to read, "Within 63 days after dismissal or entry of

final award not subject to further appeal **or any other court proceedings under the FAA…**"[1] *Id.* That same day, Claimant filed the instant Renewed Motion.

## ARGUMENT

### A. Claimant's Renewed Motion is Meritless and Must be Denied.

Claimant's persistent assertion that the Arbitrator's entry of Respondent's proposed confidentiality order is ultra vires is unfounded. There is no evidence that the Arbitrator's entry of Respondent's proposed confidentiality order exceeded his rights under the FAA, the MAA, or JAMS Rules. In contrast to Claimant's assertion, the Arbitrator is not "invent[ing] obligations or restrictions …" (Claimant's Renewed Motion, at 1). In fact, as Respondent and the Arbitrator have reiterated on numerus occasions, JAMS Rules specifically provide the Arbitrator with the authority to issue orders to protect the confidentiality of proprietary information, trade secrets, and other sensitive information. (JAMS Comprehensive Arbitration Rules & Procedures, Rule 26(b)). Furthermore, Order No. 22 resolved the issue of post-award use of confidential information by directing Respondent to modify paragraph 13(b) of the Confidentiality Order. (Order No. 22, at 3). Finally, the Arbitrator has ruled that Claimant's refusal to meet and confer with Respondent or propose acceptable language has resulted in a waiver of his objections. (*Id.*, at 2). For these reasons, Claimant's Renewed Motion has no merit and must be denied.

### B. The Arbitrator Should Bar Claimant from Filing Any Subsequent Motions Absent Prior Leave from the Arbitrator.

Claimant's Renewed Motion is yet another frivolous filing in response to an unfavorable ruling. If the Arbitrator rules in Respondent's favor in Claimant's Renewed Motion, as he should, Claimant will undoubtedly file another motion challenging the Arbitrator's ruling. As the

[1] Respondent plans to modify the Confidentiality Order, as directed by the Arbitrator, once a final ruling on the contents of the Confidentiality Order has been made.

Arbitrator acknowledged in Order No. 22, JAMS recognizes and allows the Arbitrator this authority. [Dkt. 22]. For these reasons, Respondent again requests that the Arbitrator enter an order barring Claimant from filing any subsequent motions, absent prior leave from the Arbitrator.

## CONCLUSION

Claimant's Renewed Motion provides no sound reason for the Arbitrator to rescind Order No. 17 as modified by Order No. 22. Further, Claimant's Renewed Motion reiterates the need for the Arbitrator to bar Claimant from filing any subsequent motions absent the Arbitrator's prior approval. Respondent has incurred significant legal fees and arbitration costs in responding to Claimant's frivolous motions and, eventually, Claimant's campaign to attack the legitimacy of this arbitration proceeding must end.

Dated: October 27, 2025

Respectfully Submitted,

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jeffrey.rudd@ogletreedeakins.com*
*amy.cortez@ogletreedeakins.com*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 27, 2025, the foregoing ***Respondent's Response to Claimant's Renewed Motion to Rescind Order No. 17 as Modified by Order No. 22*** was served electronically via JAMS Access upon Claimant and Claimant's Representative.

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

# CLAIMANT'S REPLY TO RESPONDENT'S RESPONSE TO RENEWED MOTION TO RESCIND ORDER NO. 17 AS MODIFIED BY ORDER NO. 22

**(Textual-Hook Findings Required; Notice of Non-Consent and Preservation Under 9 U.S.C. § 10)**

**Leclerc, Charles vs. Red Bull North America, Inc.**
**JAMS Reference No. 5340001145**

---

## I. INTRODUCTION AND CENTRAL ISSUE

This Reply addresses Respondent's failure to identify **any contractual or rule-based text** authorizing the confidentiality restrictions in Orders 17 and 22.

The issue is not discretion — it is **jurisdiction.**
The MAA and JAMS Rules grant limited procedural powers; they do not authorize the invention of new duties.

The following provisions remain without textual basis:

1. The § 5(a) post-award "court-use" restriction;
2. The § 13(b) return/destruction requirement;
3. The overbroad, presumptive designation machinery; and
4. Any other extra-contractual term imported wholesale from Respondent's proposed confidentiality order.

Respondent's opposition fails to legally justify any of these provisions under the governing law or Rules. Its arguments depend on **generalized discretion**, **semantic deflection**, and **procedural intimidation**, not on contract text.

## II. RESPONDENT'S FOUR CORE ARGUMENTS — AND WHY EACH FAILS

### A. Misuse of JAMS Rule 26(b): A Misstatement of Authority

Respondent claims that JAMS Rule 26(b) authorizes the Arbitrator to impose "a confidentiality order as deemed appropriate."
That is false. Rule 26(b) provides only that the Arbitrator *may issue orders to protect the confidentiality of proprietary information, trade secrets, personally identifiable information, or comparable sensitive materials.*

That limited authority does not extend to:

- blanket confidentiality covering all evidence or filings;
- destruction or return obligations after the proceeding; or
- restrictions on use in FAA court proceedings.

By conflating **document-specific protection** with a **global procedural regime**, Respondent misstates the Rule and asks the Arbitrator to do what *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), forbids — to invent obligations where the contract is silent.

Even if broad confidentiality may be sensible policy, the law is clear: **policy is not interpretation.** The Arbitrator may interpret existing text — but cannot create new duties. *Lamps Plus, Inc. v. Varela*, 587 U.S. 176 (2019).

**B. "Order 22 Resolved the Issue" — False and Irrelevant**

Respondent asserts that Order 22 "resolved" the confidentiality dispute by adjusting § 13(b)'s timing. That argument fails for two reasons:

1. **Timing is not authority.**
   Adjusting when destruction occurs does not identify *where* the duty to destroy originates. Order 22 did not cite any contractual or rule-based text authorizing destruction at all.

2. **Post-award restrictions remain untouched.**
   Order 22 left § 5(a) intact — continuing to prohibit parties from using materials in FAA §§ 9–11 proceedings.
   That is not "resolved"; it is unaddressed.

In short, Respondent conflates a superficial edit with a substantive cure.
Order 22 corrects nothing about the fundamental jurisdictional defect.

**C. "Waiver" by Refusing to Negotiate Illegality — Unsupported and Wrong**

Respondent's claim that Claimant "waived" objection by not meeting and conferring on replacement language is both factually and legally unsound.

1. **Factually**, Claimant did meet and confer to the extent possible under JAMS Rule 17 and refused only to negotiate unlawful terms. Refusal to rewrite a contract beyond the Arbitrator's powers is not bad faith — it is *compliance with law.*

2. **Legally**, parties cannot waive structural limits on arbitral authority. A party's silence, cooperation, or even consent cannot confer powers the contract withholds. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("Arbitrator must be construing the contract — not rewriting it.").

3. **Procedurally**, labelling such refusal as "misconduct" would itself create grounds for vacatur under FAA § 10(a)(3) (refusal to hear material evidence or other misbehavior prejudicing rights).

Thus, non-consent to illegal additions is not waiver — it is lawful preservation.

**D. "Frivolous Filings" and Attempt to Silence Claimant — Improper Intimidation**

Respondent again requests that the Arbitrator restrict Claimant from filing further motions absent leave. That request has no basis in the MAA or Rules. JAMS Rule 26(c) requires fairness and the opportunity to be heard — not pre-filing censorship.

More troublingly, Respondent's recurring tactic is to label every jurisdictional objection as "frivolous." Yet Respondent's own filings contain **no legal argument** addressing the actual text of the MAA or JAMS Rules. They rely on tone, not law.

This pattern — rhetoric over reasoning — underlines the fundamental problem:
Respondent depends not on contractual authority but on the Arbitrator's indulgence in **stretched "interpretation"** to mask invention.

## III. LEGAL STANDARD: INTERPRETATION VS. INVENTION

Under *Oxford Health*, judicial deference attaches only where the arbitrator is "arguably construing" the contract — meaning he must identify text and apply it.
Orders 17 and 22 identify no text for any disputed provision. Thus, they are not *interpretations*; they are *creations.*

- **Interpretation** = derives meaning from text.
- **Invention** = imposes terms when text is silent.

The difference is dispositive.
*Stolt-Nielsen* holds that when an arbitrator acts on silence, he exceeds his powers under § 10(a)(4).

Orders 17 and 22 fall squarely in that category.

## IV. EACH PROVISION REMAINS ULTRA VIRES

### A. § 5(a) – Post-Award "Court-Use" Restriction

No MAA clause or JAMS Rule authorizes the Arbitrator to regulate filings or use of materials in FAA §§ 9–11 court proceedings.
That domain belongs exclusively to the courts.
A restriction on court use is thus not "interpretation" of arbitration procedure — it is **extrinsic regulation of federal litigation.**

Without an express carve-in preserving FAA rights, § 5(a) remains ultra vires and prejudicial under § 10(a)(3) because it obstructs judicial review.

### B. § 13(b) – Return/Destruction Obligation

Even after Order 22's timing change, the underlying problem persists: no authority exists for any destruction duty.
Rule 26(b) contemplates **controlled use**, not **destruction**.
The Arbitrator's power ends when the award is issued.
Any obligation that persists beyond the award's issuance exceeds the arbitral forum and intrudes into post-award judicial space.

### C. Overbroad Designation Machinery

Respondent's order inverts Rule 26(b)'s burden: instead of requiring a designating party to show cause document-by-document, it presumes all materials confidential unless challenged.

That flips the presumption embedded in the Rules, effectively amending them.
Arbitrators have no rule-making power; they must apply the Rules as written.

**D. Other Imported Provisions**

Every additional restriction transplanted from Respondent's proposed order — including generic "non-disclosure," "use," or "return" provisions — lacks textual basis.
Claimant **does not consent** to any of these provisions, and each constitutes an act beyond the MAA's scope.

## V. THE FAA BARS POST-AWARD RESTRAINTS

The FAA governs the post-award stage exclusively.
Sections 9–11 assign authority to the federal or state court that receives the award to manage filing, sealing, and evidentiary use.
Arbitral orders attempting to restrict that use interfere with statutory rights and are void.
*See Citigroup, Inc. v. Abbar*, 761 F.3d 268 (2d Cir. 2014).

## VI. REQUIRED TEXTUAL-HOOK FINDINGS IF RELIEF IS DENIED

Should the Arbitrator again decline to rescind or conform Orders 17 and 22, Claimant requests a **reasoned order identifying:**

1. The specific text in the MAA or JAMS Rules authorizing
    - § 5(a) post-award restrictions;
    - § 13(b) destruction duties;
    - overbroad designations; and
    - any other extra-contractual provisions; and
2. The explanation of how that text authorizes post-award regulation of court proceedings.

Failure to identify text confirms invention under § 10(a)(4).

## VII. REQUESTED RELIEF

**Option A — Conform (Lawful):**
Strike or rescind all extra-contractual confidentiality provisions from Orders 17 and 22; limit confidentiality to the narrow scope of JAMS Rule 26(a)–(b).

**Option B — Reasoned Denial:**
If the Arbitrator declines, issue a reasoned order with the textual-hook findings required above.

Claimant continues to comply with the MAA and all lawful JAMS Rules but expressly **does not consent** to any extra-contractual provision and preserves all rights under FAA §§ 10(a)(3) and (4).

## VIII. CONCLUSION

Respondent’s opposition confirms, rather than cures, the defects in Orders 17 and 22.
They have failed to show how the JAMS Rules or MAA lawfully support the Arbitrator’s extra-contractual provisions **without invention.**

Order 22’s adjustments were cosmetic; the jurisdictional flaw remains.
Refusal to rescind or conform now would no longer be a matter of interpretation but of **invention and excess of powers** under § 10(a)(4).

The record therefore demands either rescission or a reasoned, textual order acknowledging the precise contractual source of each contested provision — if any exists.

Respectfully submitted,

**Charles Leclerc**

**Dated:** October 29th, 2025

# CLAIMANT'S FORMAL REPLY OPPOSING ENTRY OF AMENDED CONFIDENTIALITY ORDER

**Leclerc, Charles vs. Red Bull North America, Inc.**
**JAMS Reference No. 5340001145**

---

## I. INTRODUCTION AND PRESERVATION

Claimant respectfully submits this reply to Respondent's *Motion for Entry of Amended Confidentiality Order* and expressly preserves all objections and rights under the **Federal Arbitration Act ("FAA")**, 9 U.S.C. § 10(a)(3)–(4).

Claimant reiterates that he will comply fully with every lawful procedure and directive consistent with the **Mutual Arbitration Agreement ("MAA")**, the **JAMS Employment Arbitration Rules**, and the **Federal Arbitration Act ("FAA")**, but he will not comply with, or be bound by, any order that extends beyond those instruments. Any provision or mechanism not authorized by the MAA or JAMS Rules is **ultra vires**, **unenforceable**, and preserved for judicial review. Claimant's adherence to proper process shall not be construed as consent, waiver, or acquiescence to any extra-contractual term.

## II. THE ARBITRATOR HAS EXCEEDED HIS INTERPRETIVE AUTHORITY

The Arbitrator's prior reliance on "common practice" or "administrative discretion" to sustain Respondent's proposed confidentiality provisions falls far short of the governing legal standard under **Oxford Health Plans LLC v. Sutter**, 569 U.S. 564 (2013), which requires that an arbitrator be "*arguably construing the contract itself*" to merit deference.

Here, neither the MAA nor any JAMS Rule contains text authorizing the disputed features now reintroduced by Respondent:

1. the post-award "court-use" restriction (§ 5(a));
2. the return/destruction obligation (§ 13(b));
3. the blanket, presumptive designation machinery; and
4. **any other extra-contractual provision** imported from Respondent's drafted model order.

Generic grants of case-management authority, or reference to "customary practice," are not textual hooks and cannot amend the parties' contract. **Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.**, 559 U.S. 662 (2010) squarely prohibits an arbitrator from inventing procedures or obligations absent contractual authorization.

To date, no order has identified any *specific* clause of the MAA or any *particular rule* of JAMS from which these provisions derive. The continued reissuance of these measures under the guise of "interpretation" therefore constitutes **invention, not interpretation**, and exceeds arbitral powers under § 10(a)(4).

## III. THE PURPOSE AND EFFECT OF THIS ULTRA VIRES REGIME

The procedural posture and timing of Respondent's Amended Confidentiality Order reveal its practical purpose: **to shield Respondent from accountability for its unlawful acts and to confine its exposure to the arbitration forum, preventing independent scrutiny in subsequent judicial or administrative proceedings.**

By suddenly forcing this extra-contractual regime (over a year later) prior to the completion of discovery, Respondent and the Arbitrator attempt to limit Claimant's ability to use legitimately obtained evidence outside the arbitration, including in any anticipated FAA §§ 9–11 proceedings. Such restriction violates both the letter and spirit of the FAA, which entrusts evidentiary management of judicial filings to federal courts—not arbitrators.

Further, both **Respondent and the Arbitrator have failed to justify the need for these extraordinary confidentiality measures under JAMS Rule 26(b)**. That Rule allows confidentiality protections only for narrowly defined categories: trade secrets, proprietary business information, personally identifiable information, or similarly sensitive data.

Claimant's discovery requests do not seek any such information. They concern factual and procedural materials directly related to Claimant's termination—subjects of direct evidentiary relevance, not commercial secrecy. Thus, the proposed restrictions are **unsupported, unnecessary, and inconsistent with JAMS Rule 26(b)**.

Arbitrator **Order 16** already required production—or a privilege log—of investigation materials relevant to Claimant's termination. Respondent has not complied. The Arbitrator has not enforced his own directive. Implementing this regime now would legitimize ongoing noncompliance, violating JAMS Rule 22(d)'s guarantee of a fair hearing and equal opportunity to present evidence.

## IV. OVERBREADTH AND CONTRADICTION TO PUBLIC POLICY

The proposed order extends beyond preserving arbitration confidentiality by JAMS and the Arbitrator; it operates as a continuing gag on Claimant that restricts lawful use and disclosure of non-confidential evidence. Nothing in the MAA, JAMS Rules, or FAA authorizes such sweeping restrictions.

While arbitration is private, it is not a cloak against transparency where the contract is silent. By imposing restrictions with no textual basis, this regime contradicts **the FAA's pro-review framework** and violates public policy by impeding accountability mechanisms available to either party—including those inherent to federal judicial proceedings or other lawful fora.

## V. FAILURE TO PROVIDE LEGAL JUSTIFICATION

Both Respondent and the Arbitrator have consistently failed to provide a **textual or legal rationale** showing that any of the proposed provisions fall within the contractual authority of the MAA or the enumerated powers of JAMS Rule 26(b).

No showing has been made of any trade secret, proprietary, or sensitive data requiring such protection. Instead, the record reflects a wholesale importation of boilerplate confidentiality language drafted by Respondent, devoid of individualized necessity or contractual authorization. That is not "interpretation" under *Oxford Health*—it is rulemaking beyond jurisdiction under *Stolt-Nielsen*.

## VI. INVITATION FOR JUDICIAL CONFIRMATION OF AUTHORITY

If the Arbitrator nonetheless believes these provisions fall within his lawful authority, Claimant respectfully invites the Tribunal to submit the question of authority for **judicial confirmation under the FAA**. Judicial clarification will conclusively determine whether such provisions constitute permissible construction or an impermissible excess of powers.

Absent such confirmation, enforcement of these terms would create a clear record of **ultra vires action**, supporting vacatur under § 10(a)(4) and prejudice under § 10(a)(3).

If the Tribunal declines to certify, Claimant requests a reasoned written order identifying the specific contractual and rule-based provisions relied upon as authority for each disputed feature.

## VII. CONCLUSION

For the reasons set forth above, Claimant respectfully requests that the Arbitrator:

1. **Decline to enter Respondent's proposed Amended Confidentiality Order** in its entirety; or
2. **Certify the question of contractual authority** to a federal court under the FAA; and
    - If the Tribunal declines to certify, Claimant requests a reasoned written order **identifying the specific contractual and rule-based provisions relied upon as authority for each disputed feature**.
3. Confirm that Claimant's continuing objection and non-consent to extra-contractual provisions shall not constitute waiver, noncompliance, or sanctionable conduct.

Claimant expressly preserves all objections and rights under **9 U.S.C. §§ 10(a)(3)–(4)** and corresponding guarantees of fair procedure under state and federal law.

Respectfully submitted,

**Charles Leclerc**

**Dated:** November 25th, 2025

**JAMS**

| | | |
|---|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JAMS Ref. No. 534001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

**RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF AMENDED CONFIDENTIALITY ORDER**

The arguments in Claimant's response to Respondent's Motion for Entry of Amended Confidentiality Order ("Respondent's Motion"), including that the Arbitrator has exceeded his authority, that the purpose and effect of Respondent's Motion are to shield it from accountability, and that Respondent's Motion is overbroad and contradictory to public policy, are all redundant. *See* **Claimant's Opposition to Respondent's Motion for Entry of Confidentiality Order** (8.20.2025), **Claimant's Motion to Rescind/Strike Order No. 17 as Ultra Vires and Contrary to the FAA; Notice of Non-Consent and Non-Compliance with Unlawful Terms** (9.17.2025), and **Claimant's Renewed Motion to Rescind Order No. 17 as Modified by Order No. 22; Textual-Hook Findings Required; Notice of Non-Consent and Preservations Under 9 U.S.C. § 10** (10.15.2025). The Arbitrator has repeatedly rejected these arguments and reiterated that he has the authority to enter a confidentiality order in this arbitration. [Dkts. 17, 22, and 25]. There is nothing in the parties' Mutual Arbitration Agreement ("MAA"), JAMS's Employment Arbitration Rules, or the Federal Arbitration Act ("FAA") prohibiting the Arbitrator from entering a confidentiality order. In fact, JAMS Rule 26(b) specifically authorizes the Arbitrator to issue orders to protect the confidentiality of sensitive information. In response to Claimant's first

opposition to Respondent's Motion for Entry of Confidentiality Order, the Arbitrator directed Claimant to propose alternate document destruction language or to meet and confer with Respondent's counsel to agree upon such language. [Dkt. 17]. Claimant has done neither. Then, in response to Claimant's Motion to Rescind/Stike Order No. 17, the Arbitrator specifically directed Respondent to modify Paragraph 13(b) of the Confidentiality Order to read as follows: "Within 63 days after dismissal or entry of final award not subject to further appear or any court proceedings under the FAA …" [Dkt. 22]. Respondent has now amended its proposed confidentiality order as directed. Respondent's instant Motion and accompanying Amended Confidentiality Order are in direct compliance with the Arbitrator's orders. There is no viable reason why the Arbitrator should not grant Respondent's Motion.

**WHEREFORE**, Respondent RED BULL NORTH AMERICA, INC. respectfully requests that the Arbitrator grant its Motion for Entry of Amended Confidentiality Order and enter an Order in the form set forth in the attached Amended Confidentiality Order.

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
*jeffrey.rudd@ogletree.com*
*amy.cortez@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 1, 2025, the foregoing ***Respondent's Reply in Support of its Motion for Entry of Amended Confidentiality Order*** was filed electronically via JAMS Access:

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

**IN RE THE MATTER OF:**

**Charles Leclerc,**

**Claimant,**

**vs.**

**Red Bull North America, Inc.,**

**Respondent.**

**JAMS Ref. No. 5340001145**

**Arbitrator: Hon. John C. Griffin (Ret.)**

**ORDER NO. 29 – RULING ON RESPONDENT'S MOTION FOR ENTRY OF AN AMENDED CONFIDENTIALITY ORDER**

Respondent filed the above stated Motion. The Claimant filed a Response and Respondent filed a Reply. The Arbitrator reviewed the same and the relevant portions of the record and applicable rules.

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:

   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:

   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Respondent's Motion

Respondents' motion is granted for the reasons previously set forth, including Orders 17 and 22. The Amended Confidentiality Order attached as Exhibit A to Respondents Motion is entered.

DATED: **December 2, 2025**

ENTERED:

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator