FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No: 1:26-CV-07715

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT N

## Entered discovery-response deadlines and production-status filings

17 source pages follow this identifying cover.

Order 6, dated February 3, 2025; Order 8, dated March 6, 2025; Order 9, dated March 25, 2025; and Order 11, dated April 30, 2025.

Red Bull responses dated April 15, 2025 and April 17, 2025. Complete original documents, including their signature and service pages.

This cover identifies the reproduced source documents. References to Exhibit N exclude this cover and the index addendum.

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc,** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER NO. 6 -- REPORT OF CONFERENCE CALL REGARDING DISCOVERY**

A conference call was conducted in this matter on January 31, 2025, pursuant to notice, and the following order is made respecting the conduct of this arbitration:

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access. Charles Leclerc and Rob Essertier participated for the Claimant and Jeffrey Rudd and Amy Cortez represented the Respondent during the subject conference call.

2. Arbitrator:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Discovery

   a. The Claimant shall be limited to thirty (30) interrogatories. Claimant shall serve its revised interrogatories on or before February 7, 2025.

   b. The Parties shall respond to each other's discovery requests and comply with JAMS Rule 17 on or before March 7, 2025

5. Miscellaneous.

   a. JAMS Access. All documents filed in this matter shall be submitted electronically through the JAMS Electronic Filing System ("JAMS Access") which can be accessed through the JAMS website or directly at www.access.jamsadr.com. All discovery documents, other than document productions, shall be served electronically through JAMS Access. Unless otherwise instructed or included as part of a JAMS filing, the parties shall serve discovery documents on counsel only (and not on the arbitrator) by utilizing the 'Classification – Exclude Neutrals' functionality on the upload screen. Other documents relating to the case, such as correspondence between counsel, may be transmitted through JAMS Access. The electronic file for this matter will be made accessible to JAMS personnel, the arbitrator(s), claimant counsel, and respondent counsel. Counsel may also request that their client(s) and other attorneys and/or professional staff members from their firm be provided access. Requests regarding additional attorneys shall be made to the Case Manager. Other users may be added by counsel as soon as they are registered on JAMS Access. There are no additional fees to use JAMS Access.

   For questions regarding support or technical issues related to JAMS Access, call 800-352-5267 or contact the Case Manager. Please review the JAMS Rules relating to e-filing and e-service for further information.

b. All deadlines herein shall be strictly enforced. This Order shall continue in effect unless and until amended by subsequent order of the arbitrator

6. The parties are requested to carefully review this order and report any necessary corrections to the Case Manager immediately.

Dated: **February 3, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc,** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER NO. 8 -- ORDER INCORPORATING THE PARTIES' JOINT STATUS REPORT REGARDING DISCOVERY**

On March 3, 2025, the Parties submitted a Joint Status report. The following order is made respecting the conduct of this arbitration:

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Discovery

   The Parties have agreed to extend the discovery deadline to March 21, 2025. Therefore, the Arbitrator adopts March 21, 2025 as the Parties' deadline to respond to each other's discovery.

5. The Parties are requested to carefully review this order and report any necessary corrections to the Case Manager immediately.

Dated: **March 6, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc,** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER NO. 9 -- ORDER RULING ON RESPONDENT'S MOTION FOREXTENSION OF TIME TO RESPOND TO THE CLAIMANT'S DISCOVERY**

On March 21, 2025, Respondent filed a motion to extend the time to respond to discovery for seven (7) days. The following order is made respecting the conduct of this arbitration:

1. Parties and Counsel: The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access.

2. Arbitrator:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com

4. Discovery:

   Respondent's motion is granted. The Parties' deadline to respond to each other's discovery is extended to March 28, 2025.

5. The Parties are requested to carefully review this order and report any necessary corrections to the Case Manager immediately.

Dated: **March 25, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

| | | |
|---|---|---|
| **IN RE THE MATTER OF:** | ) | |
| | ) | |
| **Charles Leclerc** | ) | |
| | ) | |
| **Claimant,** | ) | **JAMS Ref. No. 5340001145** |
| | ) | |
| **vs.** | ) | **Arbitrator: Hon. John C. Griffin (Ret.)** |
| | ) | |
| **Red Bull North America, Inc.** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER NO. 11- REPORT**
**OF CONFERENCE CALL REGARDING DISCOVERY**

A conference call was conducted in this matter on April 28, 2025, pursuant to notice, and the following order is made respecting the conduct of this arbitration:

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as indicated on the service list available on JAMS Access. Charles Leclerc and Rob Essertier participated in the conference call on behalf of the Claimant and Jeffrey Rudd and Amy Cortez represented the Respondent during the subject conference call.

2. Arbitrator:
   Hon. John C. Griffin (Ret.)
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-655-0555
   jgriffin@jamsadr.com

3. Case Manager:
   Natasha Erese
   71 S. Wacker Drive, Suite 2400
   Chicago, IL 60606
   312-766-5184
   nerese@jamsadr.com .

4. Discovery

   a. The Respondent shall make a response to Claimant's Request to Produce on or before April 30, 2025.

   b. The Parties shall facilitate discovery, meet and confer, and make reasonable attempts to resolve differences over discovery beginning on or about May 2, 2025.

   c. The Parties shall contact the Case Manager if and when they are ready to schedule a conference call.

5. This Order shall continue in effect unless and until amended by subsequent order of the arbitrator

6.The parties are requested to carefully review this order and report any necessary corrections to the Case Manager immediately.

Dated: April 30, 2025

Hon. John C. Griffin (Ret.)
JAMS Arbitrator

**JAMS**

| | |
|---|---|
| CHARLES LECLERC,<br>Claimant,<br>v.<br>RED BULL NORTH AMERICA, INC.<br>Respondent. | JAMS Ref. No. 5340001145<br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

## RESPONDENT'S RESPONSE TO CLAIMANT'S MOTION TO COMPEL DISCOVERY

Respondent, RED BULL NORTH AMERICA, INC. ("Respondent" or "Red Bull"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits this Response to Claimant's Motion to Compel Discovery:

## I. BACKGROUND

As way of background, both parties issued discovery on December 13, 2024. On February 3, 2025, the Arbitrator entered an order, directing Claimant to revise his discovery, to no more than thirty (30) Interrogatories. [Dkt. #6]. On February 7, 2025, Claimant issued his revised discovery in compliance with the Arbitrator's order. On March 3, 2021, Respondent and Claimant mutually agreed to extend the discovery deadline to March 21, 2025. [Dkt. #8]. On March 21, 2025, Respondent filed a Motion requesting an additional seven (7) days to respond to Claimant's discovery, which the Arbitrator granted. [Dkt. #9]. On March 28, 2025, Respondent submitted its Answers and Responses to Claimant's discovery, in compliance with the Arbitrator's order. Claimant filed this Motion to Compel Discovery ("Claimant's Motion") on April 9, 2025.

Respondent respectfully contends that Claimant's Motion is premature, and the parties should be directed to meet and confer after Respondent has completed its document production. Respondent has been diligently working to gather and complete a review of potentially responsive

electronically stored information ("ESI") and anticipates that its production of ESI and other responsive documents will be complete in the next two to three weeks. After Respondent has completed this production, the parties will be in a better position to discuss Respondent's discovery responses and potentially narrow the issues that need to be addressed by the Arbitrator.

## II. ARGUMENT

### A. Claimant Failed to Meet and Confer with Respondent.

Claimant's Motion should be denied because he did not meet and confer with Respondent's counsel prior to filing his Motion. Since Respondent's filing of its Answers and Responses to Plaintiff's discovery, neither Claimant nor Claimant's representative has contacted Respondent's counsel inquiring on the status of Respondent's record search, let alone requested to meet and confer regarding same. Claimant's Motion, which as filed on April 9, 2025, was his first notice to Respondent of the existence of a discovery dispute. Claimant's failure to request a meet-and-confer with Respondent prior to filing his Motion reflects a bad faith request for the Arbitrator to enter sanctions against Respondent. For this reason, Claimant's Motion should be denied, and the Arbitrator should direct Claimant to meet and confer with Respondent regarding any discovery disputes following Respondent's forthcoming production.

### B. Respondent is Actively and in Good Faith Working to Gather Responsive Documents.

As of the date Plaintiff issued his revised discovery, Respondent has been actively working to gather relevant information and documents to prepare appropriate Answers and Responses to Claimant's discovery. Given the breadth of information and records that could be relevant to any one of Claimant's twenty-one (21) claims, Respondent is conducting several searches for ESI, including several variations of search terms and custodians. Additionally, Respondent's counsel needs to review all records gathered through its ESI searches for responsiveness and privilege,

prior to production. Respondent plans to produce all responsive, non-privileged information and records in good faith and as soon as possible.

**C. Respondent has Engaged in Good Faith, Non-Prejudicial Discovery Proceedings.**

As a general matter, Respondent wholly contests Claimant's allegation that Respondent's approach to discovery has prejudiced Claimant. First, Claimant disingenuously asserts that Respondent delayed its Responses until after receiving Claimant's Answers and Reponses, giving Respondent the opportunity to tailor and narrow its own discovery responses while benefiting from a preview of Claimant's legal theories, evidentiary priorities, and factual admissions. (Claimant's Motion, at 2). Claimant fails to acknowledge that on March 21, 2025, Respondent's counsel asked Claimant for a mutual seven (7) day extension for both Parties to submit discovery Answers and Responses. After Claimant's representative indicated that Claimant opposed Respondent's request, Respondent's counsel informed Claimant and his representative that it planned to file an extension request to submit its Answers and Responses. Respondent then filed its extension request before Claimant submitted his Answers and Responses. In his Motion, Claimant also asserts that Respondent's refusal to identify key documents and witnesses has impaired Claimant's ability to conduct follow-up discovery, prepare cross-examination strategies, and evaluate whether expert or rebuttal evidence may be necessary. *Id.* Again, Respondent is in the process of conducting searches for responsive, non-privileged records and fully plans to produce any such documents.

Finally, in response to Claimant's request that Respondent be barred from using any withheld documents during the arbitration hearing, Respondent submits that Claimant's request is premature as the parties are in the early stages of discovery, Respondent will be producing responsive documents shortly, and the parties have not engaged in a meet-and-confer to narrow any discovery disputes that they may have. Should Respondent decide to withhold any responsive

or relevant information or documents based on the attorney-client privilege, the attorney work product doctrine, or both, Respondent plans to abide by the Federal Rules of Evidence and does not plan to rely on such information or documents during the arbitration hearing. Notably, in contrast to Plaintiff's assertion, neither JAMS' Comprehensive Arbitration Rules and Procedures nor JAMS' Employment Arbitration Rules and Procedures, specifically require parties to provide a privilege log for documents withheld on the basis of attorney-client privilege or the work product doctrine.

## III. CONCLUSION

Claimant's Motion should be denied because he filed his Motion prior to requesting a meet-and-confer with Respondent. Nonetheless, Respondent is actively and in good faith working to conduct a search for responsive records and has in no way prejudiced Claimant. Therefore, any order the Arbitrator may issue should be limited to directing Claimant to meet and confer with Respondent to discuss any pending discovery disputes, which should occur after Respondent's forthcoming production.

Dated: April 15, 2025

Respectfully Submitted,

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jeffrey.rudd@ogletreedeakins.com*
*amy.cortez@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 15, 2025, the foregoing ***Respondent's Response to Claimant's Motion to Compel Discovery*** was served electronically via JAMS Access upon Claimant and Claimant's Representative.

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**

**JAMS**

| | |
|---|---|
| CHARLES LECLERC,<br><br>Claimant,<br><br>v.<br><br>RED BULL NORTH AMERICA, INC.<br><br>Respondent. | JAMS Ref. No. 5340001145<br><br>Arbitrator: Hon. Judge John C. Griffin (Ret.) |

# RESPONDENT'S AMENDED RESPONSE TO CLAIMANT'S MOTION TO COMPEL DISCOVERY

Respondent, RED BULL NORTH AMERICA, INC. ("Respondent" or "Red Bull"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submits this Amended Response to Claimant's Motion to Compel Discovery:

In Respondent's Response to Claimant's Motion to Compel Discovery, Respondent stated, "Respondent has been diligently working to gather and complete a review of potentially responsive electronically stored information ("ESI") and anticipates that its production of ESI and other responsive documents will be complete in the next two to three weeks." (Respondent's Response, p. 1-2). After further conferring with Respondent's personnel involved in gathering this ESI, Respondent believes it may take more than two to three weeks to gather and produce *all* responsive ESI. Respondent will produce this ESI and other responsive documents on a rolling-basis going forward.

Dated: April 17, 2025

Respectfully Submitted,

By: /s/ Jeffrey L. Rudd
One of the Attorneys for Respondent

Jeffrey L. Rudd (ARDC No. 6273373)
Amy R. Cortez (ARDC No. 6335725)

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jeffrey.rudd@ogletreedeakins.com*
*amy.cortez@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 17, 2025, the foregoing ***Respondent's Amended Response to Claimant's Motion to Compel Discovery*** was served electronically via JAMS Access upon Claimant and Claimant's Representative.

/s/ Jeffrey L. Rudd
One of the Attorneys for Respondent
**RED BULL NORTH AMERICA, INC.**