FILED
11/15/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No: 1:26-CV-07715

Charles Leclerc v. Red Bull North America, Inc., et al.
Case No. 1:26-cv-07715
Judge Sharon Johnson Coleman

# SUPPLEMENTAL EXHIBIT O

## October 28, 2025 request for authenticated production

5 source pages follow this identifying cover.

Order 26, dated October 31, 2025, and Claimant's October 28, 2025 motion for authenticated production. The order and motion are reproduced in full with original pagination.

This cover identifies the reproduced source documents. References to Exhibit O exclude this cover and the index addendum.

**IN RE THE MATTER OF:**

**Charles Leclerc,**

**Claimant,**

**vs.**

**Red Bull North America, Inc.,**

**Respondent.**

**JAMS Ref. No. 5340001145**

**Arbitrator: Hon. John C. Griffin (Ret.)**

**<u>ORDER NO. 26 – SCHEDULING ORDER ON CLAIMANT'S MOTION TO COMPEL AUTHENTICATED PRODUCTION OF CASTANEDA ENGAGEMENT AGREEMENT</u>**

On October 28, 2025, Claimant filed a Motion to Compel Authenticated Production of the Castaneda Engagement Agreement and to Memorialize Respondent's Non-Compliance with Discovery and Arbitral Orders. The following order is made regarding the briefing schedule:

1. Respondent is to respond no later than November 7, 2025
2. Claimant may file a response no later than November 14, 2025.

IT IS SO ORDERED.

Dated: **October 31, 2025**

John C. Griffin

**Hon. John C. Griffin (Ret.)**
JAMS Arbitrator

# CLAIMANT'S MOTION TO COMPEL AUTHENTICATED PRODUCTION OF THE CASTAÑEDA ENGAGEMENT AGREEMENT AND TO MEMORIALIZE RESPONDENT'S NON-COMPLIANCE WITH DISCOVERY AND ARBITRAL ORDERS

**Leclerc, Charles vs. Red Bull North America, Inc.**
**JAMS Reference No. 5340001145**

---

## I. INTRODUCTION

This motion addresses one fundamental and noncontroversial proposition: **a contract relied upon as the foundation of a party's conduct must be authenticated and produced in full.**

Respondent Red Bull North America ("Respondent") terminated Claimant's employment *solely on the basis of an investigation conducted by attorney Castaneda.*
That investigation exists only because of an **engagement agreement**—a contract between Respondent and Castaneda.

To date, Respondent has produced only an **unauthenticated, billing document** purporting to be that engagement, devoid of operative terms and referring vaguely to a **"Privileged Matter."**
Respondent claims this document constitutes the entire agreement.

Authentication of that document directly from **Adobe Sign**, the custodian of record, would be instantaneous and neutral. Yet the Arbitrator has declined to require it and has repeatedly excused Respondent's non-compliance with discovery obligations, including those expressly mandated in *Order No. 16*.

This motion requests a binary, reasoned ruling: either (a) compel authenticated production of the Castaneda engagement, or (b) issue a written finding identifying the authority under which authentication, contract completeness, and discovery enforcement are being denied—so that the record reflects the Arbitrator's departure from the law.

## II. BACKGROUND AND CONTEXT

**Termination Basis.** Respondent has represented consistently that Claimant was terminated *not for any specific act*, but solely because of the **results of the Castaneda investigation.**

**Engagement Agreement.** That investigation could not have occurred without a written engagement agreement defining its scope, deliverables, and privileges. Respondent produced only a document describing a billing arrangement and referencing a "Privileged Matter."

**Authentication Request.** Claimant requested that Respondent obtain the **authenticated engagement package directly from Adobe Sign**, to be transmitted simultaneously to the Arbitrator and Claimant. Adobe's digital certificate would confirm the file's completeness and integrity. Respondent refused; the Arbitrator declined to compel.

**Order 16 (September 2025).** Order 16 directed Respondent to produce the *results and summary of the investigation* or, if asserting privilege, to provide a **privilege log** and submit those materials for **in camera** review.
Respondent never complied with Order 16. No log, no summary, no in camera submission. In fact, no privilege log has ever been provided to date for any outstanding Discovery request (there are many) throughout this entire arbitration.

**Order 23 (October 2025).** The Arbitrator then ruled that the unauthenticated billing document was "complete," ignoring the authentication request, Respondent's continuing non-compliance with Order 16, and governing evidentiary law. The arbitrator also completely ignored the fact that what Respondent submitted is legally not contract under Federal, California, or Illinois law despite it being clearly argued by Claimant.

## III. GOVERNING LAW

### A. Federal Arbitration Act

- **9 U.S.C. § 7:** arbitrators have authority to compel production of relevant documents.
- **§ 10(a)(3):** vacatur lies where the arbitrator "refuses to hear evidence pertinent and material."
- **§ 10(a)(4):** vacatur lies where the arbitrator "exceeds his powers" by disregarding the parties' agreement or legal procedure.

### B. JAMS Employment Arbitration Rules

- **Rule 17(b):** each party has the right to obtain relevant, non-privileged documents.
- **Rule 22(d):** each party must be allowed to present all relevant and material evidence.
- **Rule 26(b):** a party asserting privilege must provide a **privilege log** and permit **in camera** review upon request.

### C. Authentication and Contract Validity

- **Fed. R. Evid. 901(a):** authentication is a condition precedent to admissibility.
- **Cal. Evid. Code §§ 1400–1401** and **735 ILCS 5/8-401:** same principle under California and Illinois law.
- **Cal. Civ. Code §§ 1550, 3390**: a contract must contain definite and certain terms; an incomplete document is not a contract.
- See *Bustamante v. Intuit*, 141 Cal.App.4th 199 (2006) (unenforceable where essential terms missing).

### D. Waiver of Privilege — Sword and Shield Doctrine

Once a party **affirmatively relies** on privileged material to justify its actions, privilege is waived.

- **Federal:** *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (no privilege when information used offensively).

- **California:** *Wellpoint Health v. Superior Ct.*, 59 Cal.App.4th 110, 128 (1997) (same).
- **Illinois:** *Fischel & Kahn, Ltd. v. van Straaten Gallery, Inc.*, 189 Ill.2d 579, 587 (2000) ("When a party injects a privileged communication into litigation, the privilege is waived.").

Respondent relied on the investigation results as its justification for termination in (a) its response to Claimant's cease-and-desist letter and (b) testimony during IDES proceedings.
That constitutes waiver under all three jurisdictions. Privilege cannot now be used as a shield to block production or authentication of the engagement agreement.

## IV. ARGUMENT

### A. The Engagement Agreement Must Be Authenticated and Produced in Full

Authentication is not discovery; it is **the legal foundation for any document's existence as evidence.**
If Respondent's document is authentic, Adobe Sign can confirm it within minutes.
If it is not, then Respondent has misrepresented material evidence.

The Arbitrator's refusal to require authentication has no legal basis. There is no burden, no privilege, and no plausible reason to decline this neutral safeguard.

### B. The Engagement Agreement Defines the Investigation's Legal Scope

Respondent's entire defense depends on the Castaneda investigation. The engagement contract defines what Castaneda was authorized to do—its objectives, scope, deliverables, and confidentiality boundaries. Without it, there is no lawful foundation for Respondent's asserted justification for termination. The billing document cannot possibly serve this function under any contract law.

### C. Respondent's Failure to Comply With Order 16 Demonstrates Systemic Non-Enforcement

Although Order 16 required production of the *results* of the investigation or a privilege log, Respondent produced neither. The Arbitrator has taken no enforcement action despite explicit defiance of his order. This pattern—allowing Respondent to ignore direct commands—renders the arbitration procedurally one-sided and violates *FAA § 10(a)(3)*'s requirement that both parties be afforded a fair opportunity to present evidence.

### D. Any Claim of Privilege Over the Engagement Agreement Is Waived

Respondent's references to a "Privileged Matter" are insufficient under Rule 26(b) and, in any case, privilege is waived. Respondent placed the investigation's legitimacy at issue by citing it as the sole termination basis. By doing so, Respondent forfeited any right to conceal the agreement that created the investigation. The engagement cannot simultaneously be the instrument justifying termination and a secret shielded from review.

### E. The Arbitrator's Refusal to Compel Authentication Constitutes an Excess of Powers

*Order 23* went beyond mere error: it **affirmatively declared** an unauthenticated document that isn't even a contract/engagement agreement by law "complete," disregarding authentication law, ignoring Respondent's non-compliance with *Order 16*, and denying Claimant's repeated requests for neutral verification. This conduct cannot be characterized as "arguably construing" the contract under *Oxford*

*Health Plans v. Sutter*, 569 U.S. 564 (2013); it is the invention of procedure contrary to law—an *ultra vires* act under *FAA § 10(a)(4)*.

## V. REQUESTED RELIEF

Claimant respectfully requests a **binary, reasoned ruling**:

**Option A — Compel Authentication and Production (Lawful)**

Order Respondent, within ten (10) days, to:

1. Obtain from **Adobe Sign** the authenticated engagement agreement/contract between Respondent and Castaneda, including all attachments, signature metadata, and certificates of authenticity, and direct Adobe to **transmit it ALL *simultaneously and directly*** to the Arbitrator and Claimant;
2. Produce any additional pages or referenced attachments (including the "Privileged Matter");
3. Provide a **privilege log** if any portion of the engagement is withheld, consistent with JAMS Rule 26(b); and
4. Submit any claimed privileged portion for *in camera* review.

**Option B — Refuse and Memorialize Ultra Vires Conduct (Unlawful)**

If the Tribunal declines to compel authentication and production, it must issue a **reasoned written order** identifying:

1. The specific contractual, statutory, or JAMS provision that authorizes denial of authentication;
2. The factual basis for declaring an unauthenticated billing document as a "complete" contract/engagement agreement; and
3. How the ruling complies with FAA §§ 10(a)(3)–(4), California Evidence Code § 1401, Illinois § 8-401, and Fed. R. Evid. 901.

## VI. CONCLUSION

Authentication is not optional—it is the minimal due process that separates truth from fabrication.

There is no legal, procedural, or practical reason to deny this request. Any fair adjudicator would welcome authentication; only a biased or compromised one would resist it.

If the Arbitrator again declines to enforce authentication and permit discovery compliance, the record will unavoidably reflect that this Tribunal acted outside its authority, in violation of *9 U.S.C. §§ 10(a)(3)–(4).*

Respectfully submitted,

**Charles Leclerc**

**Dated:** October 28th, 2025